UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH COUNTY DIVISION



FILED by _____ D.C.

NOV 1 5 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

JOHNNIE M. HAYES;
PRISCILLA DAVIS (sui juris)

    Plaintiffs.

                                Case No.13-80610-CIV-KAM

-v-
U.S BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR STRUCTURED ASSET
 INVESTMENT LOAN TRUST
MORTGAGE PASS-THROUGH CERTIFICATES
SERIES 2006-2; BNC MORTGAGE, INC;
JP MORGAN CHASE BANK N.A;
OCWEN LOAN SERVICING, LLC;
CHASE;
ROBERTSON, ANSCHUTZ, & SCHNEID, P.L.;
LAURA A. JACKSON; JAMIE EPSTEIN;
JONATHAN MEISELS; MICHELLE BONDER

    Defendants.

## VERIFIED

## FIRST AMENDED COMPLAINT

Plaintiffs' JOHNNIE M. HAYES and PRISCILLA DAVIS, hereby jointly sues Defendants, US

BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT

LOAN TRUST,  MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-2; BNC

MORTGAGE INC.;OCWEN; JP MORGAN CHASE  BANK N.A; CHASE FULFILLMENT

CENTER; JAN ESTEP; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L.; LAURA A. JACKSON;

JAMIE EPSTEIN; JONATHAN MEISELS; MICHELLE BONDER

---

1 US BANK means U.S BANK
2 BNC means BNC MORTGAGE INC.
3 OCWEN means OCWEN LOAN SERVICING
4 JP MORGAN means JP MORGAN CHASE BANK N.A
5 CHASE means CHASE FULFILLMENT CENTER

## PRELIMINARY STATEMENT

1. This is an action for damages brought for violations of the Real Estate Settlement Practices Act (RESPA) 12 U.S.C. §2605 et seq.; for damages for violations of the Truth in Lending Act (TILA)15 U.S.C. §1641 et seq.; for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; and for declaratory and injunctive relief.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 12 U.S.C. §2614; 15 U.S.C. §1692; and 28 U.S.C. §1331.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391b.

4. This is an action for damages which exceeds $75,000.00.

5. Plaintiffs, PRISCILLA DAVIS and JOHNNIE M. HAYES, are residents of the State of Florida and consumers pursuant to 15 U.S.C. §1692a(3) and Title 31 FLA. STAT. §559.55(2)

6. Defendant, U.S BANK, is an OHIO Corporation, not authorized to do business in Florida.

7. Defendant, BNC MORTGAGE, INC., is a CALIFORNIA Corporation, not authorized to do business in Florida.

8. OCWEN is not authorized to do business in Florida;

9. CHASE is not authorized to do business in Florida.

10. JP MORGAN, is not authorized to do business in Florida.

11. ROBERTSON, ANSCHUTZ, & SCHNEID, P.L. is a law firm authorized to do business in Florida.

12. LAURA A. JACKSON ("Jackson") is an Attorney for ROBERTSON, ANSCHUTZ, & SCHNEID, P.L.;

13. JAMIE EPSTEIN ("Epstein") is an Attorney for ROBERTSON, ANSCHUTZ, & SCHNEID, P.L

14. JONATHAN MEISELS ("Meisels"), is an Attorney for ROBERTSON, ANSCHUTZ, & SCHNEID, P.L

15. MICHELLE BONDER ("Bonder"), is an Attorney for ROBERTSON, ANSCHUTZ, & SCHNEID, P.L

16.  All conditions precedent to the bringing of this action have been performed, waived or excused.

17. Plaintiffs contend that Defendants have conspired and committed fraud in order to wrongfully foreclose with total disregard for Federal and State laws.

18. Plaintiffs contend that Defendants have created and caused fraudulent documents to be filed into the public records of Palm Beach County and into the State Court giving the appearance that there is a legal foreclosure going while some or all of the Defendants continue to break the law.

19. Plaintiffs contend that this is a common practice by some or all Defendants nationwide and that some or all Defendants are under investigation by the U.S. Department of Justice and the Attorneys General of both the United States and Florida.

## FACTUAL ALLEGATIONS

20. On or about August 27, 2009 U.S BANK through their attorneys, MARSHALL C. WATSON P.A. filed a complaint for foreclosure in Palm Beach County against the Plaintiffs.

21. On or about November 7, 2011 and January 10, 2012 Plaintiffs sent CHASE the alleged servicer a Qualified Written Request to validate this alleged obligation pursuant to the FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C SECTION 1692.

22.  CHASE never verified the debt and sold, assigned, or transferred the alleged obligation on or about April of 2012 the exact date is unknowable because CHASE did not send a notice of sell, assignment, or transfer of the alleged obligation to OCWEN, a breach of contract and violation of 15 U.S.C. 1692.

23. On or about May 17, 2012 Plaintiffs received a billing statement from OCWEN the first initial communication from OCWEN they failed to send verification within five days of initial communication.

24. On or about June 15, 2012 OCWEN the new alleged servicer received a Qualified Written Request to validate this alleged obligation from the Plaintiffs pursuant to the FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C SECTION 1692.

25. To date OCWEN has failed to validate the alleged obligation and continue its attempts to collect on a debt that they do not have the capacity to collect on.

26.  U.S BANK the alleged creditor did not send Plaintiffs notice of the assignment, sell, or transfer which is a breach of contract and violation of 15 U.S.C. 1692.

27. BNC the alleged original creditor did not send Plaintiffs notice of the assignment, sell, or transfer to U.S BANK which is a breach of contract line 20 of the mortgage and violation of 15 U.S.C. 1692.

28. U.S BANK claimed within its General Allegations that it had acquired the right to enforce the Note and Mortgage from the Party entitled to enforce the Note.

-4-

29. On line 5 of the same General Allegations U.S BANK claims to be the owner of the Note and Mortgage or acquired the rights to enforce the subject Note and Mortgage although Note was allegedly lost.

30. On or about August 14, 2009 MARSHALL C. WATSON P.A mailed Plaintiffs letters and copies of documents purporting to validate the alleged debt. The letter was signed by Sean Marshall. The validation stated that MARSHALL C. WATSON P.A represented U.S BANK and demanded that Plaintiffs make payoff to U.S BANK.

31. On or about February 4, 2010, almost six months after the filing of their complaint, U.S BANK filed a bogus assignment in the Palm Beach County Clerk of Records Office that was prepared by and returned to MASHALL C. WATSON P.A. and signed by attorney CARYN A. GRAHAM she assigned the mortgage to the property issued by BNC MORTGAGE to Defendant U.S BANK acting as a secretary for MERS.

32. Further inspection shows there is no actual assignment date but rather a bad attempt to make it look like there was an assignment on October 28, 2009.The document was prepared and recorded by MASHALL C. WATSON P.A., a clear conflict of interest.

33. How can CARYN A. GRAHAM assign the alleged mortgage on behalf of MERS? The answer is simple: She is nothing more than a robo signers attorney.

34. An internet search reveals that CARYN A. GRAHAM has signed as the following:

Vice President of Mortgage Electronic Registration Systems and Secretary of Mortgage Electronic Registration Systems.

35. CARYN A. GRAHAM signs many different job titles on mortgage-related documents, often using different titles on the same day. She often signs as an officer of MERS ("Mortgage Electronic Registration Systems, Inc."). A query to the MERS confirmed that neither Ms.

Graham nor Ms. Arango are employees of MERS. But according to MERS spokesperson Karmela Lejarde: Caryn A. Graham and Patricia Arango are duly authorized officers of Mortgage Electronic Registration Systems, Inc. This authorization is obtained through a Corporate Resolution that is granted by our Corporate Secretary and approved by the MERS Board of Directors. **These individuals are not employees of MERS.** [emphasis added]

36. An examination of the Securities and Exchange Commission's website reveals that the STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-2 in which the Plaintiffs' mortgage was securitized and had a closing date of March 1, 2006.That means the actual assignment of mortgage had to take place prior to the day of the closing as required by the Trustee and the insurance carrier or the Trust would have been in violation of Regulation AB, Item 1122(d)(4)(ii).

37. U.S BANK, AS TRUSTEE is prohibited from acting ultra vires to transfer the subject mortgage loan into the trust after closing date. The actual Servicing and Pooling agreement can be found at the following website: http://www.secinfo.com/d13f21.vEg.htm#1stPage.

38. On or about August 14, 2009 MARSHALL C. WATSON P.A mailed Plaintiffs letters and copies of documents purporting to validate the alleged debt. The letter was signed by Sean Marshall. The purported validation demanded payment of amounts $148, 275.64 not authorized by any contract or order of the Court. The validation stated that MARSHALL C. WATSON P.A represented U.S BANK and demanded that Plaintiffs make payoff to U.S BANK.

39. Plaintiffs never received notice of transfer or assignment from the Defendant U.S BANK which is a violation of both State and Federal law and a breach of contract on line 20 of the mortgage agreement.

40. On or about February 8, 2013 a NOTICE AND ORDER OF DISMISSAL FOR

LACK OF PROSECUTION was issued by JUDGE DIANA LEWIS for lack of prosecution on

the behalf of U.S BANK.

41. On or about February 21, 2013 ROBERTSON, ANSCHUTZ, & SCHNEID, P.L filed a

NOTICE OF APPEARANCE AS LEAD COUNSEL for Defendants U.S BANK.

42. On or about April 15, 2013, Plaintiffs sent a letter (RESPA letter) by certified mail to

Defendants U.S BANK; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L and OCWEN. The letter

contain a promissory note and demanded certain documents to be tendered and an adjustment of

the account regarding the servicing of Plaintiffs' mortgage, all was done in good faith by the

Plaintiffs to settle any alleged outstanding obligations.  (The Original documents be sent to the

Judge's Chambers for an in camera review, the documents cannot be place in the public record

because of the damage it may cause to the Plaintiffs interest and the Public interest).

43. ROBERTSON is a Partner at ROBERTSON, ANSCHUTZ, & SCHNEID, P.L., has

responsibility for the actions of the firm, and has been notified of its illegal and unethical

activities in the foreclosure case against Plaintiffs. He has **overseen the violations of FDCPA**

and chosen to ignore his responsibilities in rectifying these problems.

44. ANSCHUTZ is a Partner at ROBERTSON, ANSCHUTZ, & SCHNEID, P.L, has

responsibility for the actions of the firm, and has been notified of its illegal and unethical

activities in the foreclosure case against Plaintiffs. He has chosen to ignore his responsibilities in

rectifying these problems.

45. SCHNEID is a Partner at ROBERTSON, ANSCHUTZ, & SCHNEID, P.L, has

responsibility for the actions of the firm, and has been notified of its illegal and unethical

activities in the foreclosure case against Plaintiffs. He has chosen to ignore his responsibilities in rectifying these problems.

46. LAURA A. JACKSON is an attorney at ROBERTSON, ANSCHUTZ, & SCHNEID, P.L, has been active in the foreclosure case against Plaintiffs, and has been notified of its illegal and unethical activities in the foreclosure case against Plaintiffs. She has chosen to ignore her responsibilities in rectifying these problems.

47. JAMIE EPSTEIN is an attorney at ROBERTSON, ANSCHUTZ, & SCHNEID, P.L, has been active in the foreclosure case against Plaintiffs, and has been notified of its illegal and unethical activities in the foreclosure case against Plaintiffs. He has chosen to ignore his responsibilities in rectifying these problems.

48. JONATHAN MEISELS is an attorney at ROBERTSON, ANSCHUTZ, & SCHNEID, P.L, has been active in the foreclosure case against Plaintiffs, and has been notified of its illegal and unethical activities in the foreclosure case against Plaintiffs. He has chosen to ignore his responsibilities in rectifying these problems.

49. MICHELLE BONDER is an attorney at ROBERTSON, ANSCHUTZ, & SCHNEID, P.L, has been active in the foreclosure case against Plaintiffs, and has been notified of its illegal and unethical activities in the foreclosure case against Plaintiffs. She has chosen to ignore her responsibilities in rectifying these problems.

50. Defendants U.S BANK; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L and OCWEN **NEVER RETURNED THE PROMISSORY NOTE** and has failed to respond appropriately to the RESPA letter.

51. Defendants U.S BANK; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L and OCWEN on or about May 24, 2013 caused a final summary judgment in the Florida local State Court which resulted

in a writ of execution and Plaintiffs was evicted from their property.

52. JOHN P. LITTLE III a third party debt collector by his own email emission July 19, 2013 purchased the Plaintiffs property on or about June 24, 2013. Plaintiffs sent him a debt validation and a Cease and Desist letter by email notifying him that the sale and subsequent purchase was void, Plaintiffs contested the final judgment of the lower court on or about June 29, 2013 he failed to cease his attempt and continues to try to take the Plaintiffs property without a valid claim.

## COUNT I
## VIOLATION OF REAL ESTATE SETTLEMENT
## PROCEDURES ACT (RESPA), 12 U.S.C. §2605
## BY DEFENDANT BNC MORTGAGE; CHASE; OCWEN AND U.S BANK

53. Paragraphs 1 through 52 are realleged as though fully set forth herein.

54. Defendants OCWEN and CHASE are servicers of a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2605.

55. Plaintiffs' written requests for information about their account and correction of Defendants' numerous errors were ''qualified written requests'' within the meaning of RESPA.

56. OCWEN, CHASE, U.S BANK deliberately failed to respond in a proper and timely way to Plaintiffs' ''qualified written requests'' for information about, and corrections to, their mortgage account, in violation of 12 U.S.C. §2605(e).

WHEREFORE, Plaintiffs demands judgment against OCWEN, CHASE, U.S BANK for a proper accounting and application of their mortgage payments and for actual, statutory, treble and/or punitive damages, and attorney's fees and costs, along with any other and further relief as the court deems just and proper, pursuant to12 U.S.C. §2605.

## COUNT II
### VIOLATION OF TRUTH IN LENDING ACT (TILA), 15 U.S.C. §1641 BY DEFENDANTS BNC MORTGAGE, JP MORGAN CHASE N.A AND U.S BANK NATIONAL ASSOCIATION AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST,  MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-2

57. Paragraphs 1 through 56 are realleged as though fully set forth herein.

58. A new creditor must provide notice of its status pursuant to 15 U.S.C. §1641(g):

(1) In general

In addition to other disclosures required by this subchapter, not later than 30 days after

the date on which a mortgage loan is sold or otherwise transferred or assigned to a third

party, the creditor that is the new owner or assignee of the debt shall notify the borrower

in writing of such transfer, including—

(A) the identity, address, telephone number of the new creditor;

(B) the date of transfer;

(C) how to reach an agent or party having authority to act on behalf of the new creditor;

(D) the location of the place where transfer of ownership of the debt is recorded; and

(E) any other relevant information regarding the new creditor.


WHEREFORE, Plaintiffs demands judgment for damages against BNC, JP MORGAN

AND U.S BANK actual or statutory damages, and punitive damages, attorney's fees and costs,

pursuant to 15 U.S.C. §1640(a).

**-10-**

## COUNT III
## VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 U.S.C. §1692
## BY DEFENDANTS U.S BANK; CHASE; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; LAURA A. JACKSON; JAMIE EPSTEIN; JONATHAN MEISELS; JOHN P. LITTLE III AND MICHELLE BONDER

59. Paragraphs 1 through 58 are realleged as though fully set forth herein.

60. Plaintiffs is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

61. Defendants US BANK; CHASE; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; LAURA A. JACKSON; JAMIE EPSTEIN; JONATHAN MEISELS; JOHN P. LITTLE III AND MICHELLE BONDER  are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

62. Defendants  US BANK; CHASE; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; LAURA A. JACKSON; JAMIE EPSTEIN; JONATHAN MEISELS; JOHN P. LITTLE III AND MICHELLE BONDER violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant US BANK; CHASE; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; LAURA A. JACKSON; JAMIE EPSTEIN; JONATHAN MEISELS; JOHN P. LITTLE III AND MICHELLE BONDER  violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

    (b) Defendant US BANK; CHASE; OCWEN  LOAN SERVICING LLC; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; LAURA A. JACKSON; JAMIE EPSTEIN; JONATHAN MEISELS; JOHN P. LITTLE III AND MICHELLE BONDER violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

(c) Defendant US BANK; CHASE; OCWEN , LLC; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; LAURA A. JACKSON; JAMIE EPSTEIN; JONATHAN MEISELS; JOHN P. LITTLE III AND MICHELLE BONDER violated 15 U.S.C. §1692e(6) by sale or

(d) transfer of any interest in the debt which will cause the consumer to lose any claim or defense to payment of the debt.

(e) Defendant US BANK; CHASE; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; LAURA A. JACKSON; JAMIE EPSTEIN; JONATHAN MEISELS; AND MICHELLE BONDER violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(f) Defendant US BANK; CHASE; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L; LAURA A. JACKSON; JAMIE EPSTEIN; JONATHAN MEISELS; JOHN P. LITTLE III AND MICHELLE BONDER violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(g) Defendant US BANK; CHASE SERVICING; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; LAURA A. JACKSON; JAMIE EPSTEIN; JONATHAN MEISELS; JOHN P. LITTLE III AND MICHELLE BONDER violated 15 U.S.C. §1692e(11) by the failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.

(h) Defendant US BANK; CHASE SERVICING; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; LAURA A. JACKSON; JAMIE EPSTEIN; JONATHAN MEISELS; JOHN P. LITTLE III AND MICHELLE BONDER violated 15 U.S.C. §1692e(14) by the use of any name other than the true name of the debt collector's business.

(i) Defendant US BANK; CHASE SERVICING; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; LAURA A. JACKSON; JAMIE EPSTEIN; JONATHAN MEISELS; JOHN P. LITTLE III AND MICHELLE BONDER violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(j) Defendant US BANK; CHASE SERVICING; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; LAURA A. JACKSON; JAMIE EPSTEIN; JONATHAN MEISELS; JOHN P. LITTLE III AND MICHELLE BONDER violated 15 U.S.C. §1692f(6) taken or threatened to unlawfully repossess or disable the consumer's property.

(k) Defendant US BANK; CHASE SERVICING; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; LAURA A. JACKSON; JAMIE EPSTEIN; JONATHAN MEISELS; JOHN P. LITTLE III AND MICHELLE BONDER violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiffs in connection with the collection of any debt, failing to send Plaintiffs a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt

-13-

collector will obtain verification of the debt or a copy of a judgment against the

consumer and a copy of such verification or judgment will be mailed to the consumer

by the debt collector; and a statement that, upon the consumer's written request within

the thirty-day period, the debt collector will provide the consumer with the name and

address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiffs demands judgment for damages against US BANK; CHASE

SERVICING; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; LAURA A. JACKSON;

JAMIE EPSTEIN; JONATHAN MEISELS; JOHN P. LITTLE III AND MICHELLE BONDER for

actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C.

§1692k.

## COUNT IV
**VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANTS US BANK; CHASE; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; LAURA A. JACKSON; JAMIE EPSTEIN; JONATHAN MEISELS; AND MICHELLE BONDER**

63. Paragraphs 1 through 62 are realleged as though fully set forth herein.

64. Plaintiffs is a consumer within the meaning of the FLA STAT. §559.55(2)

65. Defendant US BANK; CHASE SERVICING; OCWEN; ROBERTSON, ANSCHUTZ, &

SCHNEID, P.L ; LAURA A. JACKSON; JAMIE EPSTEIN; JONATHAN MEISELS; JOHN P.

LITTLE III AND MICHELLE BONDER are debt collectors within the meaning of FLA STAT.

§559.55(6); §559.55(7);

66. Defendant US BANK; CHASE SERVICING; AND OCWEN; are not authorized to do business

in Florida within the meaning of FLA STAT. §559.55(8); § 559.553(2)

-14-

67. Defendant BNC MORTGAGE INC.; US BANK; CHASE SERVICING; AND OCWEN failed to provide notice of assignment within the meaning of FLA STAT. §559.715.

68. Defendant US BANK; CHASE SERVICING; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; LAURA A. JACKSON; JAMIE EPSTEIN; JONATHAN MEISELS; JOHN P. LITTLE III AND MICHELLE BONDER violated FLA STAT. §559.72(9) claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist;

69. Defendant US BANK; CHASE SERVICING; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; LAURA A. JACKSON; JAMIE EPSTEIN; JONATHAN MEISELS; JOHN P. LITTLE III AND MICHELLE BONDER violated FLA STAT. §559.72(15) Refuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt;

WHEREFORE, Plaintiffs demands judgment for damages against BNC MORTGAGE INC.; US BANK; CHASE SERVICING; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; LAURA A. JACKSON; JAMIE EPSTEIN; JONATHAN MEISELS; JOHN P. LITTLE III AND MICHELLE BONDER violated FLA STAT. §559.77(1)(2)(3)(4). And if the court finds that Plaintiff have failed to state a claim. Plaintiffs asks the court to grant leave to amend their complaint.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a trial by jury of all issues so triable as a matter of law.

## VERIFIED CERTIFICATION

We Priscilla Davis and Johnnie M. Hayes have read the forgoing statement and everything within above

are true, and correct to the best of my acknowledge under the circumstance it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument.

Certificate of Service

I certify that to the best of the my knowledge, information, and belief, formed after an inquiry reasonable under the circumstance it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery and the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information and that a true copy hereof has been furnished to all parties listed below by the transmission of Notices of Electronic Filing generated by CM/ECF.

JOHNNIE M. HAYES
480 w 35th st
Riviera Beach, Fl 33404
Email ijhayes.hayes13@gmail.com
305.923.4350

PRISCILLA DAVIS
480 w 35th st
Riviera Beach, Fl 33404
priscilla3574@gmail.com
754.779.1788

-16-

cc
**AKERMAN SENTERFITT**
Victor.berwin@akerman.com
Brandon.forgione@akerman.com

**COLE, SCOTT & KISSANE**
Michael.Shiver@csklegal.com
Anika.campbell@csklegal.com
Stephen.harber@csklegal.com

**RIVERO MESTRE LLP**
cgrieve@riveromestre.com
abernhard@riveromestre.com

-17-