IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:13-cv-80610

JOHNNIE HAYES and PRISCILLA DAVIS,

    Plaintiffs,

vs.

U.S. BANK, N.A. AS TRUSTEE FOR
STRUCTURED ASSET INVESTMENT LOAN
TRUST MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2006-2, et al.,

    Defendants.
_____/

**JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT [D.E. 63] AND INCORPORATED MEMORANDUM OF LAW**

    After JPMorgan Chase Bank, N.A. ("JPMorgan") filed its motion to dismiss [D.E. 50], Johnnie Hayes and Priscilla Davis (the "Borrowers") amended their complaint. Yet, the Borrowers failed to address any of the deficiencies set forth in JPMorgan's motion. In their First Amended Complaint, the Borrowers still name JPMorgan only four times: in the preamble list of defendants [D.E. 63 at *1]; (2) in the venue statement [D.E. 63 ¶ 10]; (3) in the subheading of its TILA claim [D.E. 63 at *10]; and (4) in the wherefore paragraph of its TILA claim [D.E. 63 at *10].

    This Court should dismiss the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) as to JPMorgan for four reasons: (i) the Borrowers fail to allege any factual acts whatsoever by JPMorgan; (ii) the Borrowers' TILA claim, which names JPMorgan, cannot stand because TILA does not impose liability on servicers; (iii) the Borrowers' TILA claim is

barred by the statute of limitations; and (iv) the First Amended Complaint is an improper shotgun pleading, incorporating all preceding paragraphs in each count.

**A.     *Factual and procedural background***

1. On January 30, 2006, BNC Mortgage, Inc., issued a mortgage (the "Mortgage") to the Borrowers on the property located at 390 W 21st Street, Riviera Beach, Palm Beach County, Florida (the "Property"). [D.E. 1-2 at *2].

2. On October 28, 2009, MERS, as nominee for BNC Mortgage, Inc., assigned the Mortgage to U.S. Bank, N.A., as Trustee for Structured Asset Investment Loan Trust Mortgage ("U.S. Bank"). [D.E. 1-2 at *2].

3. On June 14, 2013, the Borrowers filed this action [D.E. 1], alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), and the Fair Debt Collection Practices Act ("FDCPA"). [D.E. 1 ¶¶ 47–55]. The Borrowers named JPMorgan in the subheading and "wherefore" paragraph of its TILA violation count [D.E. 1 at *8], but did not allege any facts regarding JPMorgan other than that it is allegedly not authorized to do business in Florida. [D.E. 1 ¶ 10].

4. On October 10, 2013, JPMorgan filed its motion to dismiss the Borrowers' complaint under Federal Rule of Civil Procedure 12(b), advising the Court that the complaint must be dismissed because (1) the Borrowers failed to allege any factual acts whatsoever by JPMorgan, and thus failed to state a claim against JPMorgan; (2) the Borrowers' claim failed because TILA does not impose liability on servicers; and (3) the Borrowers' TILA claim is barred by the statute of limitations. [D.E. 50].

5.      On October 31, 2013, the Borrowers' right to amend their complaint without leave of the Court as to JPMorgan expired under Federal Rule of Civil Procedure 15(a)(1).[1]

6.      On November 18, 2013, the Borrowers filed this First Amended Complaint [D.E. 63], again alleging violations of RESPA, TILA, and the FDCPA. [D.E. 63 ¶¶ 53–62]. The Borrowers newly alleged a claim for violation of the Florida Consumer Collection Practices Act ("FCCPA"). As with the original complaint, the Borrowers name JPMorgan in the subheading and "wherefore" paragraph of its TILA violation count [D.E. 63 at *10], but do not allege any facts regarding JPMorgan other than that it is allegedly not authorized to do business in Florida. [D.E. 63 ¶ 10].[2]

**B.    The Borrowers again fail to allege any factual acts whatsoever by JPMorgan, and thus again fail to state a claim against JPMorgan.**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss lies for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

---

[1] If a case has multiple defendants, a party cannot amend without leave with regard to a particular defendant more than 21 days after that defendant has filed a responsive pleading or a motion under Rule 12(b), (e), or (f). *See AAA Cooper Transportation v. Wes-Pak, Inc.*, No. 1:11CV181-WHA-CSC, 2011 WL 2836745, at *2 (M.D. Ala. July 18, 2011) (citing *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F. 3d 1282, 1291 (11th Cir. 2007)). Under Federal Rule of Civil Procedure (a)(1)(B), a party may amend its complaint without leave after the complaint is filed until 21 days after the earlier of the filing of a responsive pleading or a motion under Rule 12(b), (e), or (f).

[2] JPMorgan limits its arguments in this motion to Count II (TILA) because it is not named in Count I (RESPA), Count III (FDCPA), or Count IV (FCCPA).

Here, for the second time, the Borrowers fail to allege any factual acts by JPMorgan whatsoever. The Borrowers refer to JPMorgan four times in the First Amended Complaint: (1) in the preamble list of defendants [D.E. 63 at *1]; (2) in the statement of venue [D.E. 63 ¶ 10] ("JP MORGAN is not authorized to do business in Florida."); (3) in the subheading of its TILA violation claim [D.E. 63 at *10]; and (4) in the wherefore paragraph of its TILA violation claim [D.E. 63 at *10]. Given that to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face, and more than labels, conclusions, or a formulaic recitation of the elements, the Borrowers again fail to state a claim against JPMorgan. *See Twombly*, 550 U.S. at 545; *Ashcroft*, 556 U.S. at 678. Accordingly, this Court should dismiss this First Amended Complaint as against JPMorgan under Federal Rule of Civil Procedure 12(b)(6).

### C. *The Borrowers' claim again fails because TILA does not impose liability on servicers.*

TILA does not impose liability on servicers, but rather provides a private cause of action against creditors who fail to comply with any requirement imposed under 15 U.S.C. §§ 1635 and 1641. *Galeano v. Fed. Home Loan Mortg. Corp.*, 2012 WL 3613890 at *3 (S.D. Fla. Aug. 21, 2012) (quoting *Khan v. Bank of New York Mellon*, 849 F. Supp. 2d 1377, 1378 (S.D. Fla. 2012)); *Holcomb v. Fed. Home Loan Mortg. Corp.*, 2011 WL 5080324 at *6–7 (S.D. Fla. Oct. 26, 2011) (declining to expand liability for violations of § 1641 to servicers); *Borden v. Saxon Mortg. Servs., Inc.*, 2010 WL 3834590 at *8 (S.D. Fla. Sept. 28, 2010) (servicer exempt from liability for claims under 15 U.S.C. § 1641).

Here, the Borrowers' allegations and exhibits show that JPMorgan is not the creditor of the Mortgage, and may not even be a servicer. [D.E. 63 ¶¶ 21, 24, 26–27]. As discussed above, the First Amended Complaint fails to state the role of JPMorgan in this action. However, the

Borrowers' allegations do show that the original creditor of the Mortgage was BNC Mortgage, Inc. [D.E. 63 ¶ 27], and that U.S. Bank later succeeded as creditor and holder of the Mortgage [D.E. ¶ 26]. Employing all possible inferences from the Borrowers' allegations, JPMorgan may have been, at most, a servicer of the Mortgage. Thus, because TILA does not impose liability on servicers, the Borrowers' limited allegations against JPMorgan fail, and this Court should dismiss this First Amended Complaint as to JPMorgan under Federal Rule of Civil Procedure 12(b)(6).

**D.**     *The Borrowers' TILA claim is still barred by the statute of limitations.*

Even if the Borrowers made a sustainable factual allegation against JPMorgan, which they failed to do, any TILA claim would be barred by the applicable one-year statute of limitations. *See* 15 U.S.C. § 1640(e); and *Connell v. CitiMortgage, Inc.*, 2012 WL 5511087 at *8 (S.D. Ala. 2012) (holding § 1640 cause of action time-barred under one-year statute of limitations). At best, and although unsupported by applicable law or factual allegations, the Borrowers allege a sale, assignment, or transfer from Chase Fulfillment Center to Ocwen in April of 2012, meaning their purported TILA claim against *Chase Fulfillment Center* expired in April of 2013, at the latest. [D.E. 63 ¶ 22]; *see* 15 U.S.C. § 1640(e), (g). The Borrowers filed this action in June of 2013—almost two months after the statute of limitations expired. [D.E. 1 ¶ 22]. Because the time-barred nature of the Borrowers' TILA claim is apparent from the face of their First Amended Complaint, their TILA claim should be dismissed with prejudice, and this Court should dismiss this First Amended Complaint as to JPMorgan under Federal Rule of Civil Procedure 12(b)(6).

### *E.  Conclusion*

Because the Borrowers fail to allege any factual acts of JPMorgan, and the Borrowers' TILA claim is both time-barred and statutorily untenable, this Court should dismiss the Borrowers' First Amended Complaint as against JPMorgan.

Respectfully submitted,

RIVERO MESTRE LLP
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
Telephone: 305-445-2500
Facsimile: 305-445-2505
E-mail:  cgrieve@riveromestre.com
         abernhard@riveromestre.com

By: /s/Andrew J. Bernhard
    Catherine C. Grieve
    Florida Bar No. 169323
    Andrew J. Bernhard
    Florida Bar No. 84031

*Attorneys for JPMorgan Chase Bank, N.A.*

### Certificate under Local Rule 7.1

Under Local Rule 7.1(a)(3), a motion to dismiss for failure to state a cause of action is expressly exempt from the pre-filing conference requirements.

### Certificate of Service

I certify that on November 26, 2013, this Motion to Dismiss was electronically filed the Clerk of Court using EM/ECF and was served on the following counsel of record and pro se parties by the transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Akerman Senterfitt
Victor Berwin
Brandon Forgione
Victor.berwin@akerman.com
Brandon.forgione@akerman.com
*Counsel for U.S. Bank, N.A., and Ocwen Loan Servicing LLC*

6

Cole, Scott & Kissane, P.A.
Michael W. Shiver, Jr.
Anika Campbell
Stephen Harber
Michael.Shiver@csklegal.com
Anika.campbell@csklegal.com
Stephen.harber@csklegal.com
*Counsel for Robertson Anschultz, & Schneid, P.L.*

Johnnie M. Hayes
Ijhayes.hayes13@gmail.com
*Pro se plaintiff*

Priscilla Davis
480 W 35th Street
Riviera Beach, FL 33404
priscilla3574@gmail.com
*Pro se plaintiff*

By: /s/Andrew J. Bernhard
Andrew J. Bernhard