IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80610-CIV-KAM

JOHNNIE HAYES;
PRISCILLA DAVIS

      Plaintiffs,

vs.

U.S. BANK NATIONAL ASSOCIATION AS
TRUSTEE FOR STRUCTURED ASSET
INVESTMENT LOAN TRUST MORTGAGE
PASS-THROUGH CERTIFICATES SERIES
2006-2, *et al.*,

      Defendants.

_____/

## OCWEN'S[1] MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND STRIKE JURY TRIAL DEMAND

The Court should dismiss Johnnie Hayes and Priscilla Davis' first amended complaint[2] because, like their original complaint, it is comprised of mere labels and legal conclusions insufficient to establish a facially plausible claim against Ocwen for violations of the Real Estate Settlement Procedures Act (**RESPA**), Truth in Lending Act (**TILA**), Fair Debt Collection Practices Act (**FDCPA**), or Florida Consumer Collection Practices Act (**FCCPA**). If the claims are allowed to proceed, the Court should strike plaintiffs' jury trial demand because they waived their right to a jury trial as part of their mortgage loan.

### I. FACTUAL BACKGROUND

Plaintiffs brought this action seeking damages against Ocwen based on four counts: **(i)** violation of RESPA; **(ii)** violation of TILA; **(iii)** violation of the FDCPA; and **(iv)** violation of

---

[1] **Ocwen** means defendant Ocwen Loan Servicing, LLC.
[2] The Court should also strike plaintiffs' first amended complaint because it was filed without leave of court or Ocwen's written consent in violation of Federal Rule of Civil Procedure 15.

{27586647;1}

the FCCPA. (*See* DE 63, FAC ¶¶ 1, 56, 58, 62, 66-68.)   Although the first amended complaint also demands declaratory and injunctive relief in its opening paragraph, none of the four counts actually requests such relief. (*See* DE 63, FAC ¶¶ 1, 53-68).

For their RESPA claim, plaintiffs allege Ocwen violated 12 U.S.C. § 2605 by not responding to their self-described "qualified written request" allegedly sent to Ocwen on April 15, 2013. (*See* DE 63, FAC ¶¶ 42, 56.) Plaintiffs fail to attach a copy of their purported RESPA request to their complaint and, aside from vague allegations of document requests, error correction, account adjustment, and information requests, do not describe the nature of their alleged request or how it relates to the servicing of their mortgage loan. (*See* DE 63, FAC ¶¶ 42, 55-56.)

For their TILA claim, plaintiffs allege Ocwen violated 15 U.S.C. § 1641(g).  Plaintiffs appear to base their claim on the loan being transferred to U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-2 (**U.S. Bank**), upon one of the following events: (**i**) the trust closing date of March 1, 2006; (**ii**) the loan allegedly being assigned to U.S. Bank at some point prior to the mortgage foreclosure action filed on August 27, 2009; and/or (**iii**) an assignment of mortgage executed on October 28, 2009, and "filed" on February 4, 2010. (*See* DE 63, FAC ¶¶ 20, 31-32, 36.) Plaintiffs also reference a purported sale, assignment, or transfer from Chase Fulfillment Center (**CFC**) to Ocwen in April of 2012 and allege CFC, U.S. Bank, and BNC Mortgage, Inc., did not provide plaintiffs with notice of the sale, assignment, or transfer (*See* DE 63, FAC ¶¶ 22, 26-27.)

For their FDCPA claim, plaintiffs baldly allege Ocwen is a debt collector and violated several FDCPA provisions, including, but not limited to: 15 U.S.C. § 1692d; 15 U.S.C. § 1692e(2), (6), (8), (10), (11), and (14); 15 U.S.C. § 1692f(1) and (6); and 15 U.S.C. § 1692(g).

(*See* DE 63, FAC ¶¶ 61-62.) Plaintiffs' allegations are mere recitations of the applicable statutory provisions without any supporting factual allegations as to Ocwen's conduct.

For their FCCPA claim, plaintiffs allege Ocwen violated section 559.715, Florida Statutes, by "fail[ing] to provide notice of assignment . . . ." (*See* DE 63, FAC ¶ 67.) Plaintiffs also allege Ocwen violated section 559.72(9) and (15). (*See* DE 63, FAC ¶¶ 68-69.) Like their FDCPA allegations, plaintiff's FCCPA allegations merely parrot the applicable statutory provisions without any attempt to connect Ocwen's actual conduct to the alleged violations.

## II. LEGAL ARGUMENT AND GROUNDS FOR RELIEF

**A.    Plaintiffs Fail to Plead a Cause of Action Under RESPA.**

Plaintiffs fail to adequately plead the elements of a RESPA violation. "[T]o state a claim for violation of RESPA § 2605(e), plaintiffs must allege facts showing that: (1) defendant is a loan servicer, (2) plaintiffs sent defendant a valid [qualified written request], (3) defendant failed to adequately respond within the [applicable] statutory period, and (4) plaintiffs are entitled to actual or statutory damages. *See Marsh v. BAC Home Loans Servicing, LP*, 2011 WL 1196415, 8 (M.D. Fla. 2011).

   *1.    Plaintiffs Fail to Plead a Valid Qualified Written Request.*

Plaintiffs fail to state a cause of action under RESPA because, aside from attaching the labels of "RESPA letter" and "qualified written request" to their correspondence, they fail to allege a sufficient basis to conclude their correspondence was, in fact, a qualified written request. (*See* DE 63, FAC ¶¶ 42, 55-56.) To fall within the definition of a qualified written request under RESPA, a request must: **(i)** be in writing on a document other than a payment coupon or other payment form supplied by the servicer; **(ii)** include information enabling the servicer to identify the name and account of the borrower; **(iii)** include a statement of the reasons the borrower

believes the account is in error, if applicable, or that provides sufficient detail to the servicer as to other information sought by the borrower; and (**iv**) relate to servicing. *See* 12 U.S.C. § 2605(e); and 12 C.F.R. § 1024.21(e). Plaintiffs are required to establish they sent a valid qualified written request to state a cause of action under RESPA. *See Marsh*, 2011 WL 1196415 at 8 (dismissing RESPA claim where notice attached to complaint demonstrated it did not meet the elements of a qualified written request).

The only elements of a qualified written request arguably satisfied from a pleading perspective is that a written request was sent to Ocwen as a loan servicer. (*See* DE 63, FAC ¶¶ 42, 50, 54-56.) In addition to the lack of factual allegations, portions of the complaint suggest plaintiffs' letter was not a qualified written request in that it demanded copies of the original promissory note and origination documents. (*See* DE 63, FAC ¶¶ 42, 50.); *See Echeverria v. BAC Home Loans Servicing, LP*, 900 F. Supp. 2d 1299, 1306-1307 (M.D. Fla. 2012) (finding request for a copy of the promissory note not a qualified written request); and *Ward v. Security Atlantic Mortg. Elec. Registration Systems, Inc.*, 858 F. Supp. 2d 561, 574-75 (E.D.N.C. 2012) (finding letter seeking "copies of loan documents, assignments of the deed of trust and promissory note and copies of property inspection reports and appraisals and a loan transaction history" not a qualified written request.).

2. *Plaintiffs Fail to Plead Actual and/or Statutory Damages.*

Plaintiffs fail to state a cause of action under RESPA because their request for "actual, statutory, treble and/or punitive damages" fails as a matter of law. RESPA does not provide for treble or punitive damages. *See* 12 U.S.C. § 2605(f)(1). In the case of an action by an individual, RESPA does permit a borrower to recover actual damages and, "in the case of a pattern or practice of noncompliance," statutory damages "in an amount not to exceed $1,000."

*Id.* Plaintiffs do not allege they suffered any actual damages as a result of Ocwen's purported RESPA violation and, while they could theoretically rely solely on statutory damages, they fail to allege a "pattern or practice of noncompliance" to support such an award, which renders their claim improper. *See Echeverria*, 900 F. Supp. 2d at 1307-1308.

**B.     Plaintiffs Fail to Plead a Cause of Action Under TILA.[3]**

   *1.     Plaintiffs do not Allege Ocwen Violated TILA.*

Plaintiffs' allegations involving an assignment to U.S. Bank would not impose any obligation on Ocwen to notify plaintiffs of the assignment. *See* 15 U.S.C. § 1641(g) (imposing obligation on the "new owner or assignee"). Even assuming plaintiffs' confusing allegation that "[CFC] . . . sold, assigned, or transferred the alleged obligation on or about April of 2012 the exact date is unknowable because [CFC] did not sent a notice of sell [sic], assignment, or transfer of the alleged obligation to [Ocwen], a breach of contract and violation of 15 U.S.C. 1692," related to plaintiffs' TILA claim, plaintiffs do not allege Ocwen failed to provide notice of the purported sale, transfer, or assignment in violation of 15 U.S.C. § 1641(g). (*See* DE 63, FAC ¶¶ 22, 26-27.)

   *2.     Plaintiffs' Purported TILA Claim is Barred by the Statute of Limitations.*

Even if plaintiffs stated a cognizable TILA claim, which they do not, any such claim is barred by the applicable one-year statute of limitations. *See* 15 U.S.C. § 1640(e); and *Connell v. CitiMortgage, Inc.*, 2012 WL 5511087, 8 (S.D. Ala. 2012). At best, plaintiffs vaguely allege a transfer to Ocwen in April of 2012, meaning their purported TILA claim expired in May of 2013. (*See* DE 1, Compl. ¶ 22.); *See* 15 U.S.C. § 1640(e). Plaintiffs filed this action in June of 2013— at least two weeks after the expiration of the statute of limitations. Because the time-barred

---

[3] Plaintiffs do not explicitly reference Ocwen in their TILA count, but to the extent their allegations could be read as asserting a TILA claim against Ocwen, the claim fails as a matter of law.

nature of plaintiffs' TILA claim is apparent from the face of their complaint, their TILA claim should be dismissed with prejudice.

C.    **Plaintiffs Fail to Plead a Cause of Action Under the FDCPA.**

Plaintiffs fail to adequately plead the elements of an FDCPA violation. "In order to prevail on an FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Bentley v. Bank of Am.*, 773 F. Supp. 2d 1367, 1371 (S.D. Fla. 2011).

   1.    *Plaintiffs Fail to Adequately Plead Ocwen is a Debt Collector.*

Under the FDCPA, "[t]he term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA contains a number of exemptions under the definition of debt collector, but most notably, it exempts "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). Failure to allege the debt was in default at the time Ocwen obtained its servicing rights is fatal to plaintiffs' claim. *See Benjamin v. CitiMortgage, Inc.*, 2013 WL 1891284, 3 (S.D. Fla. 2013) (dismissing FDCPA claim where "the plaintiffs . . . failed to allege that the subject debt was in default at the time it was transferred to the defendant loan servicer . . . .").

While plaintiffs attach the label of "debt collector" to Ocwen, they fail to allege any facts that would make it plausible Ocwen is, in fact, a debt collector. As a result, their FDCPA claim

must fail. *See Id.*; and *Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1311 (S.D. Fla. 2009) ("In order to plead adequately under the FDCPA, the Plaintiff must sufficiently allege that Chase is a 'debt collector.'").

    2.    *Plaintiffs Fail to Adequately Plead Ocwen Engaged in an Act or Omission Prohibited by the FDCPA.*

Plaintiffs allege Ocwen violated ten provisions of the FDCPA, but fail to allege any facts to render the alleged violations plausible. (*See* DE 63, FAC ¶¶ 59, 62.) Their FDCPA claim is comprised of nothing more than a list of paraphrased FDCPA prohibitions with no attempt to connect those prohibitions to Ocwen's actual conduct. Plaintiffs' complaint does nothing to raise the alleged FDCPA violations beyond the speculative level. Plaintiffs should not be permitted to proceed until they plead a facially plausible FDCPA claim against Ocwen and provide Ocwen with fair notice of the factual basis underlying their claims. *See Chalik v. Westport Recovery Corp.*, 677 F. Supp. 2d 1322, 1329-1331 (S.D. Fla. 2009) (dismissing claim under 15 U.S.C. § 1692f because "Plaintiff failed to specifically identify how Defendants' conduct was . . . unfair and unconscionable under § 1692f . . . .").

**D.    Plaintiffs Fail to Plead a Cause of Action Under the FCCPA.**

Plaintiffs fail to plead a cause of action under the FCCPA because: **(i)** the FCCPA does not attach civil liability to violations of section 559.715; and **(ii)** plaintiffs fail to plead sufficient facts to render a violation under other provisions of the FCCPA plausible.

    *1.    The FCCPA Does Not Attach Civil Liability to Violations of Section 559.715.*

The "civil remedies" portion of the FCCPA provides that "[a]ny person who fails to comply ***with any provision of s. 559.72*** is liable for [damages] . . . ." FLA. STAT. § 559.77. As part of their claim, plaintiffs seek damages for Ocwen's alleged violation of section 559.715.

(*See* DE 63, FAC ¶ 67.) Because the plain terms of the FCCPA do not attach civil liability to a violation of section 559.715, the claim must be dismissed with prejudice.

>   2.   *Plaintiffs Fail to Plead Sufficient Facts to Render a Violation of the FCCPA by Ocwen Plausible.*

Plaintiffs allege Ocwen violated sections 559.72(9) and (15), but fail to plead any facts to render the alleged violations plausible. (*See* DE 63, FAC ¶¶ 68-69.) Like their FDCPA claim, plaintiffs' FCCPA claim is comprised of nothing more than paraphrased FCCPA prohibitions with no attempt to connect those prohibitions to Ocwen's actual conduct, and their claim should be dismissed. *See Reese*, 686 F. Supp. 2d at 1309-1310.

**E.   Plaintiffs Fail to Allege Any Basis for Declaratory and Injunctive Relief.**

While the introductory paragraph of plaintiffs' first amended complaint states "[t]his is an action . . . for declaratory and injunctive relief," plaintiffs do not actually request injunctive relief in any of their three counts, as recognized by the Court's order on plaintiff's TRO for emergency injunctive and declaratory relief. (*See* DE 1, Compl. ¶¶ 1, 46-50, 51-52, 53-55). Moreover, TILA, RESPA, and the FDCPA do not provide for private injunctive relief. *See Christ v. Beneficial Corp.*, 547 F. 3d 1292, 1298 (11th Cir. 2008) (TILA); 12 U.S.C. § 2605(f) (RESPA); and *Weiss v. Regal Collections*, 385 F. 3d 337, 341 (3rd Cir. 2004) (FDCPA). As such, the Court should dismiss plaintiffs' request for injunctive and declaratory relief.

**F.   Plaintiffs' First Amended Complaint Cannot Survive a Motion to Dismiss.**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing the pleader is entitled to relief." FED. R. CIV. P. 8(A)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Plaintiffs' first amended complaint must be dismissed because it fails to meet this standard and present a facially plausible claim for relief.

### G.     Plaintiffs' Jury Trial Demand Should be Stricken.

As part of their first amended complaint, plaintiffs demand a trial by jury. The mortgage executed by plaintiffs contains the following provision:

> **25. Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

A copy of the mortgage is attached as **EXHIBIT A**. Plaintiffs' RESPA, TILA, FDCPA, and FCCPA claims are made in connection with the loan secured by the mortgage. (*See* DE 63, FAC ¶¶ 20, 31, 42, 42.) Plaintiffs' claims are, therefore, "related to" the mortgage loan, and the jury trial demand should be stricken pursuant to the mortgage. *See Foley v. Wells Fargo Bank, N.A.* 849 F. Supp. 2d 1345, 1352 (S.D. Fla. 2012). Ocwen, as the loan servicer, is entitled to enforce the jury trial waiver provision. *See Fahey v. Am. Home Mortg. Servicing*, Case No. 11-62544, 3 (S.D. Fla. Dec. 11, 2012) (permitting loan owner and servicer to enforce jury trial waiver in mortgage); *but see Omega v. Deutsche Bank Trust Co. Americas*, 2013 WL 425836 (S.D. Fla. 2013) (permitting only loan owner to enforce jury trial waiver in mortgage); and *Williams v. Wells Fargo Bank, N.A.*, 2011 WL 4901346 (S.D. Fla. 2011) (same).

## III. CONCLUSION

The Court should dismiss plaintiffs' first amended complaint because it fails to present a facially plausible claim for relief against Ocwen for violations of RESPA, TILA, the FDCPA, and the FCCPA. Plaintiffs have not properly pled a valid qualified written request or entitlement to actual and/or statutory damages. Any purported claim plaintiffs might be alleging against Ocwen is barred by the one-year statute of limitations. Their purported FDCPA and FCCPA claims simply list several statutory provisions, but fail to plead facts showing how Ocwen violated those provisions. Plaintiffs' one reference to declaratory and injunctive relief in the opening paragraph of their first amended complaint is improper and insufficient to support the relief requested. If plaintiffs are allowed to proceed, their improper jury trial demand should

[Remainder of page left blank.]

be stricken because they waived their right to a jury trial as part of their mortgage loan.

>Respectfully submitted,
>AKERMAN LLP
>(f/k/a Akerman Senterfitt)
>
>By: /s/ *Brandon G. Forgione*
>    VICTOR R. BERWIN
>    Florida Bar No.: 823821
>    Primary E-mail: victor.berwin@akerman.com
>    Secondary E-mail: elisa.waites@akerman.com
>    ADAM G. SCHWARTZ
>    Florida Bar No.: 26978
>    Primary E-mail: adam.schwartz@akerman.com
>    Secondary E-mail: elisa.waites@akerman.com
>    BRANDON G. FORGIONE
>    Florida Bar No.: 85891
>    Primary E-mail: brandon.forgione@akerman.com
>    Secondary E-mail: elisa.waites@akerman.com
>    222 Lakeview Avenue, Suite 400
>    West Palm Beach, Florida 33401
>    Telephone: 561-671-3626
>    Facsimile: 561-659-6313
>
>    – and –
>
>    WILLIAM P. HELLER
>    Florida Bar No.: 987263
>    Primary E-mail: william.heller@akerman.com
>    Secondary E-mail: lorraine.corsaro@akerman.com
>    Las Olas Centre II, Suite 1600
>    350 East Las Olas Boulevard
>    Fort Lauderdale, Florida 33301-2229
>    Telephone: 954-463-2700
>    Facsimile: 954-463-2224
>
>    *Counsel for Ocwen*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing, on December 9th, 2013, on all counsel or parties of record on the Service List below.

/s/ Brandon G. Forgione
Brandon G. Forgione

**SERVICE LIST**

Johnnie M. Hayes
ijhayes.hayes13@gmail.com
480 West 35th Street
Riviera Beach, Florida 33404
Telephone: 305-923-4350

*Plaintiff, Pro Se*

Priscilla Davis
priscilla3574@gmail.com
480 West 35th Street
Riviera Beach, Florida 33404
Telephone: 754-779-1788

*Plaintiff, Pro Se*

Anika Campbell, Esq.
anika.campbell@csklegal.com
Cole, Scott & Kissane, P.A.
1645 Palm Beach Lakes Boulevard, 2nd Floor
West Palm Beach, Florida 33401

*Defendant*

JP Morgan Chase Corporate Headquarters
270 Park Avenue
New York, NY 10017

*Defendant*

BNC Mortgage, Inc.
1901 Main Street
Irvine, CA 92614-0510
*Defendant*

Chase Fulfillment Center
710 South Ash Street, Suite 200
Glendale, CO 80246-1989

*Defendant*