IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80610-CIV-KAM

JOHNNIE HAYES;
PRISCILLA DAVIS

       Plaintiffs,

vs.

U.S. BANK NATIONAL ASSOCIATION AS
TRUSTEE FOR STRUCTURED ASSET
INVESTMENT LOAN TRUST MORTGAGE
PASS-THROUGH CERTIFICATES SERIES
2006-2, *et al.*,

       Defendants.
_____/

### U.S. BANK'S[1] MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND STRIKE JURY TRIAL DEMAND

The Court should dismiss Johnnie Hayes and Priscilla Davis' first amended complaint[2] because, like their original complaint, it is comprised of mere labels and legal conclusions insufficient to establish a facially plausible claim against U.S. Bank for violations of the Real Estate Settlement Procedures Act (**RESPA**), Truth in Lending Act (**TILA**), Fair Debt Collection Practices Act (**FDCPA**), or Florida Consumer Collection Practices Act (**FCCPA**). If the claims are allowed to proceed, the Court should strike plaintiffs' jury trial demand because they waived their right to a jury trial as part of their mortgage loan.

### I. FACTUAL BACKGROUND

Plaintiffs brought this action seeking damages against U.S. Bank based on four counts: (**i**) violation of RESPA; (**ii**) violation of TILA; (**iii**) violation of the FDCPA; and (**iv**) violation of

---

[1] **U.S. Bank** means defendant U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-2.
[2] The Court should also strike plaintiffs' first amended complaint because it was filed without leave of court or U.S. Bank's written consent in violation of Federal Rule of Civil Procedure 15.

{27517979;1}

the FCCPA. (*See* DE 63, FAC ¶¶ 1, 56, 58, 62, 66-68.) Although the first amended complaint also demands declaratory and injunctive relief in its opening paragraph, none of the four counts actually requests such relief. (*See* DE 63, FAC ¶¶ 1, 53-68).

For their RESPA claim, plaintiffs allege U.S. Bank violated 12 U.S.C. § 2605 by not responding to their self-described "qualified written request" allegedly sent to U.S. Bank and its loan servicer, Ocwen Loan Servicing, LLC (**Ocwen**), on April 15, 2013. (*See* DE 63, FAC ¶¶ 42, 56.) Plaintiffs fail to attach a copy of their purported RESPA request to their first amended complaint and, aside from vague allegations of document requests, error correction, account adjustment, and information requests, do not describe the nature of their alleged request or how it relates to the servicing of their mortgage loan. (*See* DE 63, FAC ¶¶ 42, 55-56.)

For their TILA claim, plaintiffs allege U.S. Bank violated 15 U.S.C. § 1641(g) by not providing plaintiffs with notice of the assignment of their mortgage loan to U.S. Bank. (*See* DE 63, FAC ¶ 58.) Plaintiffs appear to base their claim on: (**i**) the trust closing date of March 1, 2006; (**ii**) the loan allegedly being assigned to U.S. Bank at some point prior to the mortgage foreclosure action filed on August 27, 2009; and/or (**iii**) an assignment of mortgage executed on October 28, 2009, and "filed" on February 4, 2010. (*See* DE 63, FAC ¶¶ 20, 31-32, 36.) Plaintiffs also reference a purported sale, assignment, or transfer from Chase Fulfillment Center (**CFC**) to Ocwen in April of 2012 and allege U.S. Bank "the alleged creditor did not send Plaintiffs notice of the assignment, sell [sic], or transfer which is a breach of contract and violation of 15 U.S.C. 1692." (*See* DE 63, FAC ¶¶ 22, 26.)

For their FDCPA claim, plaintiffs baldly allege U.S. Bank is a debt collector and violated several FDCPA provisions, including: 15 U.S.C. § 1692d; 15 U.S.C. § 1692e(2), (6), (8), (10), (11), and (14); 15 U.S.C. § 1692f(1) and (6); and 15 U.S.C. § 1692(g). (*See* DE 63, FAC ¶¶ 61-

62.) Plaintiffs' allegations are mere recitations of the applicable statutory provisions without any supporting factual allegations as to U.S. Bank's conduct.

For their FCCPA claim, plaintiffs allege U.S. Bank violated section 559.715, Florida Statutes, by "fail[ing] to provide notice of assignment . . . ." (*See* DE 63, FAC ¶ 67.) Plaintiffs also allege U.S. Bank violated section 559.72(9) and (15). (*See* DE 63, FAC ¶¶ 68-69.) Like their FDCPA allegations, plaintiff's FCCPA allegations merely parrot the applicable statutory provisions without any attempt to connect U.S. Bank's actual conduct to the alleged violations.

## II. LEGAL ARGUMENT AND GROUNDS FOR RELIEF

### A.   Plaintiffs Fail to Plead a Cause of Action Under RESPA.

Plaintiffs fail to adequately plead the elements of a RESPA violation. "[T]o state a claim for violation of RESPA § 2605(e), plaintiffs must allege facts showing that: (1) defendant is a loan servicer, (2) plaintiffs sent defendant a valid [qualified written request], (3) defendant failed to adequately respond within the [applicable] statutory period, and (4) plaintiffs are entitled to actual or statutory damages. *See Marsh v. BAC Home Loans Servicing, LP*, 2011 WL 1196415, 8 (M.D. Fla. 2011).

#### 1.   *U.S. Bank is Not a Loan Servicer.*

RESPA does not require U.S. Bank to respond to qualified written requests because U.S. Bank is not a "servicer." "The term 'servicer' means the person responsible for servicing the loan (including the person who makes or holds a loan if such person also services the loan)." 12 U.S.C. § 2605(i)(2). "The term 'servicing' means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).

Plaintiffs' first amended complaint describes U.S. Bank as the "alleged creditor" who "claims to be the owner of the Note and Mortgage." (*See* DE 63, FAC ¶¶ 26, 29.) Notably, plaintiffs do not even label U.S. Bank as a "servicer[] of a federally related mortgage loan within the meaning of [RESPA]," as they do for other defendants. (*See* DE 63, FAC ¶ 54.) Plaintiffs' failure to allege U.S. Bank is a loan servicer is fatal to their claim. *See Gibson v. Mortg. Elec. Registration Sys., Inc.*, 2011 WL 3608538, 4 (W.D. Tenn 2011) ("Failure to plead that a defendant is in fact a loan servicer will defeat the plaintiff's cause of action under RESPA, as it has not been established that the defendants' liability is plausible under the *Twombly* standard."); and *Santos v. U.S. Bank, N.A.*, 716 F. Supp. 2d 970, 979 (E.D. Cal. 2010).

  2.  *Plaintiffs Fail to Plead a Valid Qualified Written Request.*

Plaintiffs fail to state a cause of action under RESPA because, aside from attaching the labels of "RESPA letter" and "qualified written request" to their correspondence, they fail to allege a sufficient basis to conclude their correspondence was, in fact, a qualified written request. (*See* DE 63, FAC ¶¶ 42, 55-56.) To fall within the definition of a qualified written request under RESPA, a request must: (**i**) be in writing on a document other than a payment coupon or other payment form supplied by the servicer; (**ii**) include information enabling the servicer to identify the name and account of the borrower; (**iii**) include a statement of the reasons the borrower believes the account is in error, if applicable, or that provides sufficient detail to the servicer as to other information sought by the borrower; and (**iv**) relate to servicing. *See* 12 U.S.C. § 2605(e); and 12 C.F.R. § 1024.21(e). Plaintiffs are required to establish they sent a valid qualified written request to state a cause of action under RESPA. *See Marsh*, 2011 WL 1196415 at 8 (dismissing RESPA claim where notice attached to complaint demonstrated it did not meet the elements of a qualified written request).

The only element of a qualified written request arguably satisfied from a pleading perspective is that the request be in writing. (*See* DE 63, FAC ¶¶ 42, 50, 55-56.) In addition to the lack of factual allegations, portions of the first amended complaint suggest plaintiffs' letter was not a qualified written request in that it demanded copies of the original promissory note and origination documents. (*See* DE 63, FAC ¶¶ 42, 50.); *See Echeverria v. BAC Home Loans Servicing, LP*, 900 F. Supp. 2d 1299, 1306-1307 (M.D. Fla. 2012) (finding request for a copy of the promissory note not a qualified written request); and *Ward v. Security Atlantic Mortg. Elec. Registration Systems, Inc.*, 858 F. Supp. 2d 561, 574-75 (E.D.N.C. 2012) (finding letter seeking "copies of loan documents, assignments of the deed of trust and promissory note and copies of property inspection reports and appraisals and a loan transaction history" not a qualified written request.).

  3. *Plaintiffs Fail to Plead Actual and/or Statutory Damages.*

Plaintiffs fail to state a cause of action under RESPA because their request for "actual, statutory, treble and/or punitive damages" fails as a matter of law. RESPA does not provide for treble or punitive damages. *See* 12 U.S.C. § 2605(f)(1). In the case of an action by an individual, RESPA does permit a borrower to recover actual damages and, "in the case of a pattern or practice of noncompliance," statutory damages "in an amount not to exceed $1,000." *Id.* Plaintiffs do not allege they suffered any actual damages as a result of U.S. Bank's purported RESPA violation and, while they could theoretically rely solely on statutory damages, they fail to allege a "pattern or practice of noncompliance" to support such an award, which renders their claim improper. *See Echeverria*, 900 F. Supp. 2d at 1307-1308.

**B.   Plaintiffs' Purported TILA Claim is Barred by the Statute of Limitations.**

Even if plaintiffs stated a cognizable TILA claim, which they do not, any such claim is barred by the applicable one-year statute of limitations. *See* 15 U.S.C. § 1640(e); and *Connell v. CitiMortgage, Inc.*, 2012 WL 5511087, 8 (S.D. Ala. 2012). At best, and although unsupported by applicable law, plaintiffs allege a transfer to U.S. Bank when the assignment of mortgage was "filed" in the foreclosure action on February 4, 2010, meaning their purported TILA claim expired in March of 2011, at the latest. (*See* DE 63, FAC ¶ 31.); *See* 15 U.S.C. § 1640(e). Plaintiffs filed this action in June of 2013—almost two years after the expiration of the statute of limitations. Plaintiffs' allegation of a sale, assignment, or transfer from CFC to Ocwen in April of 2012 would not impose an obligation on U.S. Bank under 15 U.S.C. § 1641(g), and even if it did, the purported claim would still be barred by the statute of limitations, as it would have expired in May of 2013. *See* 15 U.S.C. § 1641(g) (imposing obligation on the "new owner or assignee"); and 15 U.S.C. § 1640(e). Because the time-barred nature of plaintiffs' TILA claim is apparent from the face of their first amended complaint, their TILA claim should be dismissed with prejudice.

**C.   Plaintiffs Fail to Plead a Cause of Action Under the FDCPA.**

Plaintiffs fail to adequately plead the elements of an FDCPA violation. "In order to prevail on an FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Bentley v. Bank of Am.*, 773 F. Supp. 2d 1367, 1371 (S.D. Fla. 2011).

*1.     Plaintiffs Fail to Adequately Plead U.S. Bank is a Debt Collector.*

Under the FDCPA, "[t]he term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA contains a number of exemptions under the definition of debt collector, but most notably, it exempts "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A). "The term 'creditor' means any person . . . to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(5).

While plaintiffs attach the label of "debt collector" to U.S. Bank, they fail to allege any facts that would make it plausible U.S. Bank is, in fact, a debt collector. At best, plaintiffs allege U.S. Bank is a creditor outside the scope of the FDCPA. (*See* DE 63, FAC ¶¶ 31-32, 36.) As a result, their FDCPA claim must fail. *See Benjamin v. CitiMortgage, Inc.*, 2013 WL 1891284, 3 (S.D. Fla. 2013) (dismissing FDCPA claim where plaintiff failed to allege facts that defendant qualified as a debt collector, notwithstanding allegation labeling defendant as a debt collector); and *Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1311 (S.D. Fla. 2009) ("In order to plead adequately under the FDCPA, the Plaintiff must sufficiently allege that Chase is a 'debt collector.'").

*2.     Plaintiffs Fail to Adequately Plead U.S. Bank Engaged in an Act or Omission Prohibited by the FDCPA.*

Plaintiffs allege U.S. Bank violated ten provisions of the FDCPA, but fail to allege any facts to render the alleged violations plausible. (*See* DE 63, FAC ¶¶ 59, 62.) Their FDCPA

claim is comprised of nothing more than a list of paraphrased FDCPA prohibitions with no attempt to connect those prohibitions to U.S. Bank's actual conduct. Plaintiffs' first amended complaint does nothing to raise the alleged FDCPA violations beyond the speculative level. Plaintiffs should not be permitted to proceed until they plead a facially plausible FDCPA claim against U.S. Bank and provide U.S. Bank with fair notice of the factual basis underlying their claims. *See Chalik v. Westport Recovery Corp.*, 677 F. Supp. 2d 1322, 1329-1331 (S.D. Fla. 2009) (dismissing claim under 15 U.S.C. § 1692f because "Plaintiff failed to specifically identify how Defendants' conduct was . . . unfair and unconscionable under § 1692f . . . .").

**D.      Plaintiffs Fail to Plead a Cause of Action Under the FCCPA.**

Plaintiffs fail to plead a cause of action under the FCCPA because: **(i)** the FCCPA does not attach civil liability to violations of section 559.715; and **(ii)** plaintiffs fail to plead sufficient facts to render a violation under other provisions of the FCCPA plausible.

   *1.    The FCCPA Does Not Attach Civil Liability to Violations of Section 559.715.*

The "civil remedies" portion of the FCCPA provides that "[a]ny person who fails to comply **with any provision of s. 559.72** is liable for [damages] . . . ." FLA. STAT. § 559.77. As part of their claim, plaintiffs seek damages for U.S. Bank's alleged violation of section 559.715. (*See* DE 63, FAC ¶ 67.) Because the plain terms of the FCCPA do not attach civil liability to a violation of section 559.715, the claim must be dismissed with prejudice.

   *2.    Plaintiffs Fail to Plead Sufficient Facts to Render a Violation of the FCCPA by U.S. Bank Plausible.*

Plaintiffs allege U.S. Bank violated sections 559.72(9) and (15), but fail to plead any facts to render the alleged violations plausible. (*See* DE 63, FAC ¶¶ 68-69.) Like their FDCPA claim, plaintiffs' FCCPA claim is comprised of nothing more than paraphrased FCCPA

prohibitions with no attempt to connect those prohibitions to U.S. Bank's actual conduct, and their claim should be dismissed. See Reese, 686 F. Supp. 2d at 1309-1310.

E.  **Plaintiffs Fail to Allege Any Basis for Declaratory and Injunctive Relief.**

While the introductory paragraph of plaintiffs' first amended complaint states "[t]his is an action . . . for declaratory and injunctive relief," plaintiffs do not actually request injunctive relief in any of their four counts, as recognized by the Court's order on plaintiff's TRO for emergency injunctive and declaratory relief. (See DE 63, FAC ¶¶ 1-69). Moreover, TILA, RESPA, and the FDCPA do not provide for private injunctive relief. See Christ v. Beneficial Corp., 547 F. 3d 1292, 1298 (11th Cir. 2008) (TILA); 12 U.S.C. § 2605(f) (RESPA); and Weiss v. Regal Collections, 385 F. 3d 337, 341 (3rd Cir. 2004) (FDCPA). As such, the Court should dismiss plaintiffs' request for injunctive and declaratory relief.

F.  **Plaintiffs' First Amended Complaint Cannot Survive a Motion to Dismiss.**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing the pleader is entitled to relief." FED. R. CIV. P. 8(A)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). Plaintiffs' first amended complaint must be dismissed because it fails to meet this standard and present a facially plausible claim for relief.

G.  **Plaintiffs' Jury Trial Demand Should be Stricken.**

As part of their first amended complaint, plaintiffs demand a trial by jury. The mortgage executed by plaintiffs contains the following provision:

> **25. Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

A copy of the mortgage is attached as **EXHIBIT A**. Plaintiffs' RESPA, TILA, FDCPA, and FCCPA claims are made in connection with the loan secured by the mortgage. (*See* DE 63, FAC ¶¶ 20, 31, 42, 42.) Plaintiffs' claims are, therefore, "related to" the mortgage loan, and the jury trial demand should be stricken pursuant to the mortgage. *See Foley v. Wells Fargo Bank, N.A.* 849 F. Supp. 2d 1345, 1352 (S.D. Fla. 2012).

### III. CONCLUSION

The Court should dismiss plaintiffs' first amended complaint because it fails to present a facially plausible claim for relief against U.S. Bank for violations of RESPA, TILA, the FDCPA, and the FCCPA. U.S. Bank is not a loan servicer, and plaintiffs have not properly pled a valid qualified written request or entitlement to actual and/or statutory damages. Plaintiffs' alleged TILA claim would have accrued over three years ago and is barred by the one-year statute of limitations. Their purported FDCPA and FCCPA claims simply list several statutory provisions, but fail to plead facts showing how U.S. Bank violated those provisions. Plaintiffs' one reference to declaratory and injunctive relief in the opening paragraph of their first amended complaint is improper and insufficient to support the relief requested. If plaintiffs are allowed to proceed, their improper jury trial demand should be stricken because they waived their right to a jury trial

[Remainder of page left blank.]

as part of their mortgage loan.

                        Respectfully submitted,
                        AKERMAN LLP
                        (f/k/a Akerman Senterfitt)

By: */s/ Brandon G. Forgione*
     VICTOR R. BERWIN
     Florida Bar No.: 823821
     Primary E-mail: victor.berwin@akerman.com
     Secondary E-mail: elisa.waites@akerman.com
     ADAM G. SCHWARTZ
     Florida Bar No.: 26978
     Primary E-mail: adam.schwartz@akerman.com
     Secondary E-mail: elisa.waites@akerman.com
     BRANDON G. FORGIONE
     Florida Bar No.: 85891
     Primary E-mail: brandon.forgione@akerman.com
     Secondary E-mail: elisa.waites@akerman.com
     222 Lakeview Avenue, Suite 400
     West Palm Beach, Florida 33401
     Telephone: 561-671-3626
     Facsimile: 561-659-6313

             – and –

     WILLIAM P. HELLER
     Florida Bar No.: 987263
     Primary E-mail: william.heller@akerman.com
     Secondary E-mail: lorraine.corsaro@akerman.com
     Las Olas Centre II, Suite 1600
     350 East Las Olas Boulevard
     Fort Lauderdale, Florida 33301-2229
     Telephone: 954-463-2700
     Facsimile: 954-463-2224

     *Counsel for U.S. Bank*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing, on December 9th, 2013, on all counsel or parties of record on the Service List below.

/s/ Brandon G. Forgione
Brandon G. Forgione

## SERVICE LIST

Johnnie M. Hayes
ijhayes.hayes13@gmail.com
480 West 35th Street
Riviera Beach, Florida 33404
Telephone: 305-923-4350

*Plaintiff, Pro Se*

Priscilla Davis
priscilla3574@gmail.com
480 West 35th Street
Riviera Beach, Florida 33404
Telephone: 754-779-1788

*Plaintiff, Pro Se*

Anika Campbell, Esq.
anika.campbell@csklegal.com
Cole, Scott & Kissane, P.A.
1645 Palm Beach Lakes Boulevard, 2nd Floor
West Palm Beach, Florida 33401

*Defendant*

JP Morgan Chase Corporate Headquarters
270 Park Avenue
New York, NY 10017

*Defendant*

BNC Mortgage, Inc.
1901 Main Street
Irvine, CA 92614-0510

*Defendant*

Chase Fulfillment Center
710 South Ash Street, Suite 200
Glendale, CO 80246-1989

*Defendant*