

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH COUNTY DIVISION

JOHNNIE M. HAYES;
PRISCILLA DAVIS (sui juris)

    Plaintiffs.

                                      Case No.13-80610-CIV-KAM

-v-
U.S BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR STRUCTURED ASSET
INVESTMENT LOAN TRUST
MORTGAGE PASS-THROUGH CERTIFICATES
SERIES 2006-2; BNC MORTGAGE, INC;
JP MORGAN CHASE N.A;
OCWEN LOAN SERVICING, LLC;
CHASE FULFILLMENT CENTER;
ROBERTSON, ANSCHUTZ, & SCHNEID, P.L.;
LAURA A. JACKSON; JAMIE EPSTEIN;
JONATHAN MEISELS; MICHELLE BONDER

    Defendants.

## VERIFIED MOTION TO DISMISS

### PLAINTIFFS' RESPONSE TO DEFENDANT OCWEN MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND STRIKE JURY TRIAL DEMAND

NOW COMES, the Plaintiffs in the above style case Johnnie M. Hayes and Priscilla Davis asserting that the Defendant OCWEN Motion to Dismiss Plaintiffs First Amended Complaint and Strike Jury Trial Demand motion is frivolous and has no merits. Plaintiffs were clear in stating their cause of action and alleging their factual allegations under RESPA, TILA, FDCPA and the FCCPA.

### I.    FACTUAL BACKGROUND

On or about September 6, 2013 Plaintiffs filed a Notice of an Unopposed Request of leave of court to file the First Amended Complaint. However, Plaintiffs erred by not attaching a

Motion of leave of court and their First Amended Complaint to the Notice to Leave of court. Plaintiffs were construing a notice with a motion and assumed that the court would rule whether the Complaint could be attached to the Notice of Leave of Court. On or about December 2, 2013, Plaintiffs filed a Notice to Correct Procedural Error to their Unopposed Motion to Leave to Amend Complaint. Plaintiffs are awaiting the court's ruling, and requesting that the court would allow either a motion to leave to amend the complaint or in the alternative to accept the verified amended complaint and negative averment that was filed on November 15, 2013. On December 2, 2013 Plaintiffs filed a Notice to Correct Procedural Error to an Unopposed Motion to Leave to Amend Complaint.

## Defendant Legal Analysis Argument

### A. Plaintiffs Fail to Identify the Appropriate Pleading Standard: Rebutted

**Plaintiffs response:** The Plaintiffs amended complaint clearly states its factual allegations and aver to its claims and causes of action. Again Rule 8 does **not** require " detailed factual allegation," It appears the Defendant wants the Plaintiffs to layout detailed facts of what was written in the "QWR" the cause of actions was clearly stated in the preliminary statement.

### B. Plaintiffs Fail to Identify the Appropriate RESPA Standard: Rebutted

**Plaintiffs response:** Defendant OCWEN has misconstrued Plaintiffs argument. In Plaintiffs amended complaint count I, stated the four elements of RESPA violations where on line 54 OCWEN and CHASE are servicers of a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2605(e); line 55 Plaintiffs' written requests for information about their account and correction of Defendants' numerous

errors were "qualified written requests" within the meaning of RESPA; and on line 56 OCWEN LOAN SERVICING LLC, CHASE FULFILLMENT CENTER, U.S BANK deliberately failed to respond in a proper and timely way to Plaintiffs' "qualified written requests" for information about, and corrections to, their mortgage account, in violation of 12 U.S.C. §2605(e) see **Exhibit A.**

### C. Plaintiffs Fail to Identify the Appropriate TILA Standard: Rebutted

1. OCWEN claims the Plaintiff claims are based on: (i) the trust closing dated of March 1, 2006; (ii) the loan allegedly being assigned to US BANK at some point prior to the mortgage foreclosure action filed on August 27, 2009; and/or (iii) an assignment executed on October 28, 2009, and "filed" on February 4, 2010.

**Plaintiff Answer:** This is rebutted: Plaintiffs claim that U S BANK does not have capacity as holder in due course, holder or having the capacity to bring an action upon which relief can be granted. Even the Defendants EXHIBIT A; An Uncertified Mortgage Instrument does not show their Name on the instrument as holder or holder in due course, thus failing to show that Plaintiffs has an obligation to pay U S BANK. Neither does their EXHIBIT A show a legal assignment to U S BANK which would obligate the Plaintiffs. Plaintiff claims that on or about August 27, 2009 U S BANK filed a foreclosure complaint in the lower court and attached to the compliant was a bogus alleged mortgage assignment which subsequently took place **after** the filing of the foreclosure complaint rather **than prior** to the foreclosure action being filed. Therefore, failing to comply with the local and federal rules of assignment of negotiable instruments, the defense seem to misinterpret this claim. It is well established in TILA that consumers who later learn of the creditor's TILA violations can allege an equitable tolling of the statute of limitations. When the consumer has an extended right to rescind or pursue other statutory remedies because a violation occurs, the statute of limitations for all their damages the consumers seek extends to **three years** from the date the violation is revealed **McIntosh v. Irwin Union Bank & Trust Co., 215 F.R.D. 26, 30 (D. Mass. 2003).** Plaintiffs reinstated that their claims are not time barred under the

state of limitations by virtue of equitable tolling.  OCWEN says see 15 U.S.C. 1640(e); cites Connell v. Citimortgage, Inc., 2012 WL 5511087, 8 (S.D. Ala. 2012); *Wallace v. Mortg Elec. Registration Sys., Inc.,* 2011WL 1298195,*4 (M.D. Fla. 2011) but Plaintiffs are not alleging any concealment of a validation.

### D. Plaintiffs Fail to State a Claim Under the FDCPA: Rebutted

1. **Plaintiffs response:** On line 55 of Plaintiffs amended complaint, Plaintiffs stated on April 15, 2013 they sent a RESPA letter to OCWEN LOAN SERVICING. A copy of the QWR is attached see **EXHIBIT A, B & C**. The Defendants never complied with Plaintiff's demands for validation of the alleged debt they were attempting to collect yet continued their collection activities. **A debt collector verifies a debt by providing information that is responsive to the consumer's request** See H.R. Rep. No 31, 95th Cong., 1st Sess. 5 1977.  At NO time did OCWEN begin to attempt to properly validate the alleged debt as demanded by Plaintiff. In fact, this was the second debt validation notice. On or about June 15, 2012 the first validation letter was sent responding to a billing financial statement dated May 17, 2012 this was the first initial communication from OCWEN and Plaintiffs responded to this statement within 30 days of its receipt. This clearly demonstrates that OCWEN continued to violate 15 U.S.C 1692g when they continued its debt collection activities by hiring the law firm of Robertson, Anshutz and Schneid, PL to pursue a foreclosure case when the lower court issued an Order of Dismissal for Lack of Prosecution on or about April 15, 2013. In a letter dated April 30, 2013 and May 22, 2013 from U.S BANK to the Plaintiffs it stated that they were not the one's taking **any** legal action against the Plaintiffs that it was OCWEN, the loan servicer who was commencing the action.

OCWEN says the plaintiff contends they violated FDCPA by not registering in the State of Florida, OCWEN misconstrued the plaintiffs' argument. This cause of action falls under Florida Consumer Collection Practice Act (FCCPA) § 559.553 which is alleged here in the amended complaint. Defendants' argument that they did not violate 15 U.S.C. 1692d, 1692e, or 1692f is erroneous and without merit. OCWEN filed suit against the Plaintiffs without having capacity to bring an action and not providing validation after a demand was made by Plaintiffs to OCWEN and no validation of the alleged debt was provided.. However, the Defendants OCWEN makes the bogus and non-factual claim that they do not have to register as a debt collector in any state pursuant to 1692p and they try to argue they are not a debt collector pursuant to this section which is inaccurate and misleading This section 1692p deals with certain bad check enforcement programs operated by private entities.

1692p. Exception for certain bad check enforcement programs operated by private entities.

1692p(a)(1) Treatment of certain private entities- Subject to paragraph (2) a private entity shall be excluded from the definition of a debt collector, pursuant to the exception provided in section 803(6), with respect to the operation by the entity of a program described in paragraph (2)(a) under a contract described in paragraph (2)(b).

Section 803(6)(2)(a) Any officer or employee of a creditor while in the name of the creditor, collecting debts for such creditor;

This section is for the purpose of dealing with bad checks that are received by the creditors, officers, employees of a creditor while in the name of the creditor, collecting debts for such creditor.

OCWEN is not an employee, or officer of U.S BANK this exempts them from this section 1692p. Also OCWEN is not considered an original loan servicer because they brought the alleged debt while it was in default this **fact** also exempts them from this section. It makes them a debt collector under 1692(6)

### E. Plaintiffs Fail to State a Claim Under the FCCPA: Rebutted

**Plaintiffs response:** Defendant OCWEN a loan servicer failed to provide notice of assignment within the meaning of FLA STAT. §559.715.

Defendant OCWEN violated FLA STAT. §559.72(9) claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist;

Defendant OCWEN violated FLA STAT. §559.72(15) Refuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt;

### F. Plaintiffs Jury Trial Demand Should be Stricken: Rebutted

2. **Plaintiffs response:** There is a genuine issue concerning the alleged mortgage and mortgage note US BANK/OCWEN claims to be holder and holder of due course, Plaintiffs asserts that US BANK who is **Ultimately the Master Servicer** cannot provide **any** original instrument to state a claim upon which relief can be granted(**"Mortgage" and "Mortgage Note") pursuant to Fed. R. Evd. 901 and 1002** and if they can provide original instruments they will show that the allege mortgage **in question does not properly recite the terms of**

**repayment because (1) it provides a nominee instead of the real name of the creditor/lender and (2) it does include all the terms and parties to the deal in the PSA. If MERS was used, you have a nominee for title, a nominee for creditor, and therefore no real party on the side of the lender, in terms of on-record activity. This results in the lien being imperfect or never perfected. This makes "line 25" a Jury Trial Waiver of the contract void.** The servicing agent does not have standing, for only a person who is the holder of the note has standing to enforce the note. See, e.g., In re Hwang, 2008 WL 4899273 at 8.

The servicing agent may have standing if acting as an agent for the holder, assuming that the agent can both show agency status and that the principle is the holder. See, e.g., In re Vargas, 396 B.R. 511 (Bankr. C.D. Cal. 2008) at 520. Fact 1. OCWEN brought an action in the name of US BANK without US BANK knowledge.

## CONCLUSION

Defendant Motion falls short of any merits to allow for a dismissal, Plaintiffs has pleaded facts sufficient to allow a court, drawing on "judicial experience and common sense", to infer "more than the mere possibility of misconduct", which easily satisfies its burden of pleading under the FDCPA at this stage. See Ashcroft v. Iqbal, 129 S. Ct. at 1950. Plaintiff's claims should therefore survive dismissal.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter an order denying Defendants' Motion to Dismiss Plaintiffs amended complaint and strike jury trial demand. In the alternative, if the Court determines Plaintiff s has failed to state a claim, Plaintiffs asks the Court to grant leave to amend their Complaint.

## CERTIFICATE OF VERIFICATION

Plaintiffs swear and verify under the Penalty of Perjury under the laws of the United States of America and the State of Florida that they have read the above statements which are not misleading and are true and correct to the best of his/her knowledge they are of good faith arguments well grounded in facts warranted by existing law and statements are not unnecessary delays or to harass or needlessly increase the cost of litigation.

Executed on _30th Dec_, 2013

_____      _____
Johnnie M. Hayes                                    Priscilla Davis

### Certificate of Service

I certify that to the best of the my knowledge, information, and belief, formed after an inquiry reasonable under the circumstance it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery and the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information and that a true copy hereof has been furnished to all parties listed below by the method indicated for each party.

_____      _____
JOHNNIE M. HAYES                                  PRISCILLA DAVIS
480 w 35th st                                             390 w 21st st
Riviera Beach, Fl 33404                           Riviera Beach, Fl 33404
Email ijhayes.hayes13@gmail.com      timms5@comcast.net
305.923.4350                                            754.779.1788

## Certificate of Service

I certify that to the best of the my knowledge, information, and belief, formed after an inquiry reasonable under the circumstance it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery and the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information and that a true copy hereof has been furnished to all parties listed below by the method indicated for each party.

JOHNNIE M. HAYES
480 w 35th st
Riviera Beach, Fl 33404
Email ijhayes.hayes13@gmail.com
305.923.4350

PRISCILLA DAVIS
390 w 21st st
Riviera Beach, Fl 33404
timms5@comcast.net
754.779.1788

Cc
AKERMAN SENTERFITT
Victor.berwin@akerman.com
Brandon.forgione@akerman.com

COLE, SCOTT & KISSANE
Michael.Shiver@csklegal.com
Anika.campbell@csklegal.com
Stephen.harber@csklegal.com

RIVERO MESTRE LLP
cgrieve@riveromestre.com
abernhard@riveromestre.com