IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80610-CIV-KAM

JOHNNIE HAYES;
PRISCILLA DAVIS

    Plaintiffs,

vs.

U.S. BANK NATIONAL ASSOCIATION AS
TRUSTEE FOR STRUCTURED ASSET
INVESTMENT LOAN TRUST MORTGAGE
PASS-THROUGH CERTIFICATES SERIES
2006-2, *et al.,*

    Defendants.
_____/

### DEFENDANTS, ROBERTSON, ANSCHUTZ & SCHNEID, P.L., JAMIE EPSTEIN, MICHELLE BONDER, AND JON MEISELS', MOTION TO DISMISS PLAINTIFFS' VERIFIED FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITIVE STATEMENT

COMES NOW, Defendants, ROBERTSON, ANSCHUTZ & SCHNEID, P.L., JAMIE EPSTEIN, MICHELLE BONDER, AND JON MEISELS, by and through their undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e), hereby files this, its Motion to Dismiss Plaintiffs' Verified First Amended Complaint, or in the alternative, Motion for a More Definitive Statement, and in support thereof, states as follows:

1.    On January 2, 2014, this Honorable Court entered an order deeming the Plaintiffs' previously improperly filed Amended Complaint filed as of the date of the Order. *See* **DE 86.**

2.    The Verified First Amended Complaint contains four courts: (i) violation of RESPA; (2) violation of TILA; (3) violation of the FDCPA; (4) violation of the FCCPA. *See* **DE 63.**

3. The Verified First Amended Complaint also demands declaratory relief and injunctive relief in its Preliminary Statement, but does not actually request such relief in any of the four counts brought. *See* **DE 63.**

4. The only counts with any allegations that appear to be against ROBERTSON, ANSCHUTZ & SCHNEID, P.L., JAMIE EPSTEIN, MICHELLE BONDER, AND JON MEISELS (hereinafter "Defendants") are Count III and Count IV, which allege a violation of the Fair Debt Collection Practices Act (FCDPA) in Count III and a violation of the Florida Consumer Collection Practices Act (FCCPA) in Count IV against these Defendants.

5. The Plaintiffs' Complaint is improper for following reasons:

   a. Does not contain a short and plain statement of the case in violation of Federal Rule of Civil Procedure 8(a)(2);

   b. Does not properly plead the elements of a claim under FDCPA;

   c. Does not properly plead the elements of a claim under FCCPA;

   d. Fails to allege any basis for declaratory or injunctive relief;

   e. Improperly lumps multiple defendants together into one count, thus making it impossible for these Defendants to discern and determine which allegations are being made against it and thereby making it impossible to frame a meaningful response;

   f. Contains a "shotgun" pleading improperly incorporating every preceding paragraph.

WHEREFORE, the Defendants, ROBERTSON, ANSCHUTZ & SCHNEID, P.L., JAMIE EPSTEIN, MICHELLE BONDER, AND JON MEISELS, respectfully ask this Court to

grant its Motion to Dismiss, or in the alternative, grant its Motion for a More Definitive Statement, and for all other relief deemed just and appropriate.

## MEMORANDUM OF LAW

### I.   Background

Plaintiffs brought this instant action against multiple defendants based on what appears to be a debt dispute. The actions against these Defendants allege that they violated the FDCPA and the FCCPA. Generally, the Plaintiffs dispute appears to be focused on the foreclosure of a residential mortgage after a default was entered and the property was ultimately sold at auction. The allegations in Count III against the Defendants, and every other co-defendant, appear to be for violations of FDCPA provisions, including: 15 U.S.C. § 1692d; 15 U.S.C. § 1692e(2); 15 U.S.C. § 1692e(6); 15 U.S.C. § 1692e(8); 15 U.S.C. § 1692e(10); 15 U.S.C. § 1692e(11); 15 U.S.C. § 1692e(14); 15 U.S.C. § 1692f(1); 15 U.S.C. § 1692f(6); 15 U.S.C. § 1692g. Plaintiffs' "allegations" as to each of these alleged violations are mere recitations of the statutory provision, completely devoid of any factual allegations as to these Defendants' conduct.

Additionally, and similar to Count III, Count IV is based on an alleged violation of the FCCPA is brought against all of the other co-defendants in this matter. The provisions of FCCPA allegedly violated by the Defendants are: Fla. Stat. §559.72(9) and Fla. Stat. §559.72(15). In the exact same fashion as Count III, the Plaintiffs' "allegations" as to each of these alleged violations are mere recitations of the statutory provision, again, completely devoid of any factual allegations as to these Defendants' conduct.

### II.   Standard of Review

When reviewing a complaint in light of a Motion to Dismiss filed under FRCP 12(b)(6), the court must accept as true the factual allegations in the complaint and all reasonable

inferences that can be drawn therefrom. *See Reed v. Florida,* 2006 WL 4036651 (S.D. Fla. 2006) *and Moore v. McNeil,* 2011 WL 7145754 (S.D. Fla. 2011). In full disclosure to the Court, this appears to be especially true when parties are proceeding *pro se,* as courts do, and should, show leniency to *pro se* litigants. *Houman v. Lewis,* 2010 WL 2331089 (S.D. Fla. 2010). However, even though this leniency exists, it does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading. *Id.* A *pro se* litigant must nevertheless "conform to procedural rules." *Id. citing Loren v. Sasser,* 309 F.3d 1296, 1304 (11th Cir. 2002).

    **III.**    **Plaintiffs' Complaint is in Violation of F.R.C.P § 8(a)(2)**

Under FRCP 8(a)(2), "a pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief. . ." This rule has been interpreted to mean that it does not "require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcraft v. Iqbal,* 556 US 662 (2009) *citing Bell Atlantic Corp. v. Twombly.* 550 US 544 (2007). A pleading that offers only "labels and conclusion" will not do, nor will a complaint that merely states "naked assertions" devoid of further factual enhancement. *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* Finally, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

The Court articulated a two prong test to examine pleadings under FRCP 8(a)(2).  First, that the court must accept as true all factual allegations, *besides* legal conclusions (emphasis added).  *Id.*  Recitations of a cause of action, the elements thereof, and conclusory statements will not suffice to satisfy the first prong.  *Id.*  Most notably, the Court is not bound to accept as true any legal conclusion that the pleader has tried to make as factual allegations.  *Id.*  Second, the complaint must contain a plausible claim for relief for it to survive a motion to dismiss.  *Id.*

Applying the above pleading requirements to the Plaintiffs' Complaint, it is clear that the Court should dismiss this matter for violating FRCP 8(a)(2).  Specifically, turning to the two prong test, the Plaintiffs have pled only the paragraphs against each Defendant that is not a bare legal conclusion: paragraphs 41 and 42 against Defendant Robertson, Anschutz, and Schneid, P.L., paragraph 47 as to Defendant Epstein, paragraph 48 as to Defendant Meisels, and paragraph 49 as to Defendant Bonder, and these statements merely identify each Defendant's role at the firm.  *See* **DE 63, ¶ 41, 42, 47, 48, 49**.

As you can see in every paragraph and sub-paragraph of Count III, the Plaintiffs make a bare legal conclusion that the Defendants are debt collectors and then puppets the exact language of various sections of FDCPA.  For example, in paragraph 62, subparagraph a, the Plaintiffs list no less than four (4) separate defendants and state, ". . . violated 15 U.S.C. §1692d by . . ." and then cites, **verbatim**, the language of § 1692d.  *See* **DE 63, ¶ 62**.  The Plaintiffs follow this formulaic pleading approach of citing the statute and stating a complete legal conclusion by reciting, verbatim, the statutory language, for the next eleven (11) sub-paragraphs.  *See Id.*  Thus, Count III fails to satisfy the first prong of the *Iqbal* test.

In the exact same manner as Count III, in Count IV, the Plaintiffs employ the same improper, formulaic recitation of the statutory language as a pleading.  First, the Plaintiffs make

a bare legal conclusion that all of the Defendants named in the First Amended Complaint, and even unnamed, unknown defendants such as John P. Little III who is not named in the caption of this case, are "debt collectors within the meaning of FLA STAT. § 559.55(6); §559.55(7)." *See* **DE 63 ¶ 65.** The Plaintiffs then puppet the exact language of two sections of the FCCPA. For example, in paragraph 68, the Plaintiffs identify all of the defendants, then state, "violated FLA STAT. §559.72(9) claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that right does not exist;" This is verbatim the statutory language and does not contain one factual ground on which the violation can be examined. Count IV employs the same, improper formulaic approach for the following paragraph.

These bare legal allegations, absolutely devoid of any factual allegations or support, are the only allegations brought against these Defendants and do not articulate a plausible theory of relief. *See generally* **DE 63**. Therefore, the pleading also fails to satisfy the second prong. Thus, the First Amended Complaint should be dismissed in its entirety as to these Defendants.

Additionally, stepping asides from the *Iqbal* standard, this compliant does not contain a short and plain statement of the case insomuch as it joins allegations against seven (7) defendants into one paragraph. *See* **DE 63, ¶ 62 and ¶ 68 & 69**. Given the current state of the pleadings, these Defendants are unable to discern which allegations are brought against it, and which are brought against the other co-defendants. Therefore, the Plaintiffs' Complaint should be dismissed on the above reasoning alone.

**IV.    Plaintiffs fail to plead the necessary requirements of an FDCPA violation.**

In order to plead a claim under FDCPA, the Plaintiffs must plead that: (1) they have been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector;

and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.  *Pescatrice v. Orovitz,* 539 F.Supp.2d 1375 (S.D. Fla. 2008).   Turning to element one (1), the law requires that the Plaintiffs plead facts necessary to establish the nature of the debt for substantive reasons as FDCPA applies to some debts but not others.  *See Dokumaci v. MAF Collection Services,* 2010 WL 2560024 (M.D. Fla. 2010).  Here, the Plaintiffs have not discussed the nature of the debt, but rather blindly refer to sections of a contract without attaching same to the First Amended Complaint.  These Defendants are unable to ascertain the document or debt they are referring to or examine same to determine the appropriateness of the current cause of action.  Therefore, the Plaintiffs have not properly pled the first prong.

Turning to the second prong, while the Plaintiffs readily classify all of the defendants, including these Defendants, as "debt collectors," they have failed to allege even the slightest scintilla of factual evidence that would make it plausible to determine that these Defendants are in fact debt collectors.  ***See generally* DE 63**.  However, merely stating a legal conclusion that these Defendants are debt collectors is insufficient to state a claim for relief.  *See Correa v. BAC Home Loans Servicing LP,* 2012 WL 1176701 (M.D. Fla. 2012).  Thus, the Plaintiffs have not properly pled the second prong.

Finally, turning to the third element, the Plaintiffs have failed to allege any acts or omissions that would be a violation of FDCPA.  ***See generally* DE 63**.  The Plaintiffs have not pled **any** acts or omissions, on the part of these Defendants, which constitute violations of FDCPA.  Rather, they merely allege that violations have occurred and repeat, verbatim, the language found in the statute.  *See* **DE 63 ¶ 62**.  Thus, the Plaintiffs have not pled the third element properly.

Therefore, for the above, stated reasons, Count III of the Plaintiffs' Verified First Amended Complaint against these Defendants should be dismissed as the Plaintiffs have failed to bring an appropriate cause of action against them insomuch as they failed to properly plead the three (3) elements of a FDCPA claim.

### V.     Plaintiffs fail to plead the necessary requirements of an FCCPA violation.

Plaintiffs allege that these Defendants violated section 559.72(9) and (15), but fail to plead any facts to support such an allegation.  *See* **DE 63 Count IV.**  Again, the claim is completely comprised of an identification of all of the defendants, and even unnamed defendants, along with a verbatim recitation of the language of the statutory section cited in violation of F.R.C.P § 8(a)(2).  Count IV should be dismissed for this reason alone.

Additionally, the FCCPA requires an allegation of knowledge or intent by the debt collector in order to state a cause of action. *Kaplan v. Assetcare, Inc., et al.*, 88 F.Supp.2d 1355, 1363 (S.D. Fla.2000).  Here, again, the Plaintiffs had not made even the slightest factual allegation that these Defendants are debt collectors within the meaning of the statute, but rather, have merely stated they are debt collectors, without **any** supporting factual basis for same. Additionally, the Plaintiffs have not alleged anywhere in their First Amended Complaint that these Defendants had any knowledge or intent in order to properly plead a cause of action under FCCPA.  Therefore, based on the Plaintiffs failure to plead any facts that these Defendants were debt collectors and had knowledge or intent related to their activities, the Plaintiffs have not stated a cause of action for a violation of FCCPA against these Defendants.

Count IV, as pled against these Defendants, is in violation of F.R.C.P. §8(a)(2) and did not plead the necessary elements to state of cause of action under FCCPA.  Thus, Count IV should be dismissed against these Defendants.

### VI.  Plaintiffs fail to allege any basis for Declaratory or Injunctive Relief

As mentioned above, the Preliminary Statement of the First Amended Complaint states that it is bringing a cause of action for declaratory and injunctive relief.  *See* **DE 63.**  However, the Plaintiffs do not actually request injunctive or declaratory relief in any of their four Counts brought in this matter.  *See* **DE 63.**  As such, the Court should dismiss the Plaintiffs' request for injunctive or declaratory relief as they have not even requested same within any of their prayers for relief in this First Amended Complaint and have otherwise failed to plead any facts which would entitle them to same.

### VII.  Plaintiffs' First Amended Complaint is in violation of FRCP 10(b) and thus should be dismissed.

Federal Rule of Civil Procedure Rule 10(b) states "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Here, the Plaintiffs' First Amended Complaint, in Count III and Count IV, impermissibly lumps all defendants together, and even unnamed defendants, and alleges generally that they breached various provisions of FDCPA and FCCPA, respectively.  This is in violation of the above-referenced rule and leaves these Defendants unable to decipher which portions of the allegations relate to it, and which allegations relate solely to their co-defendants in this matter.  Therefore, for pleading the First Amended Complaint in violation of FRCP 10(b), the Plaintiffs' First Amended Complaint should be dismissed in its entirety as to these Defendants.

### VIII.  In the alternative, if the Court finds that the First Amended Complaint should not be dismissed, these Defendants move, pursuant to FRCP 12(e) for a more definitive statement as this First Amended Complaint is a "shotgun" pleading.

Shotgun pleadings, which incorporate every preceding paragraph, have been found to be in violation of FRCP 8 as they do not contain a "short and plain statement of the claims" and in violation of FRCP 10(b) which instructs parties to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances ..." *Gombos v. Central Mortg. Co.,* 2011 WL 832878 (S.D. Fla. 2011).  A defendant faced with a shotgun pleading is not expected to file a responsive pleading as it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Id. citing Anderson v. District Bd. Of Tr. of Cent. Florida Cmty Coll.,* 77 F.3d 364, 366 (11th Cir. 1996).  The appropriate remedy for a shotgun pleading is a more definitive statement under Rule 12(e). *Your Baby Can LLC v. Planet Kids Inc.,* 2011 WL 197421 (S.D. Fla. 2011).

Here, the Plaintiffs' First Amended Complaint is clearly a shotgun pleading. Every single count of this Complaint incorporates all preceding paragraphs into it. *See* **DE 63.** Count III and Count IV, the only counts against these Defendants, in their opening paragraphs 59 and 63, respectively, incorporate paragraphs 1-58 (including Counts I and II) into Count III and incorporate paragraphs 1-62 (including Counts I, II, and III) into Count IV. *See id at* ¶ 59 and 63.

As outlined in Sections III, IV, V, VI, & VII, above, these Defendants submit that this First Amended Complaint should be dismissed, in its entirely, for those reasons alone.  However, if the Court finds that this First Amended Complaint shall not be dismissed, then pursuant to the above-referenced case law, this Court should grant the alternative relief of a more definitive statement as these Defendants are unable to decipher the allegations against it, and are unable to form an appropriate response to same, thus precluding its ability to defend themselves in this matter.

IX. **Conclusion**

This Court should dismiss the Plaintiffs' First Amended Complaint under FRCP 12(b)(6) for failing to state a claim because the First Amended Complaint is in violation of FRCP 8(a)(2) insomuch as it does not make a short and plain statement of the claim. In fact, the Plaintiffs have not pled any facts that support its First Amended Complaint, but have stated voluminous bare legal conclusions which are in violation of the *Iqbal* standard. Second, the Plaintiffs have not pled the appropriate elements of a claim under FDCPA as they have failed to describe the nature of the debt they are referring to, have not properly pled that these Defendants should be considered a "debt collector" under the Act, and have not alleged any facts which would constitute a violation under FDCPA. Third, the Plaintiffs have not properly pled a violation of FCCPA as they have not alleged **any** facts to support their FCCPA claims against these Defendants and have not plead the necessary elements to state a cause of action for a violation of the FCCPA. Finally, the Complaint impermissibly lumps all defendants together in Count III which leaves these Defendants unable to decipher what allegations it faces in this lawsuit.

Alternatively, if the Court finds that the First Amended Complaint should not be dismissed, these Defendants are entitled to, at a bare minimum, a more definitive statement. This complaint is a classic "shotgun" pleading which improperly incorporates all preceding paragraphs into each Count. Again, this has left these Defendants unable to ascertain the allegations against it and the factual background for same. Therefore, if this Court does not dismiss this Complaint in its entirety as to these Defendants, it should, at the very minimum, mandate that a more definitive statement be pled.

Certificate pursuant to Local Rule 7.1

Pursuant to Local Rule 7.1(a)(3) a motion to dismiss for failure to state of cause of action is expressly exempt from the pre-filing conference requirements.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that January 9, 2014, we electronically filed the foregoing document with the Clerk of Court using EM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendants
1645 Palm Beach Lakes Blvd., 2nd Floor
West Palm Beach, Florida 33401
E-Mail: Anika.campbell@csklegal.com
Stephen.harber@csklegal.com
Telephone: (561) 383-9217
Facsimile: (561) 683-8977

By:    /s/ ANIKA CAMPBELL
ANIKA CAMPBELL
FBN: 037371
STEPHEN HARBER
FBN: 96374

l:\1085-0342-00\p\motions\motion to dismiss plaintiff's first amended cal.docx

Service List

Service List

**Brandon Forgione**
**Akerman Senterfitt**
**Brandon.forgione@akerman.com**

**William Heller**
**William.heller@akerman.com**


**(VIA US MAIL)**
**Johnnie M. Hayes**
**480 W. 35th Street**
**Riviera Beach, FL 33404**
**Ijhayes.hayes13@gmail.com**

**(VIA US MAIL)**
**Priscilla Davis**
**480 W. 35th Street**
**Riviera Beach, FL 33404**
**priscilla3574@gmail.com**


**Rivero Mestre LLP**
**Catherine C. Grieve. Esq.**
**cgrieve@riveromestre.com**
**abernhard@riveromestre.com**