IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:13-cv-80610

JOHNNIE HAYES;
PRISCILLA DAVIS

    Plaintiffs,

vs.

U.S. BANK NATIONAL ASSOCIATION AS
TRUSTEE FOR STRUCTURED ASSET
INVESTMENT LOAN TRUST MORTGAGE
PASS-THROUGH CERTIFICATES SERIES
2006-2, *et al.,*

    Defendants.
_____/

## DEFENDANT, ROBERTSON, ANSCHUTZ & SCHNEID, P.L., JAMIE EPSTEIN, MICHELLE BONDER, AND JON MEISELS', UNOPPOSED MOTION TO EXTEND THE DISCOVERY DEADLINE

COMES NOW, Defendant, ROBERTSON, ANSCHUTZ & SCHNEID, P.L., JAMIE EPSTEIN, MICHELLE BONDER, AND JON MEISELS, by and through their undersigned counsel and hereby files this, their Motion to Extend Discovery Deadline, and in support thereof, states as follows:

1.    The Original Complaint in this matter was filed on June 14, 2013.  **DE 1.**

2.    Between July and October, as each of the numerous defendants in this matter were served, each filed a Motion to Dismiss the Complaint.  *See for example* **DE 11, 12, 27, & 48.**

3.    On September 17, 2013, this Honorable Court entered an Order setting trial date & discovery deadlines, referring case to mediation & referring discovery motions to United State Magistrate Judge (hereinafter referred to as the "Trial Order").  **DE 31.**

4.	The Trial Order set the discovery deadline in this matter for March 14, 2014. *Id.*

5.	Thereafter the Plaintiffs attempted to file an Amended Complaint, however were never granted proper leave to file this amendment.

6.	On December 20, 2013, the undersigned propounded discovery on the Plaintiffs.

7.	On January 3, 2014, this Honorable Court entered an order denying as moot all of the previously filed Motions to Dismiss and allowing the Plaintiffs to file an Amended Complaint. **DE 86.**

8.	Again, all of the Defendants that had been served in this matter filed Motions to Dismiss, either before the order referenced in DE 86, or after, according to the terms of DE 86.

9.	These Defendants filed their Motion to Dismiss the Plaintiffs' Amended Complaint on January 9, 2014. **DE 92.**

10.	On December 24, 2013 and January 6, 2014, two of the co-defendants in this case filed Motions to Stay Discovery Pending Resolution of the Dispositive Motions. **DE 80 and 87.**

11.	After the statutory thirty (30) days had passed without receiving any responses, and despite the undersigned's efforts to secure responses to its discovery from the Plaintiffs, the undersigned was forced to file a Motion to Compel on February 6, 2014. **DE 108.**

12.	Plaintiffs also propounded their own discovery, and eventually filed their own motions to compel. **DE 107.**

13.	To date, the undersigned is unaware of any discovery that has been responded to by any of the parties to this suit.

14.	Furthermore, on February 10, 2014, this Honorable Court entered an Order granting the Motions to Stay discovery pending the outcome of the dispositive motions, and

denying without prejudice all of the Motions to Compel and Motions to Strike directed related to discovery.  **DE 109.**

15. Given the fact that the dispositive motions to dismiss still have not been ruled on and that the discovery deadline is less than twenty five (25) days away, the undersigned submits that the discovery deadline needs to be extended.

16. The undersigned has communicated with representatives from all parties in this suit and each has expressly stated they have no opposition to the relief sought in this motion.

17. As such these Defendants respectfully request that if after the resolution of the dispositive motions, a responsive pleading is required by the these defendants, that the discovery deadline be extended sixty (60) days from the date the responsive pleading is due.

## MEMORANDUM OF LAW

Under Federal Rule of Civil Procedure 16(b)(3)(a), a scheduling order may be modified or amended for good cause and with the judge's consent.  This standard has been interpreted to preclude modification unless the schedule cannot be met despite the diligence of the party seeking the extension.  *See White v. De La Osa*, 2012 WL 254803 (S.D. FL 2012) *citing Sosa v. Airprint, Sys., Inc.*, 133 F.3d 1417 (11th Cir. 1998).

The undersigned submits that good cause necessary for an extension has been illustrated in the above.  Specifically, throughout the entire history of this litigation, Motions to Dismiss have been pending, including Motions to Dismiss the now operative Amended Complaint.  Discovery was propounded by the undersigned and sought from the Plaintiffs in a timely manner.  Furthermore, the undersigned filed a Motion to Compel the discovery as to the Plaintiffs and was in the process of drafting a Motion to Compel their depositions as the Plaintiffs refused to provide dates for same.  However, this Honorable Court entered an Order

staying all discovery, and dismissing the Motions to Compel without prejudice until after the dispositive motions are resolved. Assuming the Court were to enter an order on the dispositive motions immediately, the deadline would be less than twenty five (25) days away and the undersigned will not be able to secure responses and complete the discovery necessary in this matter in such a short time.

None of the parties will be prejudiced by an extension of the discovery deadline and this Motion does not seek to extend any other deadline. Furthermore, the undersigned and these Defendants have in no way caused or contributed to the necessity of extending the discovery deadlines. The trial period in this matter begins on August 18, 2014 and will not be effected by the extension sought in this motion.

WHEREFORE, the Defendants, respectfully request that if after the resolution of the dispositive motions, a responsive pleading is required by the these defendants, that the discovery deadline be extended sixty (60) days from the date the responsive pleading is due, and for all other relief this Court deems just and proper.

### Rule 7.1 Certification

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and all parties have expressly stated they have no opposition to the relief sought in this motion.

## CERTIFICATE OF SERVICE

      WE HEREBY CERTIFY that February 27, 2014, we electronically filed the foregoing document with the Clerk of Court using EM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List  in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      COLE, SCOTT & KISSANE, P.A.
      Attorneys for Defendants
      1645 Palm Beach Lakes Blvd., 2nd Floor
      West Palm Beach, Florida 33401
      E-Mail:  Anika.campbell@csklegal.com
           Stephen.harber@csklegal.com
      Telephone: (561) 383-9217
      Facsimile: (561) 683-8977

      By:___/s/ ANIKA CAMPBELL
      ANIKA CAMPBELL
      FBN:  037371
      STEPHEN HARBER
      FBN: 96374

Service List

**Brandon Forgione**
**Akerman Senterfitt**
**Brandon.forgione@akerman.com**

**William Heller**
**William.heller@akerman.com**

**(VIA EMAIL AND US MAIL)**
**Johnnie M. Hayes**
**480 W. 35th Street**
**Riviera Beach, FL 33404**
**Ijhayes.hayes13@gmail.com**

**(VIA EMAIL AND US MAIL)**
**Priscilla Davis**
**480 W. 35th Street**
**Riviera Beach, FL 33404**
**priscilla3574@gmail.com**

**Rivero Mestre LLP**
**Catherine C. Grieve. Esq.**
cgrieve@riveromestre.com
abernhard@riveromestre.com

l:\1085-0342-00\p\motions\motion - extend discovery deadline.docx

Case 9:13-cv-80610-KAM   Document 112   Entered on FLSD Docket 02/27/2014   Page 6 of 6

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD  - 2ND FLOOR  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-9877 FAX