UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-80610-CIV—MARRA/MATTHEWMAN

JOHNNIE HAYES;
PRISCILLA DAVIS,

    Plaintiffs,

U.S. BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR STRUCTURED
ASSET INVESTMENT LOAN TRUST
MORTGAGE PASS-THROUGH CERTIFICATES
SERIES 2006-2, et al.,

    Defendants.
_____/

**DEFENDANTS' MOTION FOR CONTINUANCE OF TRIAL AND EXTENSION OF
SCHEDULING ORDER DEADLINES**

    Defendants, U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-2 ("U.S. Bank") and OCWEN LOAN SERVICING, LLC ("Ocwen") (collectively, "Defendants"), hereby respectfully request a continuance of the August 15, 2014 trial date, and a three (3) month extension of Scheduling Order Deadlines, entered by this court on September 18, 2013 [D.E. 31] and states as follows:

    1.    On April 23, 2014, the undersigned entered an appearance in this case as counsel for U.S. Bank and Ocwen.

    2.    After recently entering an appearance on behalf of the above-referenced Defendants, the undersigned learned of the pending trial date and various trial deadlines, ultimately setting this matter for trial on August 15, 2014.

1

3. On or about December 9, 2013, Defendants filed Motions to Dismiss, which remain pending before this Court. [D.E. 73, 74].

4. On or about February 10, 2014, the Court entered an Order staying discovery pending a resolution of the pending motions to dismiss in this matter. [D.E. 109].

5. At this time, the dispositive motions to dismiss have not yet been ruled upon, and the discovery deadline has passed, therefore the undersigned respectfully requests that the trial date and discovery deadline should be extended.

6. Defendants respectfully request that if after the resolution of the dispositive motions, a responsive pleading is required by these Defendants, that the discovery deadline be extended ninety (90) days from the date the responsive pleading is due, and in the alternative, regardless of the outcome of the pending Motions to Dismiss, that the Scheduling Order Deadlines and the trial date be extended accordingly, to allow all parties involved in this matter to conduct appropriate and necessary discovery prior to trial.

## MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 16(b)(3)(a), when a party files a motion to extend a deadline set in a scheduling order that has already expired, the proper guide to determine whether modification of the scheduling order is appropriate is good cause shown by the moving party. This standard has been interpreted to preclude modification unless the schedule cannot be met despite the diligence of the party seeking the extension. *See De Varona v. Disc. Auto Parts, LLC*, 285 F.R.D. 671, 672-3 (S.D. Fla. Sept. 13, 2012) *citing Sosa v. Airprint, Sys., Inc.*, 133 F.3d 1417 (11th Cir. 1998).

The undersigned submits that due to the pending Motions to Dismiss, and the passing of the discovery deadline, good cause necessary for an extension has been shown, as the discovery deadline as it currently stands cannot be met regardless of the diligence of the Defendants. Although the

2

Motions to Dismiss remain pending, various discovery requests from additional parties remain unanswered based on the Order to Stay Discovery, and thus, we would respectfully submit that this Honorable Court extend the Scheduling Order Deadlines out three (3) months.  Even if this Court were to enter an order on the dispositive motions immediately, the deadline would still have lapsed over two (2) months ago, and the undersigned would not be able to complete any pending or additional discovery necessary in this matter prior to trial.

None of the parties will be prejudiced by an extension of the Scheduling Order deadlines and trial date. Furthermore, the undersigned and these Defendants have in no way caused or contributed to the necessity of extending the discovery deadlines.

WHEREFORE, the Defendants, respectfully request that if after the resolution of the dispositive motions, a responsive pleading is required by the these Defendants, that the discovery deadline be extended ninety (90) days from the date the responsive pleading is due, and the trial date be extended accordingly; or, in the alternative, regardless of the outcome of the pending Motions to Dismiss, that the Scheduling Order Deadlines be extended three (3) months, and the trial date be extended accordingly, and for all other relief this Court deems just and proper.

**[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 19, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record, and sent via U. S. Mail to: Johnnie M. Hayes and Priscilla Y. Davis, 480 West 35th Street, Riviera Beach, FL 33404.

> Blank Rome, LLP
> 1200 N. Federal Highway
> Suite 312
> Boca Raton, FL 33432
> Telephone:  561-417-8100
> Facsimile:  561-417-8101
>
>
> /s/*Monika E. Siwiec*
> MONIKA E. SIWIEC
> Florida Bar No.: 92050
> BocaEService@BlankRome.com
> MSiwiec@BlankRome.com
> NICOLE R. TOPPER
> Florida Bar No.: 558591
> NTopper@BlankRome.com

140383.01275/50598423v.1