UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80610-CIV-MARRA

JOHNNIE HAYES,
PRISCILLA DAVIS,

    Plaintiffs,

v.

U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE
FOR STRUCTURED ASSET INVESTMENT LOAN TRUST
MORTGAGE PASS-THROUGH CERTIFICATES
SERIES 2006-2; BNC MORTGAGE, INC.;
JP MORGAN CHASE N.A.;
OCWEN LOAN SERVICING, LLC;
CHASE FULFILLMENT CENTER;
ROBERTSON, ANCHUTZ , & SCHNEID, P.L.;
LAURA A. JACKSON; JAMIE EPSTEIN;
JONATHAN MEISELS; MICHELLER BONDER,

    Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon several Defendants' Motions to Dismiss Verified First Amended Complaint (DE 69, 73, 74, 92), and various other filings. The Motions are ripe for review. The Court has considered the briefing and is otherwise fully advised in the premises.

**I. Background**

This case stems from a foreclosure action filed against Plaintiffs by U.S Bank in 2009. In this case, Plaintiffs, proceeding *pro se*, bring several claims against various entities and persons who were involved with Plaintiff's mortgage and foreclosure. In particular, Plaintiffs' Verified First Amended Complaint alleges violations of: (1) the Real Estate Settlement Procedures Act, 12 U.S.C.

§ 2605 ("RESPA") by BNC Mortgage,[1] Chase,[2] Ocwen, and U.S. Bank (Count I); (2) the Truth in Lending Act, 15 U.S.C. § 1641 ("TILA") by BNC Mortgage, JPMorgan Chase N.A., U.S. Bank (Count II); (3) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), by U.S. Bank, Chase, Ocwen, Robertson, Anschutz, & Schneid, P.L., Laura A. Jackson, Jamie Epstein, Jonathan Meisels, John P. Little III and Michelle Bonder (Count III); and (4) the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.715 and 559.72, by U.S. Bank, Ocwen, Robertson, Anschutz & Schneid, P.L., Laura A. Jackson, Jamie Epstein, Jonathan Meisels, and Michelle Bonder (Count IV).

Plaintiffs' factual allegations are hard to follow. It appears that the original creditor of the mortgage was BNC Mortgage, and JPMorgan Chase was the original servicer. The mortgage was then sold or assigned to U.S. Bank, and Ocwen became the new servicer. Plaintiffs allege that various Defendants failed to respond to Plaintiffs' qualified written requests for information about their account, failed to notify Plaintiffs of the transfer of ownership of the mortgage, and then engaged in inappropriate collections practices. Defendants JPMorgan Chase, N.A., Ocwen, U.S. Bank, Robertson, Anschutz & Schneid, P.L., and attorneys who work for this law firm, Jamie Epstein, Michelle Bonder, and Jon Meisels, filed Motions to Dismiss arguing that Plaintiffs failed to state any claims upon which relief could be granted.

---

[1] There is no indication in the record that Plaintiffs served Defendants BNC Mortgage, Laura A. Jackson, and John P. Little III.

[2] The Verified First Amended Complaint specifies that "Chase" means Chase Fulfillment Center, and that "JPMorgan" means JPMorgan Chase Bank, N.A. A Clerk's Default was entered against Chase Fulfillment Center on January 31, 2014 (DE 100). On June 12, 2014, JPMorgan Chase Bank, N.A. moved to set aside the default against Chase Fulfillment Center.

**II. Legal standard for Motion to Dismiss**

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Overall, a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* (internal quotation omitted); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

**III. Discussion**

**A. RESPA claim**

Plaintiffs bring their RESPA claim against Defendants BNC Mortgage, Chase, Ocwen, and

U.S. Bank.  Ocwen and U.S. Bank moved for dismissal.  Plaintiffs allege that U.S. Bank was the purchaser or the assignee of the mortgage, and that Ocwen became the new servicer of the loan. Verified First Am. Compl., ¶¶ 24, 28 (DE 63).  Further, Plaintiffs state that they had sent qualified written requests ("QWR") for information about Plaintiffs' account to these Defendants, and that Defendants failed to respond.

"[T]o state a claim for violation of RESPA § 2605(e), plaintiffs must allege facts showing that: (1) defendant is a loan servicer, (2) plaintiffs sent defendant a valid QWR, (3) defendant failed to adequately respond within the . . . statutory period, and (4) plaintiffs are entitled to actual or statutory damages." *Marsh v. BAC Home Loans Servicing, LP*, 2:09-CV-813, 2011 WL 1196415, at *7 (M.D. Fla. 2011) (citing 12 U.S.C. § 2605).  A QWR must identify the borrower and either include a statement of the reasons the borrower believes there is an error in the account, or provide sufficient detail to the servicer regarding other information sought by the borrower. 12 U.S.C.A. § 2605(e)(1)(B) (West); *Echeverria v. BAC Home Loans Servicing, LP*, 900 F. Supp. 2d 1299, 1306 (M.D. Fla. 2012) aff'd, 523 F. App'x 675 (11th Cir. 2013).  Statutory damages may be awarded when there is a "pattern or practice" of nondisclosure. 12 U.S.C. § 2605(f)(1)(B); *Frazile v. EMC Mortg. Corp.*, 382 F. App'x 833, 836 (11th Cir. 2010).

Here, on the face of the Complaint, it is clear that the TILA claim against U.S. Bank is time barred.  Plaintiffs state that Ocwen was a loan servicer.  In contrast, Plaintiffs allege that U.S. Bank was the owner of the debt.  Further, Plaintiffs, in a conclusory fashion, label the correspondence they sent as "qualified written requests," and offer no details about the content of the correspondence. Lastly, Plaintiffs pled neither actual damages nor a pattern or practice of noncompliance with RESPA to warrant statutory damages.  Accordingly, Plaintiffs' RESPA claim against Ocwen and

U.S. Bank cannot survive. Plaintiffs will have leave to amend Count I of the Complaint as to Ocwen. However, because RESPA only applies to servicers, Plaintiffs RESPA claims against U.S. Bank is dismissed without leave to amend.

**B. TILA claim**

Plaintiffs bring their TILA claims against Defendants BNC Mortgage, JPMorgan Chase, and U.S. Bank. JPMorgan Chase and U.S. Bank moved for dismissal. Plaintiffs allege that JPMorgan Chase was the original servicer of the loan, and that U.S. Bank was the creditor who acquired the rights to enforce Plaintiffs' mortgage. Verified First Am. Compl., ¶¶ 21, 26, 28, 29, 54 (DE 63). Plaintiffs state that these Defendants violated TILA, 15 U.S.C. § 1641(g), because they failed to notify Plaintiffs of the assignment of the mortgage as required by the statute. JPMorgan Chase and U.S. Bank argue that Plaintiffs claims cannot succeed because (1) Plaintiffs failed to provide any facts supporting the allegations; (2) TILA does not impose liability on servicers, and (3) the TILA claim is barred by the statute of limitations.

TILA requires the new owner of a debt to notify the borrower of the transfer of ownership of the debt within 30 days of the transfer, *see* 15 U.S.C.A. § 1641(g) (West), and provides a private right of action against creditors who fail to comply with this requirement, *see* 15 U.S.C.A. § 1640 (West). However, TILA does not impose liability on servicers. 15 U.S.C.A. § 1641(f) (West); *Kissinger v. Wells Fargo Bank, N.A.*, 888 F. Supp. 2d 1309, 1312 (S.D. Fla. 2012). Accordingly, Plaintiffs' TILA claim against JPMorgan Chase cannot survive the Motion to Dismiss, and any amendment will be futile as to this Defendant.

Further, TILA claims must be brought within one year of the occurrence of the violation. 15 U.S.C.A. § 1640(e) (West). This statute of limitations is subject to equitable tolling. *Ellis v. Gen.*

*Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998). "'Equitable tolling' is the doctrine under which plaintiffs may sue after the statutory time period has expired if they have been prevented from doing so due to inequitable circumstances." *Id.*

Here, Plaintiffs state that U.S. Bank filed a complaint for foreclosure as the new owner of the debt on August 27, 2009. Verified First Am. Compl., ¶ 1. Likewise, Plaintiffs received correspondence on behalf of U.S. Bank in 2009. *Id.*, ¶ 38. Plaintiffs did not initiate this suit alleging that U.S Bank had failed to notify them of the transfer of the ownership of the debt until June, 2013. Thus, even if Plaintiffs can show that U.S. Bank did not comply with TILA, Plaintiffs cannot rely on equitable tolling, and have failed to bring their TILA claims against U.S. Bank timely. Accordingly, Plaintiffs' TILA claim against U.S. Bank must be dismissed without leave to amend.

**C. FDCPA and FCCPA claims**

Plaintiffs bring their FDCPA and FCCPA claims against Defendants U.S. Bank; Chase; Ocwen; Robertson, Anschutz & Schneid, P.L., and the lawyers who work for this law firm, Laura A. Jackson, Jamie Epstein, Michelle Bonder, and Jon Meisels. The FDCPA claim is also brought against John P. Little III, an individual who purchased Plaintiffs' property after the final judgment of foreclosure had been issued. Plaintiffs state that all these Defendants are debt collectors and have engaged in inappropriate collection practices. Defendants U.S. Bank, Ocwen, Robertson, Anschutz & Schneid, P.L., Jamie Epstein, Michelle Bonder, and Jon Meisels moved for dismissal.

**1. FDCPA claim**

"The elements of an FDCPA claim include: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt[] collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Pescatrice v.*

*Orovitz*, 539 F. Supp. 2d 1375, 1378 (S.D. Fla. 2008).

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.A. § 1692a (West). However, "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person" is excluded. 15 U.S.C.A. § 1692a(6)(F)(iii) (West). Failure to plead that the debt was not in default when it was obtained by the defendant is fatal. *Benjamin v. CitiMortgage, Inc.*, 12-62291-CIV, 2013 WL 1891284, at *3 (S.D. Fla. 2013). Likewise, the FDCPA exempts from the definition of a debt collector "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C.A. § 1692a(6)(A) (West).

Here, Plaintiffs do not allege that their mortgage was in default when it was transferred to Ocwen for servicing. Also, Plaintiffs state that U.S. Bank was collecting a debt that belonged to it, and provide no further details. Thus, Plaintiffs failed to allege that Ocwen and U.S. Bank were debt collectors under the FDCPA. Additionally, the Verified First Amended Complaint contains only paraphrasing of the statutory language describing violations of the FDCPA without factual support. Accordingly, Plaintiffs FDCPA claims against Defendants U.S. Bank, Ocwen, Robertson, Anschutz & Schneid, P.L., Jamie Epstein, Michelle Bonder, and Jon Meisels cannot survive the Motions to Dismiss. However, Plaintiffs shall have leave to amend this count.

**2. FCCPA claim**

Plaintiffs allege that Defendants named in Count IV failed to register as consumer collection

agencies in violation of section 559.553 of the FCCPA; failed to give Plaintiffs the required notice of assignment of the mortgage in violation of section 559.715; and threatened to enforce a debt knowing that the debt was not valid, and refused to identify themselves while attempting to collect a debt in violation of section 559.72(9) and (15).

Under FCCPA, "[a]ny person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow." Fla. Stat. Ann. § 559.77. Accordingly, there is no private cause of action for violations of sections 559.715 and 559.553. *Trent v. Mortgage Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1364 (M.D. Fla. 2007) aff'd, 288 F. App'x 571 (11th Cir. 2008).

Here, Plaintiffs' allegations that Defendants violated section 559.72 are mere recitations of the statutory language unsupported by facts giving a fair notice of the claim. Further, the allegations are inconsistent because Plaintiffs state that the foreclosure action resulted in a final judgment, yet fail to explain how the debt could be invalid. Accordingly, Plaintiffs' FCCPA claim must be dismissed with leave to amend.

**D. Shotgun pleading**

A court may strike a "shotgun pleading" because such pleadings impede the administration of justice. *Magluta v. Samples*, 256 F.3d 1282, 1285 (11th Cir. 2001); *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002). "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions. Consequently, in ruling on the sufficiency of a claim, the trial court must sift out the irrelevancies, a task that can be quite onerous." *Strategic Income Fund,*

*L.L.C.*, 305 F.3d at 1295.

Here, the Verified First Amended Complaint contains multiple allegations upon which no claim appears to be based. Further, each count incorporates all previous paragraphs. Thus, this is a classic "shotgun pleading." The Court is granting Plaintiffs leave to amend certain counts as to certain Defendants as outlined above. However, any future Complaint must adhere to the requirements of Rule 8 and be "a short and plain statement of the claims."

### IV. Conclusion

Accordingly, JPMorgan Chase Bank, N.A.'s (DE 69), Ocwen's (DE 73), U.S. Bank's (DE 74), and Robertson, Anschuzt & Schneid, P.L., Jamie Epstein, Michelle Bonder, and Jon Meisel's (DE 92) Motions to Dismiss are **GRANTED**. Plaintiffs will have leave to amend their Complaint consistent with this Opinion and Order within **20 days** from the date of the Order. Plaintiffs' responses to the Motions to Dismiss filed as motions (DE 77, 101) are **DENIED AS MOOT**. Defendants' Motions for an extension of pre-trial deadlines and continuance of the trial (DE 112, 123, 124, 126) are **GRANTED**. This case is **TAKEN OFF** the August 18, 2014 trial calendar, and the calendar call set for August 15, 2014 is **CANCELLED**. Discovery remains **STAYED**. Within 20 days after the last responding party either files an answer or a motion pursuant to Fed. R. Civ. P. 12(b) in relation to any future Second Amended Complaint, whichever is earlier, the parties shall confer to develop a new schedule and discovery plan for the case. Within 5 days of this conference, the parties shall file a new joint scheduling report.

Defendant JPMorgan Chase Bank, N.A.'s Second Motion to Stay Discovery (DE 111) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of June, 2014.

_____
KENNETH A. MARRA
United States District Judge