UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH COUNTY DIVISION



FILED by _____ C.
JUL 2 4 2014
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

JOHNNIE M. HAYES;
PRISCILLA DAVIS (sui juris)

      Plaintiffs.

                               Case No.13-80610-CIV-KAM

-v-
U.S BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR STRUCTURED ASSET
INVESTMENT LOAN TRUST
MORTGAGE PASS-THROUGH CERTIFICATES
SERIES 2006-2; BNC MORTGAGE, INC;
JP MORGAN CHASE BANK N.A;
OCWEN LOAN SERVICING, LLC;
CHASE FULFILLMENT CENTER
ROBERTSON, ANSCHUTZ, & SCHNEID, P.L.;
JAMIE EPSTEIN; JONATHAN MEISELS; MICHELLE BONDER

      Defendants.

## VERIFIED
## SECOND AMENDED COMPLAINT

Plaintiffs' JOHNNIE M. HAYES and PRISCILLA DAVIS, hereby jointly sues Defendants, U.S

BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT

LOAN TRUST,  MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-2; BNC

MORTGAGE INC;OCWEN LOAN SERVICING, LLC; JP MORGAN CHASE  BANK N.A;

CHASE FULFILLMENT CENTER; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L.; JAMIE

EPSTEIN; JONATHAN MEISELS; MICHELLE BONDER

---

1 U.S BANK  means U.S BANK NATIONAL ASSOCIATION
2 BNC means BNC MORTGAGE INC.
3 OCWEN means OCWEN LOAN SERVICING, LLC
4 JP MORGAN means JP MORGAN CHASE BANK N.A
5 CHASE means CHASE FULFILLMENT CENTER

## PRELIMINARY STATEMENT

1. This is an action for damages brought for violations of the Real Estate Settlement

Practices Act (RESPA) 12 U.S.C. §2605 et seq.; for damages for violations of the Fair Debt

Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; and for declaratory and injunctive

relief and the Florida Consumer Collection Practices Act (FCCPA), FLA.STAT. 559(Part VI)

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 12 U.S.C. §2614; 15 U.S.C. §1692;

and 28 U.S.C. §1331.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391b.

4. This is an action for damages which exceeds $75,000.00.

## PARTIES

5. Plaintiffs, PRISCILLA DAVIS and JOHNNIE M. HAYES, are residents of the State

of Florida and consumers pursuant to 15 U.S.C. §1692a (3) and Title 31 FLA. STAT.

§559.55(2)

6. Defendant, U.S BANK, is a debt collector pursuant to 15 U.S.C. §1692a(6)   a foreign

OHIO Corporation, not authorized to do business in Florida.

7. Defendant, BNC MORTGAGE, INC, is a CALIFORNIA Corporation that is no longer

in business and not authorized to do business in Florida.

8. OCWEN LOAN SERVICING, LLC is a debt collector under 15 U.S.C. §1692a (6)

not authorized to do business in Florida;

9. CHASE FULFILLMENT CENTER is a debt collector under 15 U.S.C. §1692a (6)  and

is not authorized to do business in Florida.

10. JP MORGAN CHASE BANK, N.A, is not authorized to do business in Florida.

11. ROBERTSON, ANSCHUTZ, & SCHNEID, P.L. is a debt collector law firm 15 U.S.C. §1692a(6) and authorized to do business in Florida.

12. JAMIE EPSTEIN ("Epstein") is debt collector Attorney for ROBERTSON, ANSCHUTZ, & SCHNEID, P.L pursuant to 15 U.S.C. §1692a(6)

13. JONATHAN MEISELS ("Meisels"), is debt collector Attorney for ROBERTSON, ANSCHUTZ, & SCHNEID, P.L pursuant to 15 U.S.C. §1692a(6)

14. MICHELLE BONDER ("Bonder"), is debt collector Attorney for ROBERTSON, ANSCHUTZ, & SCHNEID, P.L pursuant to 15 U.S.C. §1692a(6)

15. All conditions precedent to the bringing of this action have been performed, waived or excused.

16. Plaintiffs contend that they were subject to collection activity arising from a consumer debt. Defendant U. S BANK N.A and its agents have entered fraudulent documents upon the court.

17. Plaintiffs contend the Defendants U.S BANK TRUSTEE, J.P MORGAN CHASE, CHASE FULFILLMENT CENTER, OCWEN LOAN SEVICING, ROBERTSON, ANSCHUTZ & SCHNEID, P.L and its attorneys JAMIE EPSTEIN; JONATHAN MEISELS & MICHELLE BONDER has participated in an act or omission prohibited by the FDCPA, RESPA, FCCPA and TILA.

## FACTUAL ALLEGATIONS

18. On or about January 30, 2006 JOHNNIE M. HAYES executed and delivered a Promissory note and JOHNNIE MAE HAYES and PRISCILLA DAVIS executed and delivered a mortgage as a family and/or household obligation to BNC MORTGAGE, INC.

19. On or about February 2006 BNC MORTGAGE, INC the alleged Original Creditor assigned, sold or transferred Plaintiff's **mortgage and note.** The mortgage was assigned, sold or transferred to JP MORGAN CHASE BANK, N.A and the note was assigned, sold or transferred to STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-2 and its investors, which is a breach of contract in line 20 of the mortgage. The mortgage and note was not in default at that time.

20. BNC MORTGAGE, INC as the Original Creditor failed to send Plaintiffs the notice of assignment or transfer of the mortgage to JP MORGAN CHASE BANK, N.A and a breach of contract in line 20 of the mortgage.

21. BNC MORTGAGE, INC as the Original Creditor failed to send Plaintiffs the notice of assignment or transfer of the note to STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-2 and its investors and a breach of contract in line 20 of the mortgage.

22. JP MORGAN CHASE BANK, N.A has assumed the role as the Original Creditor and transferred or assigned the mortgage to its subsidiary CHASE FULFILLMENT CENTER. At this time the mortgage was not in default. CHASE FULFILMENT CENTER acted as a servicer on the behalf of JP MORGAN CHASE BANK, N.A. The date of the transfer or assignment is unknown to Plaintiffs. JP MORGAN CHASE BANK, N.A failed to send a notice

of sell, assignment or transfer notifying the Plaintiffs of transfer or assignment to CHASE

FULFILLMENT CENTER and a breach of contract in line 20 of the mortgage.

23. As servicer, CHASE FULFILLMENT CENTER failed to send Plaintiffs notice of the

sell, transfer, or assignment of the mortgage for which it would be servicing.

24. On or about June 2008 Plaintiffs stopped making payments and the mortgage went

into default. Shortly thereafter, Plaintiffs entered into an agreement to do a loan modification.

There were two trial modifications periods, both times Plaintiffs made timely payments and sent

in the required documents as part of the trial period. Defendant CHASE FULFILLMENT

CENTER **denied** both loan modifications and the reason stated was because of "missing

documents". CHASE FULFILLMENT CENTER was collecting on a defaulted mortgage and

continued to attempt to collect on the debt in default for nearly 2 years from Plaintiffs, which

classifies CHASE FULFILLMENT CENTER as a debt collector under FDCPA.

25. CHASE FULFILLMENT CENTER has transitioned into a debt collector because it

was collecting on a debt in default. CHASE FULFILLMENT CENTER failed to give proper

notice of its collection of the defaulted debt and sent multiple billing statements without the

mini-miranda which is a violation of FDCPA. CHASE FULFILLMENT CENTER directly

injured Plaintiffs because of its failure to give proper notices limiting Plaintiffs alternative to

seek remedy under section 22 of the mortgage, and as a result Plaintiffs home was foreclosed on.

26. On or about August 19, 2009 U.S BANK, N.A an unknown entity to Plaintiffs, filed a

foreclosure action on the Plaintiffs **note** for $199, 295.78, foreclosing as a debt collector under

15 U.S.C§ 1692a (6), because the mortgage and note was in default. Plaintiffs had no knowledge

of the foreclosure proceeding and as a debt collector trustee U.S. BANK did not have the right to

foreclose on the Plaintiffs property, the mortgage and note had been split. U.S. BANK was not a

**real party of interest** and lacked capacity and standing to foreclose. U.S. BANK also failed to give proper notice under 15 U.S.C §1692g and attempted to collect on a debt it had no interest in. Defendant was collecting on a debt and is in the business of soliciting consumer debts for collection while not registered to do business in Florida violating FLA STAT. §559.553(1); § 559.553(6)   See (Exhibit A) both certified copies of complaint and assignment

27. On or about February 4, 2010 almost six months after filing its complaint, U.S. BANK entered a fraudulent assignment upon the Palm Beach County Clerk of Records by MARSHALL C. WATSON, P.A, (the attorney of record at that time). The assignment was signed by one of the law firm's attorneys CARYN A. GRAHAM. Acting as secretary for MERS, Ms. Graham assigned Plaintiffs' mortgage issued by BNC MORTGAGE, INC to U.S BANK. The document was prepared and recorded by MARSHALL C. WATSON P.A., a clear conflict of interest.

28. A recent internet search on BNC MORTGAGE, INC clearly states on or about August 22, 2007 Lehman Brothers shuts down its subprime mortgage lending unit "BNC MORTGAGE" and filed for bankruptcy on or about January 9, 2009 which would be impossible for US BANK to have received an assignment from BNC MORTGAGE on February 4, 2010 as alleged by US BANK the transfer would have had to happen on or before January 9, 2009. See (Exhibit E internet print-out on BNC Mortgage).

29. Plaintiffs discovered that CARYN A. GRAHAM  was posing in positions that she did not have capacity to operate in. She has signed as Vice President *and* Secretary of MERS. A query to the MERS confirmed that Ms. Graham is not an employee of MERS. But according to MERS' spokesperson  Karmela Lejarde , Caryn A. Graham is not an "authorized officer[s] of Mortgage Electronic Registration Systems, Inc."

30. An examination of the Securities and Exchange Commission's website reveals that U.S. BANK is acting as Trustee for STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-2 and its investors (whom are the real parties in interest).  The Pooling and service agreement states that all mortgages, in which the Plaintiffs' mortgage was securitized had a closing date of March 1, 2006.This means the actual assignment of mortgage had to take place prior to the day of the closing as required by the Trustee and the insurance carrier or the Trust would have been in violation of Regulation AB, Item 1122(d)(4)(ii). And  CARYN A. GRAHAM  could possible been able to assign to note to US BANK.

31. U.S BANK, AS TRUSTEE is prohibited from acting ultra vires to transfer the subject mortgage loan into the trust after closing date. Defendant failed to prosecute from August 19, 2009 through February 8, 2013. The actual Servicing and Pooling agreement can be found at the following website: http://www.secinfo.com/d13f21.vEg.htm#1stPage.

32. On or about November 14, 2011 and January 10, 2012 Plaintiffs sent CHASE FULFILLMENT CENTER the alleged servicer a Qualified Written Request by certified mail return receipt identifying the Plaintiff and requesting to validate the accounting of the alleged obligation, pursuant to the Fair Debt Collection Practices Act and RESPA. See (Exhibit B) (Qualified Written Request and B1 mailing receipt.)

33.From May 2008 to or round about April 2012 CHASE FULFILLMENT CENTER continued to attempt to collect on the defaulted mortgage and subsequently was reporting derogatory information on Plaintiffs credit report  which affect the Plaintiff credit score and failed to notify the consumer reporting agency that the debt was in dispute. Plaintiffs also

disputed this debt with the 3 major credit bureaus. See (Exhibit F Dispute and Exhibit G credit reports Experian and Transunion).

34. CHASE FULFILLMENT CENTER never verified the debt and sold, assigned or transferred the mortgage obligation while the mortgage was in default on or about April of 2012 to OCWEN LOAN SERVICING, LLC.

35. On or about May 17, 2012 Plaintiffs received a billing statement requesting $48, 960.19 with a principle balance of 142,356.85 from OCWEN LOAN SERVICING. OCWEN LOAN SERVICING failed to comply with 15 U.S.C § 1692g because after the billing statement was sent, it failed to send the written notice within five days containing the amount of the debt, to whom the debt is owed, and a statement unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

36. On or about June 15, 2012 and August 1, 2012 Plaintiffs sent OCWEN LOAN SERVICING  Qualified Written Requests by certified mail, identifying the Plaintiffs and requesting validation and accounting of the alleged obligation pursuant to the Fair Debt Collection Practices Act. (See Exhibit C OCWEN QWR and C1 mailing receipt).

37. OCWEN LOAN SERVICING continue to attempt to collect on the debt without validating it, by sending 10 billing statements to collect on a debt that it did not have the capacity to collect on. OCWEN LOAN SERVING continued reporting derogatory information on the Plaintiffs consumer credit report in violation of 15 U.S.C §1692 and failed to notify the credit reporting agency that the debt was being disputed. See (Exhibit G credit reports Experian and Transunion)

38. Plaintiff has been injured by OCWENS actions and omissions, Plaintiff credit score was affect by it derogatory reporting and was denied of a loan to purchase another home and because of its failure to give proper notices which limited Plaintiffs alternative to seek remedy under section 20 of the mortgage, and as a result of OCWEN actions Plaintiffs home was foreclosed on. OCWEN actions caused Plaintiffs emotional stress, embarrassment and humiliation.

39. Plaintiffs were not obligated to pay JP MORGAN CHASE, CHASE FULFILLMENT CENTER, US BANK or OCWEN at any point in time. The mortgage contract had been breached by the original creditor BNC MORTGAGE for failure to send notice of assignment pursuant to the original mortgage agreement. This breach caused the mortgage to be defective and void of its obligation to pay all subsequent owners and their agents; JP MORGAN CHASE BANK; CHASE FULFILLMENT CENTER; U.S BANK or OCWEN.

40. On or about February 8, 2013 a NOTICE AND ORDER OF DISMISSAL FOR LACK OF PROSECUTION was issued by JUDGE DIANA LEWIS for lack of prosecution on the behalf of U.S BANK. On or about February 21, 2013 ROBERTSON, ANSCHUTZ, & SCHNEID, P.L filed a NOTICE OF APPEARANCE AS LEAD COUNSEL for Defendants U.S BANK.

41. On or about April 15, 2013, Plaintiffs sent a letter in compliance with RESPA by certified mail to Defendants U.S BANK and its agents; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L and OCWEN. The letter contained the Plaintiffs name and requested certain documents of the accounting (the Original documents will be sent to the Judge's Chambers for an in camera review, the documents cannot be place in the public record because of the damage it may cause to the Plaintiffs interest and the Public interest).

_9_

42. The Plaintiffs sent a validation letter to ROBERTSON as a Partner at ROBERTSON, ANSCHUTZ, & SCHNEID, P.L., who has responsibility for the actions of the firm, and has been notified of its illegal and unethical activities in the foreclosure case against Plaintiffs. He has **overseen the violations of FDCPA** and chosen to ignore his responsibilities in rectifying these problems.

43. The Plaintiffs sent a validation letter to ANSCHUTZ as a Partner at ROBERTSON, ANSCHUTZ, & SCHNEID, P.L, who has responsibility for the actions of the firm, and has been notified of its illegal and unethical activities in the foreclosure case against Plaintiffs. He has chosen to ignore his responsibilities in rectifying these problems.

44. The Plaintiffs sent a validation letter to SCHNEID as a Partner at ROBERTSON, ANSCHUTZ, & SCHNEID, P.L., who has responsibility for the actions of the firm, and has been notified of its illegal and unethical activities in the foreclosure case against Plaintiffs. He has chosen to ignore his responsibilities in rectifying these problems.

45. The Plaintiffs sent a validation letter to JAMIE EPSTEIN as an attorney at ROBERTSON, ANSCHUTZ, & SCHNEID, P.L, who has been active in the foreclosure case against Plaintiffs, and has been notified of its illegal and unethical activities in the foreclosure case against Plaintiffs. He has chosen to ignore his responsibilities in rectifying these problems.

46. The Plaintiffs sent a validation letter to JONATHAN MEISELS as an attorney at ROBERTSON, ANSCHUTZ, & SCHNEID, P.L, who has been active in the foreclosure case against Plaintiffs, and has been notified of its illegal and unethical activities in the foreclosure case against Plaintiffs. He has chosen to ignore his responsibilities in rectifying these problems.

47. The Plaintiffs sent a validation letter to MICHELLE BONDER as an attorney at ROBERTSON, ANSCHUTZ, & SCHNEID, P.L, who has been active in the foreclosure case

against Plaintiffs, and has been notified of its illegal and unethical activities in the foreclosure case against Plaintiffs. She has chosen to ignore her responsibilities in rectifying these problems.

48. Defendants U.S BANK; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L and OCWEN  has failed to respond appropriately to the RESPA letter. After Plaintiffs sent a QWR Defendants continued to collect on the defaulted debt.  FDCPA states that any disputed debts must cease from collection attempts until the debt is validated. Defendants continued to seek collection from Plaintiffs and as a result Plaintiffs home was foreclosed on because of the illegal collection activities.

49. Defendants CHASE FULFILLMET CENTER and OCWEN LOAN SERVICING made persistent efforts to collect on a defaulted debt and used the U.S postal service to send mail as well as instrumentality of interstate commerce.

50. Defendants U.S BANK; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L and OCWEN on or about May 24, 2013 filed a final summary judgment in the Palm Beach County Circuit Court which resulted in a writ of execution and Plaintiffs was evicted from their property.

51. Defendant JP MORGAN CHASE BANK under the "Doctrine of Respondent Superior" is liable for the wrongful acts of its subsidiary CHASE FULFILLMENT CENTER.

52. The Plaintiffs may not have made a clear differentiation between JP MORGAN CHASE BANK N.A AND CHASE FULFILLMENT CENTER (CFC) is a subsidiary of JP MORGAN CHASE BANK. Plaintiffs were made to believe and assumed that they are one in the same because of the similarity in name, being that both having 'CHASE' within their name. Also JP MORGAN CHASE BANK is still trying to confuse the court and the Plaintiffs with the name "JP CHASE & CO".

53. On or about May 15, 2014 Plaintiffs sent Blank Rome, LLP a debt validation letter to validate the alleged obligation it was attempting to collect on the behalf of its Principles OCWEN LOAN SERVICING & US BANK. Blank Rome, LLP failed to validate the alleged obligation and sent by Express UPS on July 18, 2014 a post-sale payoff demand statement. The total amount due and owing is $187,433.40 with an expiration date of August 8, 2014. OCWEN LOAN continues its attempts to collect on the alleged obligation it does not have capacity to collect on and misrepresenting the character amount of the alleged obligation. See (Exhibit D).

## COUNT I
## VIOLATION OF REAL ESTATE SETTLEMENT
## PROCEDURES ACT (RESPA), 12 U.S.C. §2605
## BY DEFENDANT CHASE FULFILLMENT CENTER AND OCWEN

54. Defendants OCWEN and CHASE FULFILLMENT CENTER are servicers of a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2605.

55. Plaintiffs' written requests identified the Plaintiffs as borrower and a validation of owner and accurate accounting and correction of Defendants' numerous errors. Plaintiffs "qualified written requests" is within the meaning of RESPA.

56. OCWEN LOAN and CHASE FULFILLMENT CENTER deliberately failed to respond in a proper and timely way to Plaintiffs' "qualified written requests" for information about, and corrections to, their mortgage account, in violation of 12 U.S.C. §2605(e).

WHEREFORE, Plaintiffs demands judgment against OCWEN LOAN, CHASE FULFILLMENT CENTER for a proper accounting and application of their mortgage payments, jointly and severally for their actual damages, statutory damages, treble and/or punitive damages,

_12_

and attorney's fees and costs, along with any other and further relief as the court deems just and proper, pursuant to12 U.S.C. §2605.

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 U.S.C. §1692
## BY DEFENDANTS U.S BANK; CHASE FULFILLMENT CENTER; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L; JAMIE EPSTEIN; JONATHAN MEISELS; AND MICHELLE BONDER

57. Plaintiffs is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a (3).

58. Defendants US BANK; CHASE FULFILLMENT CENTER; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; JAMIE EPSTEIN; JONATHAN MEISELS AND MICHELLE BONDER  are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

59. Defendants  US BANK; CHASE FULFILLMENT CENTER; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; JAMIE EPSTEIN; JONATHAN MEISELS; AND MICHELLE BONDER violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   (a) Defendant JP MORGAN CHASE BANK used its agent CHASE FULFILLMENT CENTER to service it mortgage agreement. CHASE FULFILLMENT acted on behalf of  any creditor in the process of collecting his own debt uses any name other than its own violated 15 U.S.C §1692a (6).

   (b) Defendants US BANK; CHASE FULFILLMENT CENTER; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L; JAMIE EPSTEIN; JONATHAN MEISELS; AND MICHELLE BONDER   all failed to validate this debt as demanded

— 13

by Plaintiffs after being sent multiple validation letters and consistently pursued to take the Plaintiffs property and causing it to be taken by writ of possession violating 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

(c) Defendants US BANK; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L; JAMIE EPSTEIN; JONATHAN MEISELS; MICHELLE BONDER; U.S. BANK and its agents listed above falsely characterized the debt when it filed a judgment foreclosure action on August 19, 2009 against the Plaintiffs for $199, 295.78 violating 15 U.S.C. §1692e (2) by falsely representing the character, amount, or legal status of any debt.

(d) Defendant OCWEN LOAN SERVICING LLC falsely characterized a debt when it attempted to collect on May 17, 2012 an amount of $142,356.85 and on July 18, 2014 an amount of $187, 433.40 from Plaintiffs, violating 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

(e) Defendant US BANK; OCWEN , LLC; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; JAMIE EPSTEIN; JONATHAN MEISELS AND MICHELLE BONDER and its agents listed above falsely characterized the debt when it filed a judgment foreclosure action on August 19, 2009 against the Plaintiffs for $199, 295.78. They failed to comply with line 20 of the mortgage and causing the consumer (Plaintiffs) to lose their interest in the property. This is a violation of 15 U.S.C. §1692e (6) of sale or transfer of any interest in the debt which will cause the consumer to lose any claim or defense to payment of the debt.

(f) Defendant CHASE FULFILLMENT CENTER failed to send Plaintiffs validation of the mortgage and subsequently sold the mortgage to OCWEN causing Plaintiffs to

—14

lose their interest in Plaintiffs home. This is a violation of 15 U.S.C. §1692e (6) of sale or transfer of any interest in the debt which will cause the consumer to lose any claim or defense to payment of the debt.

(g)  Defendants CHASE FULFILLMENT CENTER and OCWEN were reporting inaccurate and derogatory information to the credit bureaus and they knew the information was inaccurate  violating 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a debt is disputed.

(h) Defendant US BANK; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L; JAMIE EPSTEIN; JONATHAN MEISELS AND MICHELLE BONDER commenced a foreclosure action against the Plaintiff when they knew they could not take this action and used it as a deceptive means to obtain the Plaintiff property from them violating 15 U.S.C. §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(i)  Defendants  US BANK;  ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; JAMIE EPSTEIN; JONATHAN MEISELS AND MICHELLE BONDER  foreclosed on the Plaintiffs property for $199, 295.78 a misrepresentation of the character amount of a debt violating 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(j) Defendant OCWEN sent a demand letter on July 18, 2014  for a mortgage debt it knew it cannot collect on for an amount of $187,433.40 which is misrepresentation of the character amount of a debt violating 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(k) Defendant US BANK; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L; JAMIE EPSTEIN; JONATHAN MEISELS AND MICHELLE BONDER caused a foreclosure action against the Plaintiffs and knowing they were not able to do this because they were not a person of capacity or interest to bring a foreclosure action against the Plaintiffs violating 15 U.S.C. §1692f (6) taken or threatened to unlawfully repossess or disable the consumer's property.

(l) Defendant US BANK; CHASE FULFILLMENT CENTER; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; JAMIE EPSTEIN; JONATHAN MEISELS AND MICHELLE BONDER failed to send any initial notices of their Debt Collector status and fail to notify the Plaintiffs of their  rights and remedies they may would of have had available to them thus violating 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiffs in connection with the collection of any debt, failing to send Plaintiffs a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is

disputed, the debt collector will obtain verification of the debt or a copy of a

judgment against the consumer and a copy of such verification or judgment will be

mailed to the consumer by the debt collector; and a statement that, upon the

consumer's written request within the thirty-day period, the debt collector will

provide the consumer with the name and address of the original creditor, if different

from the current creditor.

WHEREFORE, Plaintiffs demands judgment against US BANK; CHASE

FULFILLMENT CENTER; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L; JAMIE

EPSTEIN; JONATHAN MEISELS AND MICHELLE BONDER jointly and severally for their

actual or statutory damages, and punitive damages, attorney's fees and costs.

## COUNT III
**VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANTS US BANK; CHASE FULFILLMENT CENTER; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L; JAMIE EPSTEIN; JONATHAN MEISELS; AND MICHELLE BONDER**

60. Plaintiffs is a consumer within the meaning of the FLA STAT. §559.55(2)

61. Defendants  US BANK; CHASE FULFILLMENT CENTER; OCWEN; ROBERTSON,

ANSCHUTZ, & SCHNEID, P.L; JAMIE EPSTEIN; JONATHAN MEISELS AND

MICHELLE BONDER are debt collectors within the meaning of FLA STAT. §559.55(6);

§559.55(7);

62. Defendants US BANK; CHASE FULFILLMENT CENTER AND OCWEN; are not

authorized to do business in Florida within the meaning of FLA STAT. §559.55(1); §

559.553(4); §559.553(6); §559.553(7); §559.553(8).

 63.  Defendants US BANK; CHASE FULFILLMENT CENTER AND OCWEN was

collecting on a defaulted debt and is in the business of soliciting consumer debts for

collection while not registered to do business in Florida violating FLA STAT. §559.553(1); § 559.553(6)


 (a) Defendants  BNC MORTGAGE INC.; US BANK; JP MORGAN CHASE BANK; CHASE FULFILLMENT CENTER; AND OCWEN failed to provide notice of assignment that is in the mortgage and as a result the Plaintiffs property was foreclosed on violating FLA STAT. §559.715. Assignment of consumer debts.--This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment within 30 days after the assignment. The assignee is a real party in interest and may bring an action in a court of competent jurisdiction to collect a debt that has been assigned to such assignee and is in default.

(b) Defendants  US BANK; OCWEN; CHASE FULFILLMENT CENTER;ROBERTSON ANSCHUTZ & SCHNEID, P.L; JAMIE EPSTEIN; JONATHAN MEISELS AND MICHELLE BONDER all failed to respond to the multiple written requests sent by Plaintiffs and failed to notify the credit reporting agencies that the Plaintiffs were disputing the alleged debt violating FLA STAT. §559.72 (6) Disclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact. If a disclosure is made prior to such reasonable dispute having been asserted and written notice is received from the debtor that any part of the debt is disputed and if such dispute is reasonable, the person who made the original disclosure shall reveal upon the request of the debtor within 30 days the details of the dispute to each person to whom disclosure of the debt without notice of the dispute was made within the preceding 90 days;

(c) Defendants US BANK; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L;
JAMIE EPSTEIN; JONATHAN MEISELS AND MICHELLE BONDER participated in
foreclosing on the Plaintiffs property in August of 2009 when they knew they were not
parties who had capacity or standing to collect on the alleged obligation violating FLA
STAT. §559.72(9) claim, attempt, or threaten to enforce a debt when such person knows that
the debt is not legitimate or assert the existence of some other legal right when such person
knows that the right does not exist.

(d) Defendant OCWEN sent a letter on June 24, 2013  attempting to collect on a debt
violating FLA STAT. §559.72(9) claim, attempt, or threaten to enforce a debt when such
person knows that the debt is not legitimate or assert the existence of some other legal right
when such person knows that the right does not exist.

WHEREFORE, Plaintiffs demands judgment against BNC MORTGAGE INC.; U.S
BANK; CHASE FULFILLMENT; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ;
JAMIE EPSTEIN; JONATHAN MEISELS AND MICHELLE BONDER) jointly and severally
for their actual and statutory damages, plus costs and reasonable attorney's fees.

### DEMAND FOR JURY TRIAL
Plaintiff's hereby demands a trial by jury of all issues so triable as a matter of law.

### VERIFIED CERTIFICATION
We Priscilla Davis and Johnnie M. Hayes have read the forgoing statement and everything within above
are true, and correct to the best of my acknowledge under the circumstance it is not being presented for
any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of
litigation; the claims, defenses, and other legal contentions are warranted by existing law or by a
nonfrivolous argument.

/ |9 /

Certificate of Service

I certify that to the best of the my knowledge, information, and belief, formed after an inquiry reasonable under the circumstance it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery and the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information and that a true copy hereof has been furnished to all parties listed below by the method indicated for each party.

JOHNNIE M. HAYES
480 w 35th st
Riviera Beach, Fl 33404

PRISCILLA DAVIS
480 w 35th st
Riviera Beach, Fl 33404

Cc:

COLE, SCOTT & KISSANE
1645 PBL BLVD 2ND FL
WEST PALM BEACH, FL  33401

RIVERO MESTRE LLP
2525 PONCE DE LEON STE#1000
CORAL GABLES, FL  33134

BLANK ROME, LLP
1200 N. FEDERAL HWY STE#312
BOCA RATON, FL  33432

