IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:13-cv-80610

JOHNNIE HAYES;
PRISCILLA DAVIS

       Plaintiffs,

vs.

U.S. BANK NATIONAL ASSOCIATION AS
TRUSTEE FOR STRUCTURED ASSET
INVESTMENT LOAN TRUST MORTGAGE
PASS-THROUGH CERTIFICATES SERIES
2006-2, *et al.,*

       Defendants.

_____/

### DEFENDANTS, ROBERTSON, ANSCHUTZ & SCHNEID, P.L., JAMIE EPSTEIN, MICHELLE BONDER, AND JON MEISELS', MOTION TO DISMISS PLAINTIFFS' VERIFIED SECOND AMENDED COMPLAINT

COMES NOW, Defendants, ROBERTSON, ANSCHUTZ & SCHNEID, P.L., JAMIE EPSTEIN, MICHELLE BONDER, AND JON MEISELS (hereinafter referred to as these "Defendants"), by and through their undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e), hereby files this, its Motion to Dismiss Plaintiffs' Verified Second Amended Complaint, and in support thereof, states as follows:

1.      On June 30, 2014, this Honorable Court entered an Order dismissing the Plaintiffs' Verified First Amended Complaint, without prejudice as to the above-referenced Defendants and gave the Plaintiffs' twenty (20) days to refile a complaint. DE 131.

2.      The twenty (20) days this Honorable Court gave the Plaintiffs to re-file a complaint expired on July 21, 2014. *See* DE 131.

3.        Thereafter, on July 24, 2014, after the twenty (20) days had expired, the Plaintiffs filed a Verified Second Amended Complaint. DE 137.

4.        The Verified Second Amended Complaint contains three (3) counts: (i) violation of RESPA; (ii) violation of FDCPA; and (iii) violation of FCCPA. *See* DE 137.

5.        The only counts with any allegations that appear to be against ROBERTSON, ANSCHUTZ & SCHNEID, P.L., JAMIE EPSTEIN, MICHELLE BONDER, AND JON MEISELS (hereinafter "these Defendants") are Count II and Count III, which allege a violation of the Fair Debt Collection Practices Act (FCDPA) in Count II and a violation of the Florida Consumer Collection Practices Act (FCCPA) in Count III. *See* DE 137.

6.        The Plaintiffs' Verified Second Amended Complaint is improper for following reasons:

    a.   It was filed outside of the twenty (20) day leave granted by this Honorable Court;

    b.   It does not contain a short and plain statement of the case in violation of Federal Rule of Civil Procedure 8(a)(2);

    c.   The FDCPA claim is brought outside of the applicable Statute of Limitations;

    d.   These Defendants are protected by the litigation privilege and cannot be held liable for litigating the foreclosure action brought against the Plaintiffs;

    e.   Does not properly plead the elements of a claim under FDCPA;

    f.   The Plaintiffs' own allegations as to these Defendants absolve them of any liability in relation to the FDCPA;

    g.   Does not properly plead the elements of a claim under FCCPA;

    h.   The Plaintiffs' own allegations as to these Defendants absolve them of any liability in relation to the FCCPA;

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

    i.    It improperly attempts to attach individual liability to the individual defendants listed above: JAMIE EPSTEIN, MICHELLE BONDER, AND JON MEISELS;

    j.    Improperly lumps multiple defendants together into one count, thus making it impossible for these Defendants to discern and determine which allegations are being made against it and thereby making it impossible to frame a meaningful response;

WHEREFORE, the Defendants, ROBERTSON, ANSCHUTZ & SCHNEID, P.L., JAMIE EPSTEIN, MICHELLE BONDER, AND JON MEISELS, respectfully ask this Court to grant its Motion to Dismiss with prejudice, and for all other relief deemed just and appropriate.

## MEMORANDUM OF LAW

### I.    Background

Plaintiffs brought this instant action against multiple defendants based on what appears to be a debt dispute. The actions against these Defendants allege that they violated the FDCPA and the FCCPA. Generally, the Plaintiffs dispute appears to be focused on the foreclosure of a residential mortgage after a default was entered and the property was ultimately sold at auction. The allegations in Count II against the Defendants, and other co-defendants, appear to be for violations of FDCPA provisions. Plaintiffs' "allegations" as to each of these alleged violations consist of a completely unrelated set of factual allegations followed by mere recitations of the statutory provision, completely devoid of any factual allegations as to these Defendants' conduct.

Additionally, and similar to Count II, Count III is based on alleged violations of the FCCPA and is brought against multiple other co-defendants in this matter. The provisions of FCCPA allegedly violated by these Defendants are: Fla. Stat. §559.72(6) and Fla. Stat. §559.72(9). In the exact same fashion as Count II, the Plaintiffs' "allegations" as to each of

these alleged violations consist again of unrelated factual allegations followed by mere recitations of the statutory provision, again, completely devoid of any factual allegations as to these Defendants' conduct.

## II.   Standard of Review

When reviewing a complaint in light of a Motion to Dismiss filed under FRCP 12(b)(6), the court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom.  *See Reed v. Florida,* 2006 WL 4036651 (S.D. Fla. 2006) *and Moore v. McNeil,* 2011 WL 7145754 (S.D. Fla. 2011).  In full disclosure to the Court, this appears to be especially true when parties are proceeding *pro se,* as courts do, and should, show leniency to *pro se* litigants.   Houman v. Lewis, 2010 WL 2331089 (S.D. Fla. 2010). However, even though this leniency exists, it does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading.  *Id.*  A *pro se* litigant must nevertheless "conform to procedural rules."  Id. citing Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002).

## III.   Plaintiffs' Complaint was filed in violation of this Court's order and thus should be dismissed with prejudice.

The Plaintiffs' Verified Second Amended Complaint was filed outside of the leave granted by this Honorable Court and in violation of this Court's order and thus should be dismissed with prejudice.  Under F.R.CP. 41(b), a court has authority to dismiss actions for failure to obey its orders. Goforth v. Owens, 766 F.2d 1533 (11th Cir. 1985).  "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.1989).

Here, this Honorable Court, in its order gave the Plaintiffs twenty (20) days leave to amend their complaint <u>consistent</u> with the Opinion and Order.   DE 131 entered on June 30, 2014.  Here, the Plaintiffs filed their Verified Second Amended Complaint on July 24, 2014, **outside** of the twenty (20) days of leave granted.  Furthermore, as will be outlined in detail below, the Plaintiffs did not amend their complaint to be consistent with the Opinion and Order and thus, the Court should dismiss the Verified Second Amended Complaint as to these Defendants with prejudice.

## IV.    Plaintiffs' Complaint is in Violation of F.R.C.P § 8(a)(2)

Under FRCP 8(a)(2), "a pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief. . ."  This rule has been interpreted to mean that it does not "require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcraft v. Iqbal,</u> 556 US 662 (2009) *citing* <u>Bell Atlantic Corp. v. Twombly.</u>  550 US 544 (2007).  A pleading that offers only "labels and conclusion" will not do, nor will a complaint that merely states "naked assertions" devoid of further factual enhancement.  <u>Id.</u>  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." <u>Id.</u>  Finally, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u>  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" <u>Id.</u>

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

The Court articulated a two prong test to examine pleadings under FRCP 8(a)(2). First, that the court must accept as true all factual allegations, *besides* legal conclusions (emphasis added). Id. Recitations of a cause of action, the elements thereof, and conclusory statements will not suffice to satisfy the first prong. Id. Most notably, the Court is not bound to accept as true any legal conclusion that the pleader has tried to make as factual allegations. Id. Second, the complaint must contain a plausible claim for relief for it to survive a motion to dismiss. Id.

Applying the above pleading requirements to the Plaintiffs' Complaint, it is clear that the Court should dismiss this matter for violating FRCP 8(a)(2). Specifically, as seen in every paragraph and sub-paragraph of Count II, the Plaintiffs make a bare legal conclusion that a large group of Defendants are debt collectors under the FDCPA. DE 137 at ¶ 58. Furthermore, the Plaintiffs go on to allege, against a group of defendants, a set of factual circumstances that are totally unrelated to a violation of the FDCPA, and then allege that the unrelated actions violated by FDCPA by quoting from the FDCPA. As an example, in paragraph 59, subparagraph b, the Plaintiffs list no less than eight (8) separate defendants and state, " failed to validate this debt. . . violated 15 U.S.C. §1692d by . . ." and then cites, **verbatim**, the language of § 1692d. *See* DE 137 at ¶ 59. The Plaintiffs follow this formulaic pleading approach of citing the statute and stating a complete legal conclusion by reciting, verbatim, the statutory language, for the twelve (12) sub-paragraphs of paragraph 59. *See* Id. Thus, Count II fails to satisfy the *Iqbal* standard.

In the exact same manner as Count II, in Count III, the Plaintiffs employ the same improper, formulaic recitation of the statutory language as a pleading. First, the Plaintiffs make a bare legal conclusion that a group of seven (7) defendants, are "debt collectors" within the meaning of FLA STAT. § 559.55(6); §559.55(7)." *See* DE 137 at ¶ 61. The Plaintiffs then allege a set of factual circumstances that appear unrelated to the statute as the basis of the

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

violation of the statute and then puppet the exact language of two sections of the FCCPA. DE 137. For example, in paragraph 63, the Plaintiffs identify between five (5) and seven (7) defendants for each subparagraph, then state a set of unrelated factual circumstances followed by "violated FLA STAT. §559.72(9)" followed by a citation, verbatim, to the language of the statute. DE 137. This formulaic approach against multiple defendants is not a short and plan statement in violation of the *Iqbal* standard.

Additionally, stepping asides from the *Iqbal* standard, this compliant does not contain a short and plain statement of the case insomuch as it joins allegations against seven (7) defendants into one paragraph. *See* DE 137 at Counts II and III. Given the current state of the pleadings, these Defendants are unable to discern which allegations are brought against it, and which are brought against the other co-defendants. Therefore, the Plaintiffs' Complaint should be dismissed on the above reasoning alone.

## V. Count II of Plaintiffs' Verified Second Amended Complaint is brought outside of the applicable Statute of Limitations and must be dismissed as to these Defendants with prejudice.

Count II of the Plaintiffs' Verified Second Amended Complaint is barred by the applicable Statute of Limitations and must be dismissed with prejudice as to these Defendants. The FDCPA requires that suit be filed "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). This Honorable Court has found that service of a debt collection lawsuit on an individual, not the filing of the lawsuit triggers the statute of limitations period. Perez v. Bureaus Inv. Group No. II, LLC, 2009 WL 1973476 (S.D. Fla. 2009). In Perez, the Defendant filed a cause of action for a breach of contract against the Plaintiff, Perez. Id. The central allegations in that dispute were that Perez' alleged debt was owed and overdue. Id. After being served with the first suit, Perez attempted to file a separate lawsuit against the Defendant

alleges violations of the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act. Id. The Defendant filed a Motion to Dismiss asserting that the Plaintiff's claims were brought outside of the applicable statute of limitations, as the Plaintiff was served in the first suit more than a year prior to her bringing the instant dispute. Id. The Court found that the triggering event for the statute of limitations was the service of the complaint in the first suit. Id.

Similarly to Perez, by the Plaintiffs' own admission, on August 19, 2009, U.S. BANK, N.A. allegedly filed a foreclosure action against the Plaintiffs. DE 137 at ¶ 26. According to the docket, on September 9, 2009, the Plaintiffs were served with the foreclosure lawsuit. *See* **Exhibit "A."** Looking at the allegations within the four (4) corners of Plaintiffs Verified Second Amended Complaint, on May 24, 2013, a final summary judgment was entered against them in the underlying foreclosure action. DE 137 at ¶ 50. According to the Plaintiffs' own Verified Second Amended Complaint, on February 21, 2013, these Defendants, through their law firm of ROBERTSON, ANSCHUTZ & SCHNEID, P.L., filed a notice of appearance as lead counsel for Defendants U.S. Bank. DE 137 at ¶ 40. The Plaintiffs further allege that they sent these Defendants a letter in compliance with RESPA on April 15, 2013. DE 137 at ¶ 41.

The Statute of Limitations started to run as to a FDCPA claim from the date of service, thus barring the Plaintiffs from filing an FDCPA claim based on the foreclosure suit on September 9, 2010. On the other hand, if this Court accepts that the cause of action based on the FDCPA accrued when the Plaintiffs allegedly sent a RESPA letter to these Defendants, than the Plaitniffs' cause of action based on the FDCPA expired on April 15, 2014. Finally, if the Court looks solely to the allegations in the Verified Second Amended Complaint, the Final Summary Judgment entered, by the Plaintiffs' own admission, was entered on May 24, 2013, making the present cause of action based on the FDCPA expire on May 24, 2014, at the absolute latest.

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Thus, under either scenario, the Plaintiffs' FDCPA claim against these Defendants is in violation of the applicable Statute of Limitations and the FDCPA claim must be dismissed as to these Defendants with prejudice.

**VI.  These Defendants' actions are protected by the litigation privilege and thus the Plaintiffs' cause of action based on the FCCPA must be dismissed, with prejudice, as to these Defendants.**

These Defendants are protected by the litigation privilege and thus the Plaintiffs' cause of action based on the FCCPA must be dismissed, with prejudice, as to these Defendants.  Florida law provides complete judicial immunity "to any act occurring during the course of a judicial proceeding ... so long as the act has some relation to the proceeding." Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole, 950 So.2d 380, 384 (Fla.2007).   "The Florida Supreme Court has made clear that the privilege extends to statutory causes of action: 'The litigation privilege applies across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin.'" Id. "The mere existence of litigation does not attach the privilege to every communication between litigants; rather, the communication must be analyzed in light of its relation to the litigation." Perez, citing North Star Capital Acquisitions, LLC v. Krig, 611 F.Supp.2d 1324, 1331 (M.D.Fla.2009).   Finally, numerous courts have held that the litigation privilege extends beyond suits in state court, and have applied it to FCCPA claims brought in federal court. Perez citing Trent v. Mortgage Elec. Registration Sys., Inc., No. 06–cv–374, 2007 WL 2120262, at *3 (M.D.Fla. Jul.20, 2007).

In Perez, the only basis for the Plaintiffs alleged FCCPA claim was based on an underlying debt collection lawsuit.  Id.  The Court found that the collection lawsuit clearly relates to a judicial proceeding, and was the sole basis of the Plaintiff's FCCPA claim.  Id.  The Court specifically noted that Perez did not allege or plead that basis of its claim on pre-suit

collection attempts, letters, or communications, or any conduct outside of litigation the underlying collection lawsuit. Id.

Exactly as in Perez, and based on the allegations in the Plaintiffs' own Verified Second Amended Complaint, the only allegations pertaining to these Defendants relate to their notice of appearance filed and litigation of the underlying foreclosure action. DE 137. Thus, all actions of these Defendants that the Plaintiffs complain constitute a violation of the FCCPA, are protected by the litigation privilege and for this reason the Plaintiffs' FCCPA claim must be dismissed with prejudice as to these Defendants.

**VII.    Plaintiffs fail to plead the necessary requirements of an FDCPA violation.**

In order to plead a claim under FDCPA, the Plaintiffs must plead that: (1) they have been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. Pescatrice v. Orovitz, 539 F.Supp.2d 1375 (S.D. Fla. 2008).   Turning to the second prong, while the Plaintiffs readily classify all of the defendants, including these Defendants, as "debt collectors," they have failed to allege even the slightest scintilla of factual evidence that would make it plausible to determine that these Defendants are in fact debt collectors. *See generally* DE 137.  However, merely stating a legal conclusion that these Defendants are debt collectors is insufficient to state a claim for relief. *See* Correa v. BAC Home Loans Servicing LP, 2012 WL 1176701 (M.D. Fla. 2012). Thus, the Plaintiffs have not properly pled the second prong.

Turning to the third element, the Plaintiffs have failed to allege any acts or omissions that would be a violation of FDCPA by these Defendants. *See generally* DE 137. The Plaintiffs have not pled **any** acts or omissions, on the part of **these** Defendants, which constitute violations of FDCPA.   DE 137.   As mentioned above, and pled in the Plaintiffs' own Verified Second

Amended Complaint, these Defendants merely litigated a foreclosure action that was already instituted. Furthermore, the Plaintiffs attempt to take some action and plead it as a violation of the FDCPA and merely, again, that certain unrelated actions have occurred and repeat, verbatim, the language found in the statute, as the basis for a violation. DE 137. Thus, the Plaintiffs have not properly pled the third prong.

Therefore, for the above, stated reasons, Count II of the Plaintiffs' Verified Second Amended Complaint against these Defendants must be dismissed as the Plaintiffs have failed to bring an appropriate cause of action against them insomuch as they failed to properly plead the three (3) elements of a FDCPA claim. Furthermore, in failing to allege the necessary elements of a cause of action against these Defendants based on FDCPA, the Plaintiffs are in violation of this Court's Opinion and Order which granted leave for the Plaintiffs to amend their complaint consistent with the Opinion. DE 131. For this failure to follow the Court's order, the Verified Second Amended Complaint should be dismissed with prejudice as to these Defendants.

**VIII.   The very allegations in the Plaintiffs' Verified Second Amended Complaint against these Defendants do not support a cause of action under FDCPA.**

Turning to the allegations of the Plaintiffs' own complaint, it is again clear that these Defendants have not violated the FDCPA.  In Paragraph 40, the Plaintiffs allege that these Defendants notice their appearance as Counsel for US Bank in the underlying foreclosure action. DE 137. By the very allegations in the complaint, this occurred <u>after</u> the underlying foreclosure action was already filed. DE 137 at ¶ 26. However, in Count II at Paragraph 59, the Plaintiff only alleges that these Defendants did the following:

> (b) Defendants US BANK; CHASE FULFILLMENT CENTER; OCWEN;   ROBERTSON, ANSCHUTZ, & SCHNEID, P.L; JAMIE EPSTEIN; JONATHAN MEISELS; AND MICHELLE BONDER all failed to validate this debt as demanded by Plaintiffs after being sent multiple validation letters and consistently pursed

to take the Plaintiffs property and causing it to be taken by writ of possession violating 15 U.S.C. §1692d by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person.

(c)   Defendants US BANK; ROBERTSON, ANSCHUTZ & SCHNEID, P.L; JAMIE EPSTEIN; JONATHAN MEISELS; MICHELLE BONDER; U.S. BANK and its agents listed above falsely characterized the debt **when it filed a judgment foreclosure action** on August 19, 2009 against the Plaintiffs for $199, 295.78 violating 15 U.S.C. §1692e (2) by falsely representing the character, amount or legal status of any debt. . . . (emphasis added)

(e)   Defendant US BANK; OCWEN , LLC; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; JAMIE EPSTEIN ; JONATHAN MEISELS AND MICHELLE BONDER and its agents listed above falsely characterized the debt **when it filed a judgment foreclosure action** on August 19, 2009 against the Plaintiffs for $199, 295.78. They failed to comply w1t11 line 20 of the mortgage and causing the consumer (Plaintiffs) to lose their interest in the property. This is a violation of 15 U.S.C. § 1692e (6) of sale or transfer of any interest in the debt which will cause the consumer to lose any claim or defense to payment of the debt. . . . (emphasis added)

(h)   Defendant US BANK; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L; JAMIE EPSTEIN; JONATHAN MEISELS AND MICHELLE BONDER **commenced a foreclosure action** against the Plaintiff when they knew they could not take this action and used it as a deceptive means to obtain the Plaintiff property from them violating 15 U.S.C. § 1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. (emphasis added)

(i)   Defendants US BANK; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; JAMIE EPSTEIN; JONATHAN MEISELS AN D MICHELLE BONDER **foreclosed on the Plaintiffs property** for $199, 295.78 a misrepresentation of the character amount of a debt violating 15 U.S.C. § 1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . (emphasis added)

(k)   Defendant  US  BANK;  OCWEN;  ROBERTSON, ANSCHUTZ, & SCHNEID, P.L; JAMIE EPSTEIN; JONATHAN MEISELS AND MICHELLE BON DER **caused a foreclosure action against the Plaintiffs** and knowing they were not able to do this because they were not a person of capacity or interest to bring a foreclosure action against the Plaintiffs violating 15 U.S.C. § 1692f (6) taken or threatened to unlawfully repossess or disable the consumer's property. (emphasis added)

(l)   Defendant  US  BANK;  CHASE  FULFILLMENT CENTER; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; JAMIE EPSTEIN ; JONATHAN MEISELS AND MICHELLE BONDER failed to send any initial notices of their Debt Collector status and fail to notify the Plaintiffs of their rights and remedies they may would of have had available to them thus violating 15 U.S.C. § 1692g by, within five days after the initial communication with Plaintiffs in connection with the collection of any debt, failing to send Plaintiffs a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

As outlined in the above paragraphs quoted from Plaintiffs' Verified Second Amended Complaint, they alleged, in paragraphs (c), (e), (h), (i), and (k) that these Defendants (coupled with various other defendants), filed a foreclosure action against the Plaintiffs that was improper. DE 137 at ¶ 59.  However, the Plaintiffs previously alleged, in their own Verified Second Amended Complaint, that these Defendants did not file the foreclosure action, but rather, filed a Notice of Appearance regarding same, in 2013. DE 137 at ¶ 40.  Thus, by the Plaintiffs' own admission, these Defendants could not have done what the Plaintiffs are alleging they did that was a violation of the FDCPA as alleged in paragraphs (c), (e), (h), (i), and (k) (filing the

COLE, SCOTT & KISSANE, P.A.
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

lawsuit). Thus, by the Plaintiffs own admission their claims against these Defendants fail and should be dismissed with prejudice.

Furthermore, turning to the allegations in paragraphs (b), above, the Plaintiffs essentially allege that these Defendants did not respond to a RESPA letter requesting an accounting. DE 137 at ¶ 41 and 59(b). As this Court correctly noted in its Opinion and Order " '[T]o state a claim for violation of RESPA § 2605(e), plaintiffs must allege facts showing that: (1) defendant is a loan servicer, (2) plaintiffs sent defendant a valid QWR, (3) defendant failed to adequately respond within the . . . statutory period, and (4) plaintiffs are entitled to actual or statutory damages.'" DE 131 *citing* Marsh v. BAC Home Loans Servicing, LP, 2:09-CV-813, 2011 WL 1196415, at *7 (M.D. Fla. 2011) (citing 12 U.S.C. § 2605). Here, the Plaintiffs have not and cannot allege that these Defendants are loan servicers. As admitted in the Plaintiffs' own allegations, these Defendants are a law firm that filed an appearance in an ongoing mortgage foreclosure litigation, never once stating or even alluding that these Defendants are a loan servicer. *See generally* DE 137. Therefore, the allegations related to these Defendants alleged failure to respond to a RESPA letter are improper as a matter of law as these Defendants are not a loan servicer, nor have they been alleged to be one, and thus, the Plaintiffs' claims against these Defendants should be dismissed with prejudice.

The final baseless allegations against these Defendants is found in paragraph (l) and allegedly is based on these Defendants failure to send an initial letter as to their status as Debt Collectors. First, by the very language of 15 U.S.C. § 1692g(d), "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a) of this section." Here, as mentioned at length above, the Plaintiffs have merely alleged that these Defendants filed a Notice of Appearance in an ongoing mortgage foreclosure

suit. DE 137 at ¶ 40. They have not alleged that these Defendants had an initial communication with them that required a validation of the debt. Therefore, the allegations related to these Defendants failure to validate the debt are unfounded and the Plaintiffs' claims against these Defendants should be dismissed with prejudice.

For the foregoing reasons, by the very nature of these Defendants relationship to the factual circumstances allegedly giving rise to the Plaintiffs' complaint, i.e. – these Defendants noticing their appearance in an ongoing mortgage foreclosure lawsuit, contradicts and negates the Plaintiffs' allegations of what statute these Defendants' allegedly violated. Therefore, Count II of the Plaintiffs' Verified Second Amended Complaint should be dismissed with prejudice.

## IX.     Plaintiffs fail to plead the necessary requirements of an FCCPA violation.

Plaintiffs allege that these Defendants violated section 559.72(6) and (9), but fail to plead any facts to support such an allegation. See DE 137 at Count III. Again, the claim is completely comprised of an identification of all of the defendants, along unrelated facts and then a verbatim recitation of the language of the statutory section cited in violation of F.R.C.P § 8(a)(2). Count III should be dismissed for this reason alone.

Additionally, the FCCPA requires an allegation of knowledge or intent by the debt collector in order to state a cause of action. Kaplan v. Assetcare, Inc., et al., 88 F.Supp.2d 1355, 1363 (S.D. Fla.2000). Here, again, the Plaintiffs have not made even the slightest factual allegation that these Defendants are debt collectors within the meaning of the statute, but rather, have merely stated they are debt collectors, without any supporting factual basis for same. Additionally, the Plaintiffs have not alleged anywhere in their Verified Second Amended Complaint that these Defendants had any knowledge or intent in order to properly plead a cause of action under FCCPA. Therefore, based on the Plaintiffs failure to plead any facts that these

Defendants were debt collectors and had knowledge or intent related to their activities, the

Plaintiffs have not stated a cause of action for a violation of FCCPA against these Defendants

and Count III should be dismissed with prejudice.

**X.      The very allegations in the Plaintiffs' Verified Second Amended Complaint against these Defendants do not support a cause of action under FCCPA.**

Again looking at the Plaintiffs actual allegations will absolve these Defendants of any

liability.  In Count III, paragraph 63, the Plaintiffs only allege the following in relation to these

Defendants:

> (b)      Defendants   US   BANK;   OCWEN;   CHASE
> FULFILLMENT    CENTER;   ROBERTSON   ANSCHUTZ   &
> SCHNEID, P.L; JAMIE EPSTEIN; JONATHAN MEISELS AND
> MICHELLE BONDER all failed to respond to the multiple written
> requests sent by Plaintiffs and failed to notify the credit reporting
> agencies that the Plaintiffs were disputing the alleged debt
> violating FLA STAT. § 559.72 (6) Disclose information
> concerning the existence of a debt known to be reasonably
> disputed by the debtor without disclosing that fact. If a disclosure
> is made prior to such reasonable dispute having been asserted and
> written notice is received from the debtor that any part of the debt
> is disputed and if such dispute is reasonable, the person who made
> the original disclosure shall reveal upon the request of the debtor
> within 30 days the details of the dispute to each person to whom
> disclosure of the debt without notice of the dispute was made
> within the preceding 90 days.
>
> (c)      Defendants   US   BANK;   OCWEN;   ROBERTSON,
> ANSCHUTZ, & SCHNEID, P.L; JAMIE EPSTEIN; JONATHAN
> MEISELS AND MICHELLE BONDER participated in foreclosing
> on the Plaintiffs property in August of 2009 when they knew they
> were not parties who had capacity or standing to collect on the
> alleged obligation violating FLA STAT. §559.72(9) claim,
> attempt, or threaten to enforce a debt when such person knows that
> the debt is not legitimate or assert the existence of some other legal
> right when such person knows that the right does not exist.

Turning to paragraph (b) the Plaintiffs allege that somehow their RESPA letters allegedly

sent to various defendants in this suit, somehow placed a duty on these Defendants to notify a

credit reporting agency. However, as mentioned above, these Defendants were not even required to respond to the Plaintiffs' RESPA letters as they were not loan servicers. Thus, the allegations in paragraph (b) are inapplicable to these Defendants.

Finally, looking at paragraph (c), the Plaintiffs again allege wrongdoing by these Defendants in foreclosing on the Plaintiffs property in August 2009. However, as admitted by these very Plaintiffs, these Defendants were not even involved in this dispute until February 2013, after the suit was filed. DE 137 at ¶ 40. Thus, paragraph (c) is unsupported by the Plaintiffs' own claims and Count III should be dismissed as to these Defendants with prejudice.

Thus, the factual allegations against these Defendants do not even support a cause of action under FCCPA and thus, Count III should be dismissed against these Defendants, with prejudice.

XI.   **The Plaintiffs are unable to attach individual liability to the attorneys working for Defendant, ROBERTSON, ANSCHUTZ & SCHNEID, P.L. and the Verified Second Amended Complaint should be dismissed as to those individuals, with prejudice.**

The individual defendants that work for ROBERTSON, ANSCHUTZ & SCHNEID, P.L. are immune from liability and the Court should dismiss this case as to them, with prejudice. The FDCPA exempts from the definition of a debt collector "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C.A. § 1692a(6)(A) (West). In exactly the same fashion, the FCCPA also exempts from the definition of debt collector "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." Fla. Stat. §559.55(6)(a).

Here, the Plaintiffs try to allege individual liability against JAMIE EPSTEIN, MICHELLE BONDER, AND JON MEISELS, merely because they were attorneys that worked on the foreclosure action. DE 137. Regardless of this Court's findings as to whether

ROBERTSON, ANSCHUTZ & SCHNEID, P.L. is a debt collector, which these Defendants expressly deny, the individually named attorneys who work for it, JAMIE EPSTEIN, MICHELLE BONDER, AND JON MEISELS, are immune from liability under both the FDCPA and FCCPA. Thus, the Verified Second Amended Complaint should be dismissed as to the individually named attorneys, JAMIE EPSTEIN, MICHELLE BONDER, AND JON MEISELS, with prejudice as they are expressly exempt from the FDCPA and the FCCPA by virtue of their being an employee of Defendant, ROBERTSON, ANSCHUTZ & SCHNEID, P.L.

### XII.  Plaintiffs' Verified Second Amended Complaint is in violation of FRCP 10(b) and thus should be dismissed.

Federal Rule of Civil Procedure Rule 10(b) states "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Here, the Plaintiffs' Verified Second Amended Complaint, in Count II and Count III, impermissibly lumps all defendants together, and alleges generally that they breached various provisions of FDCPA and FCCPA, respectively. This is in violation of the above-referenced rule and leaves these Defendants unable to decipher which portions of the allegations relate to it, and which allegations relate solely to their co-defendants in this matter. Therefore, the Plaintiffs' Verified Second Amended Complaint is in violation of FRCP 10(b), and the Plaintiffs' Verified Second Amended Complaint should be dismissed in its entirety as to these Defendants.

### XIII.  Conclusion

As outlined above, the Plaintiffs' Verified Second Amended Complaint must be dismissed with prejudice as to these Defendants. First, the Verified Second Amended Complaint was filed outside of the leave granted by this Honorable Court to file. Second, the Complaint

does not contain a short and plain statement of the case, in violation of FRCP 8(a)(2) and the *Iqbal* standard. For these reasons, alone, the this Complaint should be dismissed with prejudice.

As to the FDCPA claim, it is clear that the claim was filed in violation of the Statute of Limitations and thus must be dismissed with prejudice. Furthermore, the Plaintiffs fail to plead the necessary requirements to bring a claim under the FDCPA and, in fact, looking at the actual allegations against these Defendants, they are internally inconsistent and do not support a cause of action under the FDCPA as these Defendants merely litigated an already filed foreclosure action. Thus, Count II should be dismissed as to these Defendants with prejudice.

As to the FCCPA claim, these Defendants are entirely proctected by the litigation privilege, which is applicable in Federal Court. Furthermore, and similar to the FDCPA claim, the Plaintiffs have again failed to properly plead a cause of action under the FCCPA. Additionally, the actual allegations the Plaintiffs are making against these Defendants are internally inconsistent and do not support a cause of action under the FCCPA as these Defendants merely litigated an already filed foreclosure action. Thus, Count III should be dismissed as to these Defendants with prejudice.

As to the individual Defendants, the statutes involved in this suit, the FDCPA and the FCCPA expressly exempt the individual attorneys who worked for ROBERTSON, ANSCHUTZ & SCHNEID, P.L. from liability. Thus, the Complaint should be dismissed as to these individuals with prejudice.

Finally, this Complaint is in violation of FRCP 10(b) as it does not state each claim in separately numbered paragraphs. Rather, it improperly groups defendants, and allegations, and ideas into the same paragraphs.

As seen in this Court's Opinion in Order, this Honorable Court only granted the Plaintiffs leave to file an Amended Complaint **consistent** with the Opinion and Order. DE 131. As seen above, the Plaintiffs have failed to do so. This refusal to comply with this Honorable Court's Orders, in addition to the above extensive reasons, should serve as the basis for the dismissal of this lawsuit, as to these Defendants, with prejudice.

<u>Certificate pursuant to Local Rule 7.1</u>

Pursuant to Local Rule 7.1(a)(3) a motion to dismiss for failure to state of cause of action is expressly exempt from the pre-filing conference requirements.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that this 7th day of August, 2014, we electronically filed the foregoing document with the Clerk of Court using EM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendants
1645 Palm Beach Lakes Blvd., 2nd Floor
West Palm Beach, Florida 33401
E-Mail:  Anika.campbell@csklegal.com
             Stephen.harber@csklegal.com
Telephone: (561) 383-9217
Facsimile: (561) 683-8977

By:____/s/ ANIKA CAMPBELL
ANIKA CAMPBELL
FBN:  037371
STEPHEN HARBER
FBN: 96374

Service List

**Monika Elizabeth Siwiec**
**Nicole Topper**
**Blank Rome LLP**
**1200 North Federal Highway, Suite 312**
**Boca Raton, FL 33432**
**(561) 417-8147**
**Email: MSiwiec@BlankRome.com**
**Email: NTopper@BlankRome.com**

**Bettyna Franky**
**Allen J. Smith**
**Rivero Mestre LLP**
**2525 Ponce de Leon Boulevad**
**Ste. 1000**
**Miami, FL 33134**
**(305) 445-2500**
**Fax: (305) 445-2505**
**Email: bfranky@riveromestre.com**

COLE, SCOTT & KISSANE, P.A.
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Email: asmith@riveromestre.com

(VIA EMAIL AND US MAIL)
Johnnie M. Hayes
480 W. 35th Street
Riviera Beach, FL 33404
ljhayes.hayes13@gmail.com

(VIA EMAIL AND US MAIL)
Priscilla Davis
480 W. 35th Street
Riviera Beach, FL 33404
priscilla3574@gmail.com

I:\1085-0342-00\p\motions\motion to dismiss- plaintiffs' second amended complaint.docx