IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 13-80610-CIV-KAM

JOHNNIE HAYES;
PRISCILLA DAVIS,

    Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION AS
TRUSTEE FOR STRUCTURED ASSET
INVESTMENT LOAN TRUST MORTGAGE
PASS-THROUGH CERTIFICATES SERIES
2006-2, et al.,

    Defendants.
_____/

**DEFENDANT, U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-2'S MOTION TO DISMISS BORROWER'S VERIFIED SECOND AMENDED COMPLAINT AND STRIKE JURY TRIAL DEMAND**

Defendant, U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-2 ("U.S. Bank" or "Defendant"), by and through its undersigned attorneys, pursuant to Federal Rules of Civil Procedure 41(b), 12(b)(6), and 12(f), respectfully move this Court to dismiss the Verified Second Amended Complaint ("Complaint") against U.S. Bank, filed by Plaintiffs, JOHNNIE HAYES and PRISCILLA DAVIS ("Borrowers").

### I. INTRODUCTION

Borrowers originally filed the instant action on June 14, 2013 against the named Defendants based on alleged violations of the Real Estate Settlement Procedures Act ("RESPA"), Truth in Lending Act ("TILA"), Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA"), stemming from a lawsuit filed in Palm

Beach County for foreclosure of the Borrowers' residential property. *Complaint,* [D.E. 1 at 3]. On June 30, 2014, this Honorable Court entered an Order dismissing the Borrower's Verified First Amended Complaint, without prejudice, allowing Borrowers' twenty (20) days to refile a Complaint. (*See* DE 131). On or about July 24, 2014, outside the time permitted to refile, Borrowers filed their Verified Second Amended Complaint based on two counts as to Defendant, U.S. Bank: (i) alleged violations of FDCPA; and (ii) alleged violations of FCCPA. (*See* DE 137).

The Borrowers baldly allege that U.S. Bank is a debt collector and violated several FDCPA provisions, including but not limited to 15 U.S.C. § 1692e(6); 15 U.S.C. § 1692f(1) and (6), and 15 U.S.C. § 1692(g), along with violations of the FCCPA, specifically §559.715, §559.72(6) and §559.72(9). (*See* DE 137, ¶¶57-63). The allegations state that U.S. Bank "falsely characterized" debt in the underlying foreclosure proceedings, and continually refer to the final judgment figures, as if this provides some type of cogency to Borrowers' factual allegations in regards to FDCPA violations committed by U.S. Bank in the 2009 foreclosure proceedings. Putting aside the fact that the Borrower's instant claims are barred by the applicable statute of limitations, the state court determination in the underlying foreclosure action had a preclusive effect, pursuant to full faith and credit statute, 28 U.S.C.A. § 1738, on this subsequent federal action. Each issue the Borrower raises is related to the underlying foreclosure action which has already been adjudicated in state court. If state law would find Borrower's subsequent federal claim precluded by initial state proceedings under doctrines of res judicata or collateral estoppel, then the state action has a preclusive effect in this federal forum. For the reasons stated herein, the Borrower's claims under the FDCPA and FCCPA are either time-barred, or fail to state a cause of action under Rule 12(b)(6).

Notwithstanding the foregoing, because the Borrowers filed their Complaint after the twenty (20) days had expired, this Court should dismiss their Complaint with prejudice, for failure to comply with this Court's Order. (*See* DE 131).

## II. LEGAL ARGUMENT
### A. RULE 41(B)

On June 30, 2014, this Court entered an Order, granting Defendant's Motion to Dismiss and allowing Borrowers twenty (20) days to refile a Complaint. (*See* DE 131). In direct contravention of this Honorable Court's Order, Borrowers filed their Verified Second Amended Complaint outside the leave granted. Pursuant to F.R.C.P 41(b), the court has authority to dismiss the instant action for failure to obey its orders. *Goforth v. Owens*, 766 F.2d 1533 (11th Cir. 1985); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

Borrowers had until July 21, 2014 to file their Complaint; however, in direct contravention of this Court's Order, waited until July 24, 2014 to file same. Further, as explained in more detail below, the Borrowers have failed to properly allege a cause of action against U.S. Bank, and the Court should dismiss the Verified Second Amended Complaint as to this Defendant with prejudice.

### B. RULE 8 & 12(B)(6)

In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While a court, at this stage of the litigation, must consider the allegations contained in the Borrower's complaint as true, this rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). In addition, the complaint's allegations must include "more

than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing *Twombly*, 550 U.S. at 555).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted if the Borrower fails to state a claim for which relief can be granted. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the Borrower pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw on its judicial experience and common sense. *Id.* at 679. "The Eleventh Circuit has held that when considering a 12(b)(6) motion to dismiss, a court may take judicial notice of the public record, without converting the motion to one for summary judgment [as Rule 12(d) allows when a movant presents arguments or materials that go beyond the four corners of the complaint], because such documents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Davis v. Williams Commc'ns, Inc.*, 258 F. Supp. 2d 1348, 1352 (N.D. Ga. 2003) (*citing Bryant v. Avado Brands Inc.*, 187 F.3d 1271, 1279-80 (11th Cir. 1999)).

This Court should dismiss the Complaint in its entirety as Borrowers have failed to comply with the Rule 8 pleading guidelines or to state a claim upon which relief can be granted by this Court. Foremost, the Borrowers have not pled their Complaint with the required specificity under Rule 8 as to give "fair notice" of the claims brought. Under federal law it is clear that, "[a]lthough [Rule 8] does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum that a complaint give each defendant 'fair notice of what the Borrowers' claim is and the ground upon which it rests.'" *Pierson v. Orlando Reg. Healthcare Sys. Inc.*, 619 F. Supp. 2d 1260, 1273 (M.D. Fla. 2009) (quoting *Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001)). In *Atuahene*, the court held that "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the Borrower's] complaint failed to satisfy this minimum standard." *Id.* Additionally, the *Pierson* court went on to hold that "[b]ecause of the grouping together of these Defendants without differentiation or some sort of description of actions that could provide 'fair notice' of the basis for the claims against them, the claims against the [Defendants] are not sufficiently pled." *Id.* at 1274; see also *Bentley v. Bank of America, N.A.*, 773 F. Supp. 2d 1367 (S.D. Fla. 2011) ("Borrower simply makes the conclusory allegation that Defendants (again improperly lumping them together) 'knew they did not have a legal right to use such collection techniques' without any specific factual allegations as to each Defendants' knowledge, much less what legal right was asserted and how that legal right somehow did not exist"); citing *Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1308 (S.D. Fla. 2009). Thus, under the present facts and legal precedent, Defendant has not been given the "fair notice" as required by Rule 8, and this Complaint should be dismissed in its entirety.

### C. STATUTE OF LIMITATIONS-FDCPA AND FCCPA

It is apparent from the face of the Complaint that all of the Borrowers' claims for individual violations of the FDCPA and FCCPA by Defendants are time-barred. The Borrowers allege that U.S. Bank violated 15 USC §1692. However, pursuant to 15 USC §1692, the Borrowers only had one (1) year to bring their claim from the date of the alleged violation (i.e. the date of the alleged communication, not the date of receipt). Under § 1692k(d) of the FDCPA, "'[a]n action to enforce any liability must be brought within one year from the date on which the violation occurs. Any communications made outside the statutorily permitted time period of one year are time-barred and may not be considered by the court.'" *Sampaio v. I.C. Sys.*, 2009 U.S. Dist. LEXIS 132083 (S.D. Fla. Nov. 5, 2009); *citing Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360 (S.D. Fla. 2000) (holding that letters mailed more than one year prior to the initiation of suit were time-barred as alleged violations of FDCPA). The Borrowers also allege that U.S. Bank violated the FCCPA, F.S. §559.72(9), (6), and §559.715. Pursuant to the FCCPA, § 559.77(4) the Borrowers only had two (2) years to bring their claim from the date of the alleged violation.

In this case, it is apparent from the face of the Second Amended Complaint that all the alleged violations by the Defendants arose from the underlying foreclosure action filed on August 19, 2009. Borrowers refer to no other dates or any other alleged violations outside the August 19, 2009 foreclosure action. As such, all claims are outside the one and two year statute of limitations for the FDCPA and FCCPA, respectively, and may not be considered in determining whether Borrowers have alleged a violation of the FDCPA or FCCPA. See *Sampaio v. I.C. Sys.*, 2009 U.S. Dist. LEXIS 132083 (S.D. Fla. Nov. 5, 2009) *citing La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (holding a claim may be dismissed based on statute of limitations only where it is "apparent from the face of the complaint" that the

claim is time-barred.). As such, any actions allegedly taken by the Defendants prior to April 8, 2012, cannot constitute violations of the FDCPA or FCCPA, and any claim for violations of FDCPA and FCCPA based on these actions must be dismissed with prejudice based on the expiration of the statute of limitations provided by § 1692k(d), and F.S. §559.72(9).

### D. FAILURE TO STATE A CAUSE OF ACTION UNDER FDCPA OR FCCPA

Borrowers allege that U.S. Bank violated 15 U.S.C. § 1692a(6), § 1692e, § 1692e(2), § 1692e(10), § 1692f(1), § 1692f(6)and § 1692f(1), and F.S. §559.715, §559.72(6), §559.72(9). As stated below, the subject matter of the alleged violations would have been adjudicated in the state court foreclosure action, and cannot be construed as made in connection with the collection of a consumer debt; therefore, Borrowers fail to state a claim under either the FDCPA or FCCPA.

#### 1. BORROWERS CLAIMS HAVE BEEN ADJUDICATED AT THE STATE COURT LEVEL, WHICH HAS A PRECLUSIVE EFFECT ON THIS COURT, PURSUANT TO THE FULL FAITH AND CREDIT STATUTE

A state court determination has a preclusive effect, pursuant to full faith and credit statute of 28 U.S.C. § 1738, on a subsequent federal action if state law would find a Borrower's subsequent federal claim precluded by initial state proceedings under doctrines of res judicata or collateral estoppel. The res judicata effect of a prior judgment is a question of law. See *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 546 (5th Cir. 2001). This Court is a not a state court of appeal to allow the Borrowers a second bite at the apple. Res judicata includes two related concepts: claim preclusion and issue preclusion (also called collateral estoppel or issue estoppel). Claim preclusion bars a suit from being brought again on an event which was the subject of a previous legal cause of action that has already been finally decided between the parties or those in privity with a party. Issue preclusion bars the relitigation of issues of fact or

law that have already been necessarily determined by a judge or jury as part of an earlier case. This case presents an issue of claim preclusion. The basic rule of claim preclusion is that "when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.'" *Gjellum v. City of Birmingham*, 829 F.2d 1056, 1060 (11th Cir.1987); *citing Sea-Land Services, Inc. v. Gaudet*, 414 U.S. 573, 578-79, 94 S. Ct. 806, 812, 39 L. Ed. 2d 9 (1974). In the instant action, each of Borrowers' claims relate to issues that were, or could have been, raised as defenses or counterclaims in the state court action. For instance, Borrowers claim that she was not given proper notice of the suit as required by the FDCPA. (*See* DE 137, ¶26). Borrower additionally raises standing issues concerning the Borrower in the foreclosure action, including issues with the assignment of the loan interest. (DE 137 ¶26-27 ). It is abundantly clear from a reading of the Borrower's allegations that each of these issues fall squarely into the "claim preclusion" category, and should not be revisited in the instant action.

Regardless of the form being used, collateral estoppel is an outgrowth of the principle that valid judgments must be given finality. To serve this goal, the courts fashioned the related doctrines of collateral estoppel and res judicata. Res judicata "makes a final, valid judgment conclusive on the parties and their privies as to all matters, fact and law, that were or should have been adjudicated in the proceeding." Such a judgment will prevent further litigation between the parties on the same claim or cause of action. Collateral estoppel, on the other hand, "recognizes that suits addressed to particular claims may present issues relevant to suits on other claims." The distinction between the two is that while res judicata applies to later suits on the same cause of

action, collateral estoppel "precludes relitigation of issues actually litigated and determined in a prior suit regardless of whether it was based on the same cause of action as the second suit." 35 BLRLR 291, Baylor Law Review, *The Future of Offensive Collateral Estoppel in Texas*, Spring, 1983. The instant matter presents issues of both res judicata and collateral estoppel, covering Borrowers' claims or defenses that were brought in the underlying foreclosure action, as well as those that could have been brought.

"Under the federal full faith and credit statute, federal courts must give state court judgments the preclusive effect that those judgments would enjoy under the law of the state in which the judgment was rendered. See 28 U.S.C. § 1738." *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 993 (9th Cir. 2001). "[A] federal court must give the same full faith and credit to the records and judicial proceedings of any state court that they would receive in the state from which they arise." *Gjellum v. City of Birmingham*, 829 F.2d 1056, 1060 (11th Cir.1987) (citing 28 U.S.C. § 1738). This is the rule regardless of whether the state court's judgments are erroneous. *Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 373 (1996); *Lops v. Lops*, 140 F.3d 927, 938 (11th Crr.1998). The preclusive effect of state judgments in federal court is determined by the full faith and credit statute, which provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C. § 1738. See *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985), supra. ("This statute [28 U.S.C. § 1738] directs a federal court to refer to the preclusion law of the State in which judgment was rendered."). The instant action is a prototypical example of the full faith and credit doctrine, and Borrowers' claims must be dismissed with prejudice for that reason.

### E. BORROWERS FAIL TO ALLEGE ANY BASIS FOR DECLARATORY AND INJUNCTIVE RELIEF.

While the introductory paragraph of Borrowers' first amended complaint states "[t]his is an action ... for declaratory and injunctive relief," Borrowers do not actually request injunctive relief in any of their three counts, as recognized by the Court's order on Borrower's TRO for emergency injunctive and declaratory relief. *(See* DE 1, ¶¶ 46-50, 51-52, 53-55). Moreover, RESPA, and the FDCPA do not provide for private injunctive relief. *See* 12 U.S.C. § 2605(f) (RESPA); and *Weiss V. Regal Collecfions,* 385 F. 3d 337, 341 (3rd Cir. 2004) (FDCPA). As such, the Court should dismiss Borrowers' request for injunctive and declaratory relief.

### F. BORROWERS' JURY TRIAL DEMAND SHOULD BE STRICKEN

As part of their first amended complaint, Borrowers demand a trial by jury. The mortgage executed by Borrowers contains the following provision:

> 25. Jury Trial Waiver. The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

A copy of the mortgage is attached as EXHIBIT A. Borrowers' RESPA, FDCPA, and FCCPA claims are made in connection with the loan secured by the mortgage. *(See* DE 137, ¶26, 35, 36, 37, 56, 59, 61.) Borrowers' claims are, therefore, "related to" the mortgage loan, and the jury trial demand should be stricken pursuant to the mortgage. *See Foley* v. *Wells Fargo Bank, NA.* 849 F. Supp. 2d 1345, 1352 (S.D. Fla. 2012).

### III. CONCLUSION

The Court should dismiss Borrowers' Verified Second Amended Complaint because it fails to present a facially plausible claim for relief against U.S. Bank for violations of the FDCPA, and the FCCPA. Any purported claims Borrowers might be alleging against U.S. Bank are clearly barred by the one or two year statute of limitations. Their purported FDCPA and

FCCPA claims simply list several statutory provisions, but fail to plead facts showing how U.S. Bank violated those provisions. Borrowers' one reference to declaratory and injunctive relief in the opening paragraph of their first amended complaint is improper and insufficient to support the relief requested. If Borrowers are allowed to proceed, their improper jury trial demand should be sricken. Further, the Borrowers filed the Second Amended Complaint outside the scope of the Order granting them leave to amend and refile, and therefore is improper and should be dismissed with prejudice.

WHEREFORE, U.S. BANK, respectfully requests the Court to dismiss the Verified Second Amended Complaint with prejudice, for an award of attorneys' fees pursuant to the terms of the loan documents, and grant any such other and further relief that the Court deems just and proper.

Submitted: August 7, 2014

                    **BLANK ROME LLP**
                    1200 N. Federal Highway, Suite 312
                    Boca Raton, FL  33432
                    Telephone: 561-417-8100
                    Facsimile: 561-417-8101

                    /s/ *Monika E. Siwiec*
                    MONIKA E. SIWIEC
                    FLA. BAR NO. 92050
                    MSiwiec@BlankRome.com
                    Bocaeservice@BlankRome.com
                    NICOLE R. TOPPER
                    Florida Bar No. 558591
                    NTopper@BlankRome.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record, and sent via U. S. Mail to: Johnnie Hayes, 480 W. 35th Street, Riviera Beach, FL 33404; Priscilla Davis, 480 W. 35th Street, Riviera Beach, FL 33404.

/s/ MONIKA E. SIWIEC
Monika E. Siwiec, Esq.