IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 13-80610-CIV-KAM

JOHNNIE HAYES;
PRISCILLA DAVIS,

     Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION AS
TRUSTEE FOR STRUCTURED ASSET
INVESTMENT LOAN TRUST MORTGAGE
PASS-THROUGH CERTIFICATES SERIES
2006-2, et al.,

     Defendants.

_____/

## DEFENDANT, OCWEN'S MOTION TO DISMISS PLAINTIFF'S VERIFIED SECOND AMENDED COMPLAINT AND STRIKE JURY TRIAL DEMAND

Defendant, OCWEN LOAN SERVICING, LLC ("Ocwen"), by and through its undersigned attorneys, pursuant to Federal Rules of Civil Procedure 41(b), 12(b)(6), and 12(f), respectfully move this Court to dismiss the Verified Second Amended Complaint ("Complaint") against Ocwen, filed by Plaintiffs, JOHNNIE HAYES and PRISCILLA DAVIS ("Borrowers" or "Plaintiffs").

### I. INTRODUCTION

Borrowers originally filed the instant action on June 14, 2013 against the named Defendants based on alleged violations of the Real Estate Settlement Procedures Act ("RESPA"), Truth in Lending Act ("TILA"), Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA"), stemming from a lawsuit filed in Palm Beach County for foreclosure of the Borrowers' residential property. (*See* DE 1, ¶ 3). On June

1

30, 2014, this Honorable Court entered an Order dismissing the Plaintiffs' Verified First Amended Complaint, without prejudice, allowing Plaintiffs' twenty (20) days to refile a Complaint. (*See* DE 131). Borrowers' clearly failed to abide by this Honorable Courts Orders with respect to the twenty (20) day deadline as they re-filed their Verified Second Amended Complaint outside the allotted time frame. On or about July 24, 2014, the Borrowers refiled their Verified Second Amended Complaint based on three counts: (i) alleged violations of RESPA; alleged violations of FDCPA; and (iii) alleged violations of FCCPA. (*See* DE 137).

In regards to Borrowers' RESPA claim, Borrowers allege that Ocwen violated 12 U.S.C. § 2605 by not responding to their self-described "qualified written request" ("QWR") allegedly sent to Ocwen on June 15, 2012 and another on or about August 1, 2012. (*See* DE, ¶36). Plaintiffs attach a number of documents as exhibits in their Notice of Filing Plaintiff's Verified Second Amended Complaint and Affidavit of Specific Negative Averment and Exhibits Attached Hereto, including the purported QWRs. (*See* DE 138, Exhibit "C"). The attachments, however, show different dates and incorrect mailing addresses, barring Borrowers from bringing their RESPA claim.   Notwithstanding the Borrowers' time barred and improperly brought claims, the QWRs purportedly sent to Ocwen do not qualify as QWRs and are nothing more than letters seeking a number of loan documents.

The Borrowers baldly allege that Ocwen is a debt collector and violated several FDCPA provisions, including but not limited to 15 U.S.C. § 1692e(6); 15 U.S.C. § 1692f(1) and (6), and 15 U.S.C. § 1692(g). (*See* DE 137, ¶¶57-59). The allegations state that Ocwen "falsely characterized" the debt in the underlying foreclosure proceedings, and continually refer to the final judgment figures, as if this provides some type of cogency to Borrowers' allegations in regards to FDCPA violations allegedly committed by Ocwen. The mere recitations of the

applicable statutory provisions with reference to a number of dates and numbers do not suffice as supporting factual allegations as to Ocwen's conduct and any purported violations of the FDCPA. Further, a number of the dates referred to in Borrowers' allegations are time barred, and/or excluded as they refer to the underlying foreclosure proceedings, which have already been decided by the State court.

Borrowers' FCCPA claims, specifically §559.715, §559.72(6) and §559.72(9) again, parrot the statutory language, with various and incoherent dates attached to same, in an attempt to impugn liability against Ocwen for FCCPA violations. Notwithstanding the lack of allegations in Borrowers claims, each issue the Borrowers raise is related to the underlying foreclosure action which has already been adjudicated in state court. If state law would find the Borrowers' subsequent federal claim precluded by initial state proceedings under doctrines of res judicata or collateral estoppel, then the state action has a preclusive effect in this federal forum. For the reasons stated herein, the Borrowers' claims under the FDCPA and FCCPA are either time-barred, or fail to state a cause of action under Rule 12(b)(6).

Notwithstanding the foregoing, because the Borrowers filed their Complaint after the twenty (20) days had expired, this Court should strike their Complaint for failure to comply with this Court's Order. (*See* DE 131).

## II. LEGAL ARGUMENT
### A. RULE 41(B)

On June 30, 2014, this Court entered an Order, granting Defendant's Motion to Dismiss and allowing Plaintiffs twenty (20) days to refile a Complaint. (*See* DE 131). In direct contravention of this Honorable Court's Order, Plaintiffs filed their Verified Second Amended Complaint outside the leave granted. Pursuant to F.R.C.P 41(b), the court has authority to dismiss the instant action for failure to obey its orders. *Goforth v. Owens*, 766 F.2d 1533 (11th

3

Cir. 1985); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

Borrowers had until July 21, 2014 to file their Complaint; however, in direct contravention of this Court's Order, waited until July 24, 2014 to file same. Further, as explained in more detail below, the Borrowers have failed to properly allege a cause of action against Ocwen, and the Court should dismiss the Verified Second Amended Complaint as to this Defendant with prejudice.

### B. RULE 8 & 12(B)(6)

In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While a court, at this stage of the litigation, must consider the allegations contained in the plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). In addition, the complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing *Twombly*, 550 U.S. at 555).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted if the plaintiff fails to state a claim for which relief can be granted. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

4

inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw on its judicial experience and common sense. *Id.* at 679. "The Eleventh Circuit has held that when considering a 12(b)(6) motion to dismiss, a court may take judicial notice of the public record, without converting the motion to one for summary judgment [as Rule 12(d) allows when a movant presents arguments or materials that go beyond the four corners of the complaint], because such documents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Davis v. Williams Commc'ns, Inc.*, 258 F. Supp. 2d 1348, 1352 (N.D. Ga. 2003) (*citing Bryant v. Avado Brands Inc.,* 187 F.3d 1271, 1279-80 (11th Cir. 1999)).

This Court should dismiss the Complaint in its entirety as Borrowers have failed to comply with the Rule 8 pleading guidelines or to state a claim upon which relief can be granted by this Court. Foremost, the Borrowers have not pled their Complaint with the required specificity under Rule 8 as to give "fair notice" of the claims brought. Under federal law it is clear that, "[a]lthough [Rule 8] does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Pierson v. Orlando Reg. Healthcare Sys. Inc.*, 619 F. Supp. 2d 1260, 1273 (M.D. Fla. 2009) (quoting *Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001)). In *Atuahene*, the court held that "[b]y lumping all the defendants together in each claim and providing no factual

140383.01275/50625852v.1

basis to distinguish their conduct, [the plaintiff's] complaint failed to satisfy this minimum standard." *Id.* Additionally, the *Pierson* court went on to hold that "[b]ecause of the grouping together of these Defendants without differentiation or some sort of description of actions that could provide 'fair notice' of the basis for the claims against them, the claims against the [Defendants] are not sufficiently pled." *Id.* at 1274; see also *Bentley v. Bank of America, N.A.*, 773 F. Supp. 2d 1367 (S.D. Fla. 2011) ("Plaintiff simply makes the conclusory allegation that Defendants (again improperly lumping them together) 'knew they did not have a legal right to use such collection techniques' without any specific factual allegations as to each Defendants' knowledge, much less what legal right was asserted and how that legal right somehow did not exist"); citing *Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1308 (S.D. Fla. 2009). Thus, under the present Second Amended Complaint, the Ocwen has not been given the "fair notice" as required by Rule 8 as there is no legal nor factual basis that the Borrowers have alleged which would allow for a cause of action against Ocwen, and this Complaint should be dismissed in its entirety.

### C. BORROWERS FAIL TO PLEAD A CAUSE OF ACTION UNDER RESPA

Borrowers alleged RESPA violations are time barred and fail to adequately plead the elements of a RESPA violation. "[T]o state a claim for violation of RESPA § 2605(e), plaintiffs must allege facts showing that: (1) defendant is a loan servicer, (2) plaintiffs sent defendant a valid [qualified written request], (3) defendant failed to adequately respond within the [applicable] statutory period, and (4) plaintiffs are entitled to actual or statutory damages. *See Marsh v. BAC Home Loans Servicing. LP,* 20 II WL 1196415, 8 (M.D. Fla. 2011).

*1. Borrowers Correspondences to Server Do Not Qualify as "Qualified Written Requests."*

To fall within the definition of a qualified written request under RESPA, a request must: (i) be in writing on a document other than a payment coupon or other payment form supplied by the servicer; (ii) include information enabling the servicer to identify the name and account of the borrower; (iii) include a statement of the reasons the borrower believes the account is in error, if applicable, or that provides sufficient detail to the servicer as to other information sought by the borrower; and (iv) relate to servicing. *See* 12 U.S.C. § 2605(e); and 12 C.F.R. § 1024.21(e). Plaintiffs are required to establish they sent a valid qualified written request to state a cause of action under RESPA. *See Marsh,* 2011 WL 1196415 at 8 (dismissing RESPA claim where notice attached to complaint demonstrated it did not meet the elements of a qualified written request).

Borrowers attach the purported QWRs as exhibits to their Complaint, however, Borrowers fail to fulfill the aforementioned definition of a proper QWR. (*See* DE, Exhibit C). The lengthy correspondences fail to include any statements as to the wrongdoing by the servicer or impropriety in accounting of the Borrowers' account, and goes on to request a number of documents, and demands copies of the original promissory note and origination documents, along with a number of other reports, appraisals, etc. *(See* DE 63, FAC 42, 50.); *See Echeverria* v, *BAC Home Loans Servicing, LP,* 900 F. Supp. 2d 1299, 1306-1307 (M.D. Fla. 2012) (finding request for a copy of the promissory note not a qualified written request); and *Ward* v. *Security Atlantic Morfg. Elec, Registration Systems, Inc"* 858 F. Supp. 2d 561, 574-75 (E.D.N.C. 2012) (finding letter seeking "copies of loan documents, assignments of the deed of trust and promissory note and copies of property inspection reports and appraisals and a loan transaction history" not a qualified written request.). These correspondences, at best, represent a voluminous request for documents regarding the origination of the loan, which is tantamount to a "fishing expedition," with no indication of any wrondgdoing on behalf of the servicer, Ocwen.

7

*2. Borrowers RESPA Claims are Time Barred or Barred as Improper.*

Notwithstanding the failure to qualify Borrowers' written correspondences as QWRs, the statute of limitations has run on one of Borrowers' alleged violations. In the body of the Borrowers' Complaint, Borrowers allege that one of the purported QWRs was sent on or about June 15, 2012; however, upon review of the attached Exhibits, the QWR is dated June 11, 2012. The instant action was filed on or about June 14, 2013. Pursuant to RESPA, all causes of action have a one-year time limitation. Although the allegations in the body of the Complaint differ from the attached exhibits, the exhibits control and therefore place the June 11, 2012 outside the scope of the statute of limitations. *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940)("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well-settled that the exhibits control."). Further, a number of the correspondences sent to Ocwen were sent to a number of different addresses. Borrowers allege that another QWR was sent to Ocwen on or about August 1, 2012; however, the Certified Mail Receipt dated August 7, 2012 clearly shows that it was sent to the wrong address of the servicer.[1]

*3. Borrowers Fail to Plead Actual and/or Statutory Damages.*

Plaintiffs fail to state a cause of action under RESPA because their request for "actual, statutory, treble and/or punitive damages" fails as a matter of law. RESPA does not provide for treble or punitive damages. *See* 12 U.S.C. § 2605(t)(1). In the case of an action by an individual, RESPA does permit a borrower to recover actual damages and, "in the case of a pattern or practice of noncompliance," statutory damages "in an amount not to exceed $1,000," *Id.*

---

[1] *See* DE 138, Exhibit C, attaching a number of correspondences sent to the proper Ocwen address in West Palm Beach Florida, and a number of other incorrect addresses, including a PO Box in Springfield Ohio, wherein the August 7, 2012 return receipt purportedly sent a QWR.

Plaintiffs do not allege they suffered any actual damages as a result of Ocwen's purported RESPA violation and, while they could theoretically rely solely on statutory damages, they fail to allege a "pattern or practice of noncompliance" to support such an award, which renders their claim improper. *See Echeverria,* 900 F. Supp. 2d at 1307-1308.

### D. BORROWERS FAIL TO PLEAD A CAUSE OF ACTION UNDER THE FDCPA.

Borrowers fail to adequately plead the elements of an FDCPA violation. "In order to prevail on an FDCPA claim, a plaintiff must prove that: (I) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Bentley v. Bank of Am.,* 773 F. Supp. 2d 1367, 1371 (S.D. Fla. 2011).

*2. Plaintiffs Fail to Adequately Plead Ocwen Engaged in an Act or Omission Prohibited by the FDCPA.*

Borrowers allege Ocwen violated ten provisions of the FDCPA, but fail to allege any factsto render the alleged violations plausible. *(See* DE 63, 59, 62.) Their FDCPA claim is comprised of nothing more than a list of paraphrased FDCPA prohibitions with no attempt to connect those prohibitions to Ocwen's actual conduct, with the exception of referring to the final judgment in the underlying foreclosure proceedings. (*See* DE 137, ¶57-59). Borrowers' complaint does nothing to raise the alleged FDCPA violations beyond conjecture and speculation. . Borrowers should not be permitted to proceed until they plead a facially plausible FDCPA claim against Ocwen and provide Ocwen with fair notice of the factual basis underlying their claims. *See Chalik* v. *Westport Recovery J Corp.,* 677 F. Supp. 2d 1322,1329-1331 (S.D. Fla. 2009) (dismissing claim under 15 U.S.C. § 1692f because "Plaintiff failed to specifically identify how Defendants' conduct was ... unfair and unconscionable under § 1692f .... ").

9

Notwithstanding the threadbare allegations, it is apparent from the face of the Complaint that all of the Borrowers' claims for individual violations of the FDCPA by Ocwen is time-barred. Pursuant to 15 U.S.C. §1692k(d), suit must be filed within one year from the date on which the violation occurs (i.e. the date of the alleged communication, not the date of receipt). Under § 1692k(d) of the FDCPA, "'[a]n action to enforce any liability must be brought within one year from the date on which the violation occurs. Any communications made outside the statutorily permitted time period of one year are time-barred and may not be considered by the court.'" *Sampaio v. I.C. Sys.,* 2009 U.S. Dist. LEXIS 132083 (S.D. Fla. Nov. 5, 2009); *citing Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360 (S.D. Fla. 2000) (holding that letters mailed more than one year prior to the initiation of suit were time-barred as alleged violations of FDCPA).

In this case, it is apparent from the face of the Complaint that all the alleged violations by Ocwen arose from the underlying foreclosure action filed on August 19, 2009. Borrowers also refer to an additional May 17, 2012 violation of 15 U.S.C. § 1692e(2), which falls outside the permitted time period. (*See* DE 137 ¶¶59(d),(e)). Borrowers further refer to a "demand letter" sent by Ocwen on or about July 17, 2014; however, based on the face of the correspondence attached as Exhibit D, Ocwen clearly states that a "foreclosure sale…took place on June 24, 2013," and the correspondence was a response to Borrowers' request for information and not a demand. (DE 138, Exhibit D).

As such, all valid claims are outside the one year statute of limitations for the FDCPA and may not be considered in determining whether Borrower has alleged a violation of the FDCPA. See *Sampaio v. I.C. Sys.,* 2009 U.S. Dist. LEXIS 132083 (S.D. Fla. Nov. 5, 2009) *citing La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (holding a claim

may be dismissed based on statute of limitations only where it is "apparent from the face of the complaint" that the claim is time-barred.). As such, any actions allegedly taken by the Defendants prior to April 8, 2012, cannot constitute violations of the FDCPA or FCCPA, and any claim for violations of FDCPA and FCCPA based on these actions must be dismissed with prejudice based on the expiration of the statute of limitations provided by § 1692k(d), and F.S. §559.72(9).

### E. PLAINTIFFS FAIL TO PLEAD A CAUSE OF ACTION UNDER THE FCCPA.

Borrowers fail to plead a cause of action under the FCCPA because: (i) the FCCPA does not attach civil liability to violations of section 559.715; and (ii) plaintiffs fail to plead sufficient facts to render a violation under other provisions of the FCCPA plausible.

*1. The FCCPA Does Not Attach Civil Liability to Violations a/Section 559. 715.*

The "civil remedies" portion of the FCCPA provides that "[a]ny person who fails to comply *with any provision o/s.* 559.72 is liable for [damages] .... " Fla. Stat. § 559.77. As part of their claim, plaintiffs seek damages for Ocwen's alleged violation of section 559.715. *(See* DE 63, 67.) Because the plain terms of the FCCPA do not attach civil liability to a violation of section 559.715, the claim must be dismissed with prejudice.

*2. Borrowers Fail to Plead Sufficient Facts to Render a Violation of the FCCPA by Ocwen Plausible.*

Borrowers allege Ocwen violated sections 559.72(9) and (15), but fail to plead any facts to render the alleged violations plausible. *(See* DE 137, ¶¶ 60-63.) Like their FDCPA claim, Borrowers' FCCPA claim is comprised of nothing more than paraphrased FCCPA prohibitions with no attempt to connect those prohibitions to Ocwen's actual conduct, and their claim should be dismissed. *See Reese,* 686 F. Supp. 2d at 1309-1310. Again, Borrowers refer to a letter sent by Ocwen on June 24, 2013, after final judgment was entered in the underlying foreclosure

11

proceedings on May 24, 2013, as if this post-judgment correspondence, again most likely a response to a demand initiated by the Borrowers, resulted in a FCCPA violation.

Borrower alleges that Ocwen violated 15 U.S.C. § 1692a(6), § 1692d, § 1692e, § 1692e(2), § 1692e(5), § 1692e(10), and § 1692f, and F.S. §559.72(9). As stated below, the subject matter of the alleged violations would have been adjudicated in the state court foreclosure action, and cannot be construed as made in connection with the collection of a consumer debt; therefore, Borrowers fail to state a claim under either the FDCPA or FCCPA.

### F. PLAINTIFF'S CLAIMS HAVE BEEN ADJUDICATED AT THE STATE COURT LEVEL, WHICH HAS A PRECLUSIVE EFFECT ON THIS COURT, PURSUANT TO THE FULL FAITH AND CREDIT STATUTE

A state court determination has a preclusive effect, pursuant to full faith and credit statute of 28 U.S.C. § 1738, on a subsequent federal action if state law would find a plaintiff's subsequent federal claim precluded by initial state proceedings under doctrines of res judicata or collateral estoppel. The res judicata effect of a prior judgment is a question of law. See *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 546 (5th Cir. 2001). This Court is a not a state court of appeal to allow the Plaintiff a second bite at the apple. Res judicata includes two related concepts: claim preclusion and issue preclusion (also called collateral estoppel or issue estoppel). Claim preclusion bars a suit from being brought again on an event which was the subject of a previous legal cause of action that has already been finally decided between the parties or those in privity with a party. Issue preclusion bars the relitigation of issues of fact or law that have already been necessarily determined by a judge or jury as part of an earlier case. This case presents an issue of claim preclusion. The basic rule of claim preclusion is that "when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter

12

which might have been offered for that purpose.'" *Gjellum v. City of Birmingham*, 829 F.2d 1056, 1060 (11th Cir.1987); *citing Sea-Land Services, Inc. v. Gaudet*, 414 U.S. 573, 578-79, 94 S. Ct. 806, 812, 39 L. Ed. 2d 9 (1974). In the instant action, each of Plaintiffs' claims relate to issues that were, or could have been, raised as defenses or counterclaims in the state court action. For instance, Borrowers claim that they were not given proper notice of the suit as required by the FDCPA. (*See* DE 137, ¶26). Borrowers also make numerous repetitive claims as to the mischaracterization of the debt in the underlying final judgment. (*See* DE 137,¶¶53, 59(c), 59(e)). It is abundantly clear from a reading of the Borrowers' allegations that each of these issues fall squarely into the "claim preclusion" category, and should not be revisited in the instant action.

Regardless of the form being used, collateral estoppel is an outgrowth of the principle that valid judgments must be given finality. To serve this goal, the courts fashioned the related doctrines of collateral estoppel and res judicata. Res judicata "makes a final, valid judgment conclusive on the parties and their privies as to all matters, fact and law, that were or should have been adjudicated in the proceeding." Such a judgment will prevent further litigation between the parties on the same claim or cause of action. Collateral estoppel, on the other hand, "recognizes that suits addressed to particular claims may present issues relevant to suits on other claims." The distinction between the two is that while res judicata applies to later suits on the same cause of action, collateral estoppel "precludes relitigation of issues actually litigated and determined in a prior suit regardless of whether it was based on the same cause of action as the second suit." 35 BLRLR 291, Baylor Law Review, *The Future of Offensive Collateral Estoppel in Texas*, Spring, 1983. The instant matter presents issues of both res judicata and collateral estoppel, covering

13

Plaintiffs' claims or defenses that were brought in the underlying foreclosure action, as well as those that could have been brought.

"Under the federal full faith and credit statute, federal courts must give state court judgments the preclusive effect that those judgments would enjoy under the law of the state in which the judgment was rendered. See 28 U.S.C. § 1738." *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 993 (9th Cir. 2001). "[A] federal court must give the same full faith and credit to the records and judicial proceedings of any state court that they would receive in the state from which they arise." *Gjellum v. City of Birmingham*, 829 F.2d 1056, 1060 (11th Cir.1987) (citing 28 U.S.C. § 1738). This is the rule regardless of whether the state court's judgments are erroneous. *Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 373 (1996); *Lops v. Lops*, 140 F.3d 927, 938 (11th Crr.1998). The preclusive effect of state judgments in federal court is determined by the full faith and credit statute, which provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C. § 1738. See *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985), supra. ("This statute [28 U.S.C. § 1738] directs a federal court to refer to the preclusion law of the State in which judgment was rendered."). The instant action is a prototypical example of the full faith and credit doctrine, and Plaintiff's claims must be dismissed with prejudice for that reason.

## G. Plaintiffs Fail to Allege Any Basis for Declaratory and Injunctive Relief.

While the introductory paragraph of Borrowers' first amended complaint states "[t]his is an action ... for declaratory and injunctive relief," plaintiffs do not actually request injunctive relief in any of their three counts, as recognized by the Court's order on plaintiff's TRO for emergency injunctive and declaratory relief. *(See DE 1, Compl. 1, 46-50, 51-52, 53-55).*

14

Moreover, RESPA, and the FDCPA do not provide for private injunctive relief. *See* 12 U.S.C. § 2605(f) (RESPA); and *Weiss V. Regal Colletions,* 385 F. 3d 337, 341 (3rd Cir. 2004) (FDCPA). As such, the Court should dismiss plaintiffs' request for injunctive and declaratory relief.

### H. PLAINTIFFS' JURY TRIAL DEMAND SHOULD BE STRICKEN

As part of their first amended complaint, Borrowers demand a trial by jury. The mortgage executed by plaintiffs contains the following provision:

> 25. Jury Trial Waiver. The Borrower hereby waives any right to a trial
> by jury in any action, proceeding, claim, or counterclaim, whether in contract or
> tort, at law or in equity, arising out of or in any way related to this Security
> Instrument or the Note.

A copy of the mortgage is attached as Exhibit 'A.' Borrowers' RESPA, FDCPA, and FCCPA claims are made in connection with the loan secured by the mortgage. *(See* DE 137, ¶26, 35, 36, 37, 56, 59, 61.) Borrowers' claims are, therefore, "related to" the mortgage loan, and the jury trial demand should be stricken pursuant to the mortgage. *See Foley* v. *Wells Fargo Bank, NA.* 849 F. Supp. 2d 1345, 1352 (S.D. Fla. 2012). Ocwen, as the loan servicer, is entitled to enforce the jury trial waiver provision. *See Fahey* v. *Am. Home Mortg. Servicing,* Case No. 11-62544, 3 (S.D. Fla. Dec. 11, 2012) (permitting loan owner and servicer to enforce jury trial waiver in mortgage); *but see Omega* v. *Deutsche Bank Trust Co. Americas,* 2013 WL 425836 (S.D. Fla. 2013) (permitting only loan owner to enforce jury trial waiver in mortgage); and *Williams* v. *Wells Fargo Bank, NA.,* 2011 WL 4901346 (S.D. Fla. 2011) (same).

### III. CONCLUSION

The Court should dismiss Borrowers' Verified Second Amended Complaint because it fails to present a facially plausible claim for relief against Ocwen for violations of RESPA, the FDCPA, and the FCCPA. Borrowers have not properly pled a valid qualified written request or entitlement to actual *and/or* statutory damages. Any purported claim Borrowers might be

alleging against Ocwen is barred by the one-year statute of limitations. Their purported FDCPA and FCCPA claims simply list several statutory provisions, but fail to plead facts showing how Ocwen violated those provisions. Borrowers' one reference to declaratory and injunctive relief in the opening paragraph of their first amended complaint is improper and insufficient to support the relief requested. If Borrowers are allowed to proceed, their improper jury trial demand should be sricken. Further, the Borrowers filed the Complaint outside the scope of the Order granting them leave to amend and refile, and therefore is improper and should be dismissed with prejudice.

WHEREFORE, OCWEN LOAN SERVICING, LLP respectfully requests the Court to dismiss the Verified Second Amended Complaint with prejudice, for an award of attorneys' fees pursuant to the terms of the loan documents, and grant any such other and further relief that the Court deems just and proper.

Submitted: August 7, 2014

> **BLANK ROME LLP**
> 1200 N. Federal Highway, Suite 312
> Boca Raton, FL  33432
> Telephone: 561-417-8100
> Facsimile: 561-417-8101
>
> /s/ *Monika E. Siwiec*
> MONIKA E. SIWIEC
> FLA. BAR NO. 92050
> MSiwiec@BlankRome.com
> Bocaeservice@BlankRome.com
> NICOLE R. TOPPER
> Florida Bar No. 558591
> NTopper@BlankRome.com

140383.01275/50625852v.1

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record, and sent via U. S. Mail to: Johnnie Hayes, 480 W. 35th Street, Riviera Beach, FL 33404; Priscilla Davis, 480 W. 35th Street, Riviera Beach, FL 33404.

/s/ MONIKA E. SIWIEC
Monika E. Siwiec, Esq.

140383.01275/50625852v.1