IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:13-cv-80610-KAM

JOHNNIE HAYES and PRISCILLA DAVIS,

    Plaintiffs,

vs.

U.S. BANK, N.A. AS TRUSTEE FOR
STRUCTURED ASSET INVESTMENT LOAN
TRUST MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2006-2, et al.,

    Defendants.
_____/

### JPMORGAN CHASE BANK, N.A.'S MOTIONS TO DISMISS PLAINTIFFS' VERIFIED SECOND AMENDED COMPLAINT [D.E. 139] AND STRIKE JURY TRIAL DEMAND AND INCORPORATED MEMORANDUM OF LAW

After this Court's June 30, 2014 Order (the "Order") [D. E. 131] on JPMorgan Chase Bank, N.A.'s ("Chase") motion to dismiss Verified First Amended Complaint [D.E. 63], Johnnie Hayes and Priscilla Davis (the "Borrowers") amended their complaint for a second time and filed their Verified Second Amended Complaint (the "Complaint"). [D.E. 139]. Chase moves this Court to dismiss the Complaint against Chase because (1) the Complaint was filed in violation of this Court's Order and (2) the Complaint fails to state a cause of action under Federal Rule of Civil Procedure 12(b)(6).

### FACTUAL AND PROCEDURAL BACKGROUND

On June 14, 2013, the Borrowers filed this action [D.E. 1], alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), and the Fair Debt Collection Practices Act ("FDCPA"). [D.E. 1 ¶¶ 47–55]. The Borrowers named Chase in the subheading and "wherefore" paragraph of its TILA violation count [D.E. 1 at *8], but did not

allege any facts regarding Chase other than that it is allegedly not authorized to do business in Florida. [D.E. 1 ¶ 10].

On October 10, 2013, Chase filed its motion to dismiss the Borrowers' complaint under Federal Rule of Civil Procedure 12(b), advising the Court that the complaint must be dismissed because (1) the Borrowers failed to allege any factual acts whatsoever by Chase, and thus failed to state a claim against Chase; (2) the Borrowers' claim failed because TILA does not impose liability on servicers; and (3) the Borrowers' TILA claim is barred by the statute of limitations. [D.E. 50].

On October 31, 2013, the Borrowers' right to amend their complaint without leave of the Court as to Chase expired under Federal Rule of Civil Procedure 15(a)(1).[1]

On November 18, 2013, the Borrowers filed their First Amended Complaint [D.E. 63], again alleging violations of RESPA, TILA, and the FDCPA. [D.E. 63 ¶¶ 53–62]. The Borrowers newly alleged a claim for violation of the Florida Consumer Collection Practices Act ("FCCPA"). As with the original complaint, the Borrowers name Chase in the subheading and "wherefore" paragraph of its TILA violation count [D.E. 63 at *10], but do not allege any facts regarding Chase other than that it is allegedly not authorized to do business in Florida. [D.E. 63 ¶ 10].

On June 30, 2014, this Court entered an Order dismissing the Borrowers' Verified First Amended Complaint against Chase and other defendants, without prejudice, and gave the Borrowers twenty (20) days to re-file their complaint. [D.E. 131].

---

[1] If a case has multiple defendants, a party cannot amend without leave with regard to a particular defendant more than 21 days after that defendant has filed a responsive pleading or a motion under Rule 12(b), (e), or (f). See AAA Cooper Transportation v. Wes-Pak, Inc., No. 1:11CV181-WHA-CSC, 2011 WL 2836745, at *2 (M.D. Ala. July 18, 2011) (citing Williams v. Bd. of Regents of Univ. Sys. of Ga., 477 F. 3d 1282, 1291 (11th Cir. 2007)).
Under Federal Rule of Civil Procedure (a)(1)(B), a party may amend its complaint without leave after the complaint is filed until 21 days after the earlier of the filing of a responsive pleading or a motion under Rule 12(b), (e), or (f).

The twenty (20) days this Court gave the Borrowers to amend their complaint expired on July 21, 2014. After the twenty (20) days had expired, on July 24, 2014, the Borrowers filed their Verified Second Amended Complaint. [D.E. 139]. The Complaint again alleged violations of RESPA, FDCPA, and FCCPA. As with the original Complaint and the First Verified Amended Complaint, the Borrowers fail to allege facts against Chase.

Chase now moves this Court to dismiss the claims against it.

## MEMORANDUM OF LAW

**A.   The Complaint should be dismissed with prejudice because it was filed in violation of this Court's Order.**

The Borrowers' Complaint should be dismissed with prejudice because it was filed outside the leave granted by this Court. Under Federal Rule of Civil Procedure 41(b), a court has authority to dismiss actions for failure to obey its orders. *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). "The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." *Id.* citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir.1983).. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Circ. 1989).

In its June 30, 2014 Order, this Court gave the Borrowers "leave to amend their Complaint consistent with this Opinion and Order within **20 days** from the date of the Order." [DE 131 at 9]. Borrowers had until July 21, 2014 to file their complaint. However, in direct contravention of this Court's Order, the Borrowers filed their Complaint on July 24, 2014, outside the twenty days of leave granted. Furthermore, as outlined below, the Borrowers did not

3

amend their Complaint consistent with the Opinion and Order, and failed to properly allege a cause of action against Chase. Therefore, the Court should dismiss the Complaint as to Chase.

**B.     The Borrowers again fail to allege any factual acts whatsoever by Chase, and thus again fail to state a claim against Chase.**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss lies for "failure to state a claim upon which relief can be granted." In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Here, for the third time, the Borrowers fail to allege any factual acts by Chase. The Borrowers refer to Chase in the preamble list of defendants [D.E. 139 at 1]; in the parties statement [D.E. 139 ¶ 10, 17]; and throughout the factual allegations [D.E. 139 ¶ 19, 20, 22, 39, 51, 52]. However, no more than a reference towards Chase is made in a subparagraph of the FDCPA claim [D.E. 139 ¶ 59(a)] and a subparagraph of the FCCPA claim [D.E. 139 ¶ 63(a)]. Furthermore, the majority of the references made by the Borrowers are regarding a purported invalid assignment or transfer of note and mortgage to Chase. The Borrowers are confusing Chase as being the lender, when Chase has never been more than the servicer of the loan. *See* original mortgage from Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for BNC Mortgage Inc. attached as Exhibit A; *see* assignment of mortgage from MERS

4

as nominee for BNC Mortgage Inc. to U.S. Bank, N. A. [D.E. 138 at 46]; and *see* Pooling and Servicing Agreement attached as Exhibit B.

Given that to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face, more than labels, conclusions, or a formulaic recitation of the elements, the Borrowers yet again fail to state a claim against Chase. *See Twombly*, 550 U.S. at 545; *Ashcroft*, 556 U.S. at 678. Accordingly, this Court should dismiss the Complaint as against Chase under Federal Rule of Civil Procedure 12(b)(6).

C.  **The Borrowers' jury trial demands should be stricken.**

In their Complaint, the Borrowers demand a trial by jury. [D. E. 139 at 19]. However, the mortgage executed by the Borrowers waives the right to jury trial in the following provision:

> **25. Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

A copy of the mortgage is attached as Exhibit A.

Under Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Borrowers RESPA, FDCPA, and FCCPA claims are made in connection with the loan secured by the mortgage. [D.E. 139]. The Borrowers' claims are therefore "related to" the mortgage loan and the jury trial demand should be stricken pursuant to the mortgage. *Foley v. Wells Fargo Bank, N.A.,* 849 F. Supp. 2d 1345, 1352 (S.D. Fla. 2012) (holding that a mortgage contract containing language that mortgagor waived his right to jury trial in any action arising out of or related to the security interest or debt instrument precluded a jury trial in mortgagor's claim violation of TILA's disclosure requirement against assignee of mortgage). Loan owners and servicers, like Chase, are entitled to enforce the jury trial waiver provision.

## CONCLUSION

Because the Complaint was filed in violation of this Court's Order and the Borrowers fail to allege any factual acts of Chase, this Court should dismiss the Borrowers' Verified Second Amended Complaint as against Chase with prejudice.

Respectfully submitted,

RIVERO MESTRE LLP
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
Telephone: 305-445-2500
Facsimile: 305-445-2505
E-mail: asmith@riveromestre.com
E-mail: bfranky@riveromestre.com

By: /s/ Bettyna Franky
    Allen J. Smith
    Florida Bar No. 25150
    Bettyna Franky
    Florida Bar No. 99402
    *Attorneys for JPMorgan Chase Bank, N.A.*

## Certificate under Local Rule 7.1

Under Local Rule 7.1(a)(3), a motion to dismiss for failure to state a cause of action is expressly exempt from the pre-filing conference requirements.

## Certificate of Service

I certify that on August 14, 2014, this Motion to Dismiss was electronically filed the Clerk of Court using EM/ECF and was served on the following counsel of record and pro se parties by the transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Blank Rome, LLP
Monika E. Siwiec
Nicole R. Topper
BocaEService@BlankRome.com
MSiwiec@BlankRome.com
NTopper@BlankRome.com
*Counsel for U.S. Bank, N.A., and Ocwen Loan Servicing LLC*

Cole, Scott & Kissane, P.A.
Michael W. Shiver, Jr.
Anika Campbell
Stephen Harber
Michael.shiver@csklegal.com
Anika.campbell@csklegal.com
Stephen.harber@csklegal.com
*Counsel for Robertson Anschultz, & Schneid, P.L.*

Johnnie M. Hayes
480 W 35th Street
Riviera Beach, FL 33404
Ijhayes.hayes13@gmail.com
*Pro se plaintiff*

Priscilla Davis
480 W 35th Street
Riviera Beach, FL 33404
priscilla3574@gmail.com
*Pro se plaintiff*

By: /s/Bettyna Franky
Bettyna Franky