UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH COUNTY DIVISION



JOHNNIE M. HAYES;
PRISCILLA DAVIS (sui juris)

     Plaintiffs.

                          Case No.13-80610-CIV-KAM

-v-
U.S BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR STRUCTURED ASSET
INVESTMENT LOAN TRUST
MORTGAGE PASS-THROUGH CERTIFICATES
SERIES 2006-2; BNC MORTGAGE, INC;
JP MORGAN CHASE BANK N.A;
OCWEN LOAN SERVICING, LLC;
CHASE FULFILLMENT CENTER
ROBERTSON, ANSCHUTZ, & SCHNEID, P.L.;
JAMIE EPSTEIN; JONATHAN MEISELS; MICHELLE BONDER

     Defendants.

## PLAINTIFFS RESPONSE TO DEFENDANT US BANK MOTION TO DISMISS AND STRIKE JURY TRIAL DEMAND

TO THE HONORABLE JUDGE OF THIS COURT:

     COMES NOW the Plaintiffs Johnnie M. Hayes and Priscilla Davis, who hereby submits

their Response to Defendants' Motion to Dismiss Plaintiffs Verified Second Amended Complaint

and Strike Jury Trial Demand and states as follows:

### I. STATEMENT OF FACTS

1. This action was brought because of defendant violations of the Fair Debt Collection Practices

    Act (FDCPA) 15 U.S.C. §1692 and Florida Consumer Collection Practices Act (FCCPA) FLA.

    STAT. § 559(Part VI).

2. This action involves a "debt" as the action involves an alleged obligation of a consumer to pay

money arising out of a transaction in which the property that is the subject of the transaction was for primarily for personal, family and/or household purposes U.S.C §1692 a (5).

3. Plaintiffs were never sent or received notices by defendant U.S BANK in accordance with the FDCPA and FCCPA and was subsequent damage by Defendant inactions.

4. US BANK N.A tried to collect on a consumer debt that was in default and was allegedly owed to a third party it attempted to  collect interest, escrow, title search, title exam, late fees, attorney fees and costs. By attempting to collect a debt while in default makes US BANK N.A. a debt collector under the Fair Debt Collection Practices Act 1692.

5. As such, US BANK N.A intentionally/negligently violated the FDCPA by failing to validate the alleged debt as demanded by Plaintiffs after being sent validation on or about April 12, 2013 by registered mail #RE 915311281US and consistently pursued to take Plaintiffs property and caused it to be taken by writ of possession violating 15 U.S.C § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

6. Defendant US BANK N.A has not produced any contractual agreement between Plaintiffs and U.S BANK. See DE 141 Exhibit A.

7. Defendant U.S BANK has failed to provide any evidence that a creditor/real party of interest relationship exists between U.S BANK and the Plaintiffs. And continued its unlawful acts in failing to validate and verify these alleged accounts. There is no evidence on the record or off the record to show otherwise that a legitimate business relationship exist between the parties and it cannot be assumed without creating an unfair prejudice against the Plaintiffs.

8. US BANK failed to respond within the time specified by these Federal statues and still has not provided the requested validation.

9. Defendant U.S BANK violated Florida Statutes 559.715, it failed to send Plaintiffs notice that it

was assigned this alleged debt, which are condition precedents and applies to those entities receiving assignments of consumer debts and having failed to comply by providing notice to Plaintiffs within 30 days after assignment.

## PLAINTIFFS LEGAL ANALYSIS ARGUMENT

### MEMORANDUM OF LAW

Plaintiffs Rebut defendant U.S BANK allegations in the background of its motion. Plaintiffs brought this action against defendants for their unlawful methods of attempting to collect on a defaulted alleged debt and violating the FDCPA and FCCPA statutes. Maty v. Grasselli Chemical Co., 303 U.S. 197 (1938)… "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment." Haines v. Kerner, 404 U.S. 519 (1972)… "Allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient"…"which we hold to less stringent standards than formal pleadings drafted by lawyers."Jenkins v. McKeithen, 395 U.S. 411, 421 (1959); Picking v. Pennsylvannia R. Co., 151 Fed. 2nd 240; Pucket v. Cox, 456 2nd 233…. "Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers." Pucket v. Cox, 456 2nd 233, (1972) (6th Cir. USCA)… It was held that a pro se complaint requires a less stringent reading than one drafted by a lawyer per Justice Black in Conley v. Gibson.  "Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings." Platsky v. CIA, 953 F. 2d 25, 26, (2nd cir. 1991)

### Standard of Review

Under the Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the …claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). "[A] complaint attached by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Id. At 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. At 570.

The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests". Friends of Lake View School District v. Beebe, 578 F.3d 753, 762 (8th Cir.2009). While "mere labels and conclusions" will not satisfy a plaintiff's burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented. Id. A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct". Ashcroft v. Iqbql, 129 W.Ct. 1937, 1950 (2009). Well-pleaded allegations of fact and every inference fairly deductible therefore are accepted as true for purposes of a motion to dismiss. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that recovery is very remote and unlikely." Twombly, 550 U.S. at 556.

## A. Plaintiffs Fail to comply with F.R.C.P Rule 41(B): Rebutted

**Plaintiffs response:** U.S.BANK claim fails for reason of the Order was entered June 30, 2014 (See DE 131) which means that Plaintiffs had twenty (20) days from that date to re-file their Second Amended Complaint. Defendants failed to include the three days for mailing and also the court was closed in observation of a National Holiday the Fourth of July. So, Plaintiffs *did*

properly file their Verified Second Amended Complaint in the time allotted which was July 24, 2014. See Exhibit A (Date stamped Envelope from the court).

**B. Plaintiffs Fail to state a claim under Rule 8 & 12(B)(6): Rebutted**

**Plaintiffs response:** The Plaintiffs Verified Second Amended Complaint clearly states its factual allegations and aver to its claims and causes of action. Again Rule 8 does **not** require "detailed factual allegations," It appears the Defendant US BANK want the Plaintiffs to layout detailed facts of what was written in the "QWR" when the cause of actions was clearly stated in the complaint pursuant to Federal Rule of Civil Procedure 8(a)(2) which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Id.* At 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* At 570.

The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests". *Friends of Lake View School District v. Beebe*, 578 F.3d 753, 762 (8th Cir. 2009). While "mere labels and conclusions" will not satisfy a plaintiff's burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented. *Id.* A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct". *Ashcroft v. Iqbql*, 129 W.Ct. 1937, 1950 (2009).

"Well-pleaded allegations of fact and every inference fairly deducible therefrom are accepted as true for purposes of a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 93-94

(2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

"When considering Defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to the plaintiff." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Sir. 1996): *Jones v. General Elec. Co.*, 87 F.3d 209, 211(7th Cir. 1996). "Only if no possible construction of the alleged facts will entitle plaintiff to relief should the court grant defendant's motion." *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). If the factual allegations in plaintiff's complaint support any legal theory that entitles plaintiff to some relief, the court should overrule defendant's motion to dismiss.

## C. Plaintiffs Statute of Limitations-FDCPA AND FCCPA: Rebutted

**Plaintiffs response:** Defendant states that Plaintiffs are time barred on their FDCPA claims. However the FDCPA allows a consumer to within one year of the violation to file a claim. See 15 U.S.C § 1692k. On or about April 12, 2013 Plaintiffs sent US BANK a QWR by registered mail# RE 915311281US requesting validation and accounting of the alleged obligation pursuant to FDCPA.

Defendant states the same for Plaintiffs FCCPA claims. However, according to the FCCPA the time allowed for a consumer to state a claim under this statue is two years. see Fl. Stat. 559.77(4) *An action brought under this section must be commenced within 2 years after the date on which the alleged violation occurred.* Again, this statement by Defendant is Rebutted as Plaintiffs written request is well within the maximum time allowed to state an FCCPA claim.

-6-

Plaintiffs FDCPA AND FCCPA claims by Defendants are not time-barred as alleged by US BANK.


**D. Plaintiffs Failure to State a cause of action under FDCPA or FCCPA: Rebutted**

**Plaintiffs response:** Plaintiffs prevail on the FDCPA claims because this action is not about the debt as US BANK would have this court to believe, it's about the *method* in which this debt collector used in attempt to collect on a unsubstantiated debt. US BANK attempted to collect on a consumer debt that was in default allegedly owed to a third party and attempted to collect interest, escrow, title search, title exam, late fees, attorney fees and costs. This classifies US BANK as a debt collector under the Fair Debt Collection Practices Act 1692.

Plaintiffs were never sent or received a notice by defendant U.S BANK in accordance with the FDCPA and FCCPA. On line 59(b) of Plaintiffs Verified Second Amended Complaint, Plaintiffs states the Defendant US BANK **never** complied with Plaintiffs demands for validation of the alleged debt they were attempting to collect on and instead pursued their collection activities. **A debt collector verifies a debt by providing information that is responsive to the consumer's request** See H.R. Rep. No 31, 95th Cong., 1st Sess. 5 1977. At **NO** time did US BANK even begin to properly validate the alleged debt obligation as demanded by Plaintiffs.

This clearly demonstrates that US BANK continued to violate 15 U.S.C §1692g 5 (b) when it continued its debt collection activities by hiring the law firm of Robertson, Anschutz and Schneid, PL, a third party debt collector Attorneys acting on behalf of others. Currently, it is advertised on their (the law firm) website rasflaw.com that they "**specializes in collections and handling of defaulted loan legal services and a high volume of Florida REO transaction portfolios**".

Accordingly,  FCCPA at Fl. Stat.§ 559.715 Assignment of consumer debts.--This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment within 30 days after the assignment. The assignee is a real party in interest and may bring an action in a court of competent jurisdiction to collect a debt that has been assigned to such assignee and is in default. US BANK never gave a notice as set forth in this statue.

Validation requires presentment of the account and general ledger statement signed  and dated by the party responsible for maintaining the account.  See *Pacific Concrete F.C.U. v. Kauanoe*, 62 Haw. 334, 614 P. 936 (1980), *GE Capital Hawaii, Inc. v.  Yonenaka*      25 P. 3d 807, 96, Hawaii 32, (Hawaii App 2001), *Fooks v. Norwich Housing  Authority* 28 Conn. L. Rptr. 371, (Conn. Super. 2000), *Town of Brookfield v.  Candlewood Shores Estates, Inc.* 513 A. 2d 1218, 201 Conn. I (1986), and *Solon V.  Godbole*, 163 Ill. App. 3d 845, 114 I11. Dec. 890, 516 N.E. 2d 1045 (3Dist. 1987).

The FDCPA, 15 U.S.C. § 1692, et seq., is a strict liability statute, *Taylor v. Perrin, Landry deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997): see also *Irwin v. Mascott*,  112 F. Supp. 2d 937 (N.D. Cal. 2000): Pittman v. J.J. *Mac Intyre Co. of Nevada, Inc.*,  969 F. Supp. 609 (D. Nev. 1997).  "Because the Act imposes strict liability, a  consumer need not show intentional conduct by the debt collector to be entitled to  damages." *Russell v. Equifax A.R.S.,* 74 F. 3d 30, 33-34 (2nd Cir. 1996). Plaintiffs asserts the FDCPA "establishes a strict liability standard and requires only one violation for a consumer to prevail…" Pollack v. Bay Area Credit Serv., L.L.C., 2009 WL 2475167 (S.D. Fla. Aug. 13, 2008). FDCPA "is a strict liability statute so the consumer need not show that the violation was intentional". Berg v. Merchants Ass'n Collection Div., Inc., 586 F. Supp. 2d 1336 (S.D. Fla. 2008).

The FDCPA is a remedial statute. *Hamilton v. United Healthcare of Louisiana, Inc.,* 310 F. 3d 385, 392 (5th Cir. 2002). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.,* 460 F. 3d 1162, 1176 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. § 1601 *et seq.,* is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107, 1117 (20th Cir. 2002); Bishop v. Global Payments Check Recovery Servs., Inc., 2003 WL 21497513 (D. Minn. June 25, 2003); McDonaiel v. South & Assocs., P.C., 325 F. Supp. 2d 1210 (D. Kan. 2004)." The FDCPA has a strict liability statute, such that no evidence of intent to mislead or deceive is necessary. Ross v. Commercial Fin. Serv. Inc., 31 F. Supp. 2d 1077, 1079 (N.D. Ill. 1999).

## E. Plaintiffs claims have been adjudicated at the state court level, which has a preclusive effect on this court, pursuant to the full faith and credit statute: Rebutted

**Plaintiffs response:** While US BANK claims that the Plaintiffs allegations arise from and relate directly to a state foreclosure action they in fact do not. Again, this action is not about the debt as US BANK would have this court to believe, it's about the *method* in which this debt collector used in attempt to collect on an unsubstantiated debt.

And because Plaintiffs have a default judgment does not mean US BANK did not violate the Fair Debt Collection Practices Act and Florida Consumer Collection Practices Act. The allegations arise from US BANK violating Federal laws put in place to limit such debt collector behavior and protect the rights of the consumer. These violations were never claimed at the state level and Plaintiffs filed a timely action pursuant to federal statue. It is perfectly clear that US BANK is in fact disavowing the Plaintiffs demand by attempting to mislead this Court by claiming to have a

right under some alleged agreement that US BANK is not a party of. In other words, their claims are contrived and nothing more.

**F. Plaintiffs fail to allege any basis for declaratory and injunctive relief: Rebutted**

**Plaintiffs response:** Plaintiffs made their request for relief in their complaint and their wherefore statement after each count. It was held that a pro se complaint requires a less stringent reading than one drafted by a lawyer per Justice Black in Conley v. Gibson. Pucket v. Cox, 456 2nd 233, (1972).

**G. Plaintiffs jury trial demand should be stricken: Rebutted**

3.  **Plaintiffs response:** Defendant US BANK Motion to Strike Plaintiffs Demand for Jury Trial may be applicable if the Plaintiffs had a mortgage with US BANK. It is perfectly clear that U.S BANK is in fact disavowing the Plaintiffs demand for a jury trial by attempting to mislead the Court by claiming to have a right under some alleged agreement that U.S BANK is obviously is not a party to. In other words their claims are contrived and nothing more. See (DE 141 Exhibit A).

    While U. S BANK, N.A seems to not know if it is related to a foreclosure action or security interest activity, if they are assignee or servicer. It is irrelevant U.S BANK, N.A has offered no evidence that U.S BANK, N.A is any of the above and U.S BANK, N.A motion should be denied for its misleading basis.

- 10 -

Since the Plaintiffs denies any past or present obligation to US BANK and US BANK has not offered the Plaintiffs any evidence on or off the record that Plaintiffs in fact, have an obligation to US BANK it is obvious the motion is warrantless.

The attached exhibits US BANK N.A presented to substantiate its motion makes it clear that the alleged contractual obligation, if any, **is with BNC Mortgage, INC not US BANK N.A**. See (DE141  Exhibit A). In other words US BANK cannot claim a defense using an agreement it (US BANK) is not a party to *Fed.R 1002. Requirement of the Original* -An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise. This court must also take judicial notice of *Fed.R 1003. Admissibility of Duplicates*-A duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate. Defendant would have to have the Plaintiff signature on a written agreement to show a business relationship exists and there is an obligation of performance under this agreement between both parties. "No person shall be…deprived of life, liberty, or property, without due process of law…" under Article V of the Bill of Rights. Under Article I section X of the U.S. Constitution states that "No state shall…pass any…law impairing the obligation of contracts." And  "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation…" under Article IV of the Bill of Rights. "Documentary evidence introduced in federal courts must be authenticated under the provisions of Rules 901 or 902 of the Federal Rules of Evidence." Amoco Production Co. v. United States, 619 F.2d 1383, 1391 (10th Cir. 1980) (emphasis added). See also First National Bank v. M/V Lightning Power, 851 F.2d 1543, 1548 (5th Cir. 1987) (document was "neither

self-authenticating nor authenticated by the testimony"); United States v. Rue, 819 F.2d 1488, 1494 (8th Cir. 1987) (although document is not self-authenticating, it is admissible under other procedures for authentication); In re Bobby Boggs, Inc., 819 F.2d 574, 580 (5th Cir. 1987); Ogden Environmental Services v. City of San Diego, 687 F.Supp. 1436, 1437 n.1 (S.D. Cal. 1988). "Computer printouts, like business records, are admissible if the custodian or other qualified witness is available to testify as to manner of preparation, reliability and trustworthiness of the product." Cofield v. State, 474 So. 2d 849, 851 (Fla. 1st DCA 1985)(adopting rule as stated in Pickrell v. State, 301 So. 2d 473, 474 (Fla. 2d DCA 1974)); seeDeSue v. State, 908 So. 2d 1116 (Fla. 1st DCA 2005). In appropriate circumstances, a printout may also be admissible as a properly certified copy of an official public record. See§90.902(4), Fla. Stat. (2003); Charles W. Ehrhardt, Florida Evidence§902.5, at 945 (2004 ed.) (explaining that to be self-authenticating under section 90.902(4), "the custodian of the document, or other person authorized by statute to make a certification, must certify that the copy is correct and that the person has custody of the original . . . . The custodian's signature must follow the statement"). CompareKing v. State, 590 So. 2d 1032, 1033 (Fla. 1st DCA 1991)

Despite Plaintiffs have no obligation to US BANK and US BANK defenses are meritless, the fact remains that US BANK is in violation of several Federal Acts that have little or no defenses. The jury trial waiver does not apply  to US BANK.

Plaintiffs assert that US BANK who is **Ultimately the Master Servicer** cannot provide **any** original instrument to state a claim upon which relief can be granted ("Mortgage" and "Mortgage Note") pursuant to Fed. R. Evd. 901 and 1002 and if they can provide original instruments they will show that the allege mortgage in question does not properly recite the terms of repayment because (1) it provides a nominee instead of the real name of the

creditor/lender and (2) it does include all the terms and parties to the deal in the PSA. If MERS was used, there will be a nominee for title, a nominee for creditor, and therefore no real party on the side of the lender, in terms of on-record activity. This results in the lien being imperfect or never perfected. This makes "line 25" a Jury Trial Waiver of the contract void. The servicing agent does not have standing, for only a person who is the holder of the note has standing to enforce the note. See e.g., In re Hwang 2008 WL 4899273 at 8.

The servicing agent may have standing if acting as an agent for the holder, assuming that the agent can both show agency status and that the principle is the holder. See e.g., In re Vargas 396 B.R. 511 (Bandr. C.D. Cal.2008) at 520.  Fact 1. OCWEN brought an action in the name of US BANK without US BANKs knowledge.

## CONCLUSION

Defendant US BANK Motion falls short of any merits to allow for a dismissal, Plaintiffs has pleaded facts sufficient to allow a court drawing on "judicial experience and common sense" to infer "more than the mere possibility of misconduct" which easily satisfies its burden of pleading under the FDCPA and FCCPA at this stage. See Ashcroft v. Iqbal, 129 S. Ct. at 1950. Therefore, Plaintiffs claims should survive dismissal.

**WHEREFORE,** Plaintiffs prayerfully requests that this Court enter an order denying US BANK Motion to Dismiss Plaintiffs Verified Second Amended Complaint and Strike Jury Trial Demand. In the alternative, if the Court determines Plaintiffs has failed to state a claim, Plaintiffs asks the Court to grant leave to amend their Complaint.

CERTIFICATE OF VERIFICATION

Plaintiffs  swear and verify under the Penalty of Perjury under the laws of the United States of

America and the State of Florida that they have read the above statements which are not

misleading and are true and correct to the best of his/her knowledge they are of good faith

arguments well grounded in facts warranted by existing law and statements are not unnecessary

delays or to harass or needlessly increase the cost of litigation.

Executed on September 12, 2014.

Johnnie M. Hayes                                Priscilla Davis


Certificate of Service

I certify that a true copy hereof has been furnished to all parties listed below by the method

indicated for each party on this 12th of  September 2014.

JOHNNIE M. HAYES                               PRISCILLA DAVIS
480 w 35th st                                  480 w 35th st
Riviera Beach, Fl 33404                         Riviera Beach, Fl 33404
Email ijhayes.hayes13@gmail.com                priscilla3574@gmail.com


BLANK ROME
1200 N. FEDERAL HWY
BOCA RATON, FL  33432

RIVERO MESTRE, P.L
2525 PONCE DE LEON STE#1000
CORAL GABLES, FL 33134

COLE, SCOTT & KISSANE
1645 PALM BEACH LAKES BLVD
2ND FLOOR
WEST PALM BEACH, FL 33401