UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH COUNTY DIVISION



FILED by _____ D.C.

SEP 1 2 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

JOHNNIE M. HAYES;
PRISCILLA DAVIS (sui juris)

Plaintiffs.

Case No.13-80610-CIV-KAM

-v-
U.S BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR STRUCTURED ASSET
INVESTMENT LOAN TRUST
MORTGAGE PASS-THROUGH CERTIFICATES
SERIES 2006-2; BNC MORTGAGE, INC;
JP MORGAN CHASE BANK N.A;
OCWEN LOAN SERVICING, LLC;
CHASE FULFILLMENT CENTER
ROBERTSON, ANSCHUTZ, & SCHNEID, P.L.;
JAMIE EPSTEIN; JONATHAN MEISELS; MICHELLE BONDER

Defendants.

## PLAINTIFFS RESPONSE TO DEFENDANT OCWEN MOTION TO DISMISS AND STRIKE JURY TRIAL DEMAND

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW the Plaintiffs Johnnie M. Hayes and Priscilla Davis, who hereby submits their Response to Defendant's Motion to Dismiss Plaintiffs Verified Second Amended Complaint and Strike Jury Trial Demand. Plaintiffs were clear in stating their cause of action and alleging their factual allegations under RESPA, FDCPA and the FCCPA.

## I. STATEMENT OF FACTS

1.      This action was brought because of defendant's violation of Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. § 2605; Fair Debt Collection Practices Act (FDCPA) 15 U.S.C.

[Type text]

-1-

§1692 and Florida Consumer Collection Practices Act (FCCPA) FLA. STAT. § 559(Part VI).

2.      This action involves a "debt" as the action involves an alleged obligation of a consumer to pay money arising out of a transaction in which the property that is the subject of the transaction was for primarily for personal, family and/or household purposes U.S.C §1692 a (5).

Plaintiffs were never sent or received notice of assignment by defendant OCWEN in accordance with the FDCPA and FCCPA and Plaintiffs were subsequently damaged by Defendants actions.

OCWEN tried to collect on a consumer debt that was in default and was allegedly owed to a third party; it attempted to collect interest, escrow, title search, title exam, late fees, attorney fees and costs. By attempting to collect a debt while in default makes OCWEN a debt collector according to the Fair Debt Collection Practices Act 1692.

3.      As such, OCWEN intentionally and negligently violated the FDCPA by failing to validate the alleged debt as demanded by Plaintiffs after being sent multiple validation letters and consistently pursued Plaintiffs property and caused it to be taken by writ of possession violating 15 U.S.C § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

4.      As a condition under (RESPA) 12 U.S.C. OCWEN never sent the Plaintiffs a notice of assignment under RESPAs guideline and pursuant to the alleged mortgage line 20. Plaintiffs were subsequently damaged by Defendant actions.

5.      Plaintiffs mailed out a timely Qualified Written Request to OCWEN, the alleged servicer on June 15, 2012 and August 1, 2012 to validate this alleged obligation pursuant to the Fair Debt Collection Practices Act 15 U.S.C 1692. OCWEN never verified the alleged debt, instead it sold the Plaintiffs home at a Foreclosure auction.

6.      OCWEN continues to attempt to collect and failed to respond within the time specified by these Federal statues and still has not provided the requested validation.

7.      OCWEN failed to show a valid assignment of debt and there are no averments as to the

[Type text]

-2-

nature of the purported assignment or evidence of valuable consideration. There is no evidence that OCWEN is the Assignor or Assignee of any alleged mortgage obligation.

8.      OCWEN has not produced an **original or authenticated copy** of any contractual agreement between Plaintiffs and alleged original creditor JP MORGAN CHASE BANK N.A and/or CHASE FULFILLMENT CENTER who allegedly sold, assigned, or transferred the alleged mortgage obligation owed by the Plaintiffs to OCWEN. Further, OCWEN failed to produce an **original or authenticated copy** of any contractual agreement between them and the Plaintiffs.

9.      Defendant OCWEN cannot demonstrate it had an assignment of the alleged obligation giving it a legitimate business need and permissible purpose to obtain and report false, inaccurate and derogatory information about Plaintiff JOHNNIE M. HAYES on his credit report.

10.     OCWEN violated Florida Statutes 559.715 because it failed to send Plaintiffs notice that it was assigned this alleged debt, which are condition precedents and applies to those entities receiving assignments of consumer debts and having failed to comply by providing notice to Plaintiffs within 30 days after assignment.

## PLAINTIFFS LEGAL ANALYSIS ARGUMENT

### MEMORANDUM OF LAW

Plaintiffs rebut defendant OCWEN allegations in the background of its motion. Plaintiffs brought this action against defendants for their unlawful methods of attempting to collect on a defaulted alleged debt and violating the FDCPA and FCCPA statutes. Maty v. Grasselli Chemical Co., 303 U.S. 197 (1938)… "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment." Haines v. Kerner, 404 U.S. 519 (1972)… "Allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient"…"which we hold to less stringent

[Type text]

standards than formal pleadings drafted by lawyers."Jenkins v. McKeithen, 395 U.S. 411, 421 (1959); Picking v. Pennsylvannia R. Co., 151 Fed. 2nd 240; Pucket v. Cox, 456 2nd 233.... "Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers." Pucket v. Cox, 456 2nd 233, (1972) (6th Cir. USCA)... It was held that a pro se complaint requires a less stringent reading than one drafted by a lawyer per Justice Black in Conley v. Gibson. "Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings." Platsky v. CIA, 953 F. 2d 25, 26, (2nd cir. 1991)

### Standard of Review

Under the Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ...claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). "[A] complaint attached by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Id. At 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. At 570.

The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests". Friends of Lake View School District v. Beebe, 578 F.3d 753, 762 (8th Cir.2009). While "mere labels and conclusions" will not satisfy a plaintiff's burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented. Id. A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct". Ashcroft v. Iqbql, 129 W.Ct. 1937, 1950 (2009).

[Type text]

-4-

Well-pleaded allegations of fact and every inference fairly deductible therefore are accepted as true for purposes of a motion to dismiss. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that recovery is very remote and unlikely." Twombly, 550 U.S. at 556.

### A. Plaintiffs Fail to comply with F.R.C.P Rule 41(B): Rebutted

**Plaintiffs response:** OCWEN claim fails for reason of the Order was entered June 30, 2014 (See DE 131) which means that Plaintiffs had twenty (20) days from that date to re-file their Second Amended Complaint. Defendants failed to include the three days for mailing and also the court was closed in observation of a National Holiday the Fourth of July. So, Plaintiffs *did* properly file their Verified Second Amended Complaint in the time allotted which was July 24, 2014. See Exhibit A (Date stamped Envelope from the court).

### B. Plaintiffs Fail to state a claim under Rule 8 & 12(B)(6): Rebutted

**Plaintiffs response:** OCWEN asked this court to dismiss the complaint because it contains mere labels and legal conclusions insufficient to establish a facially plausible claim under RESPA, FDCPA and FCCPA. The Plaintiffs Verified Second Amended Complaint clearly states its factual allegations and aver to its claims and causes of action. Again Rule 8 does **not** require "detailed factual allegations," It appears the Defendant OCWEN want the Plaintiffs to layout detailed facts of what was written in the "QWR" when the cause of actions was clearly stated in the complaint pursuant to Federal Rule of Civil Procedure 8(a)(2) which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not

[Type text]

-5-

need detailed factual allegations." *Id*. At 555.  "[W]e do not require heightened fact

pleading of specifics, but only enough facts to state a claim to relief that is plausible on  its

face." *Id*. At 570.

     The complaint must only include "sufficient factual allegations to provide the grounds

on which the claim rests". *Friends of Lake View School District v. Beebe*, 578 F.3d  753,

762 (8th Cir. 2009).  While "mere labels and conclusions" will not satisfy a  plaintiff's

burden, there is no need for detailed factual allegation or specific facts that  describe the

evidence to be presented. *Id*.  A plaintiff satisfies their burden if they  allege facts sufficient

to allow a court to infer "more than the mere possibility of misconduct". *Ashcroft v. Iqbql*,

129 W.Ct. 1937, 1950 (2009).

     "Well-pleaded allegations of fact and every inference fairly deducible therefrom are

accepted as true for purposes of a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89,  93-

94 (2007).  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that

actual proof of those facts is improbable, and "that recovery is very remote  and unlikely."

*Twombly*, 550 U.S. at 556.

     "When considering Defendant's motion, the court must construe the factual

allegations  in the complaint in the light most favorable to the plaintiff." *In re Stac Elecs.*

*Sec.  Litig.*, 89 F.3d 1399, 1403 (9th Sir. 1996): *Jones v. General Elec. Co.*, 87 F.3d 209,

211(7th Cir. 1996).  "Only if no possible construction of the alleged facts will entitle

plaintiff to relief should the court grant defendant's motion." *Hishon v. King &  Spaulding*,

467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984).  If the factual allegations in  plaintiff's

complaint support any legal theory that entitles plaintiff to some relief, the  court should

overrule defendant's motion to dismiss.

[Type text]

                                                    – 6 –

C.  **PLAINTIFFS FAIL TO PLEAD A CAUSE OF ACTION UNDER RESPA: Rebutted**

**Plaintiffs response:** OCWEN alleges Plaintiffs RESPA violations are time barred and fail to plead

the elements of a RESPA violation. Defendant OCWEN has misconstrued Plaintiffs argument.

Plaintiffs sent a timely Qualified Written Request to OCWEN on or about June 15, 2012 and August

1, 2012. However OCWEN never sent notice to the Plaintiffs in accordance with RESPA.

•        In Plaintiffs verified Second Amended Complaint it states the four elements of  RESPA

violations on paragraph 54 it states "OCWEN and CHASE FULFILLMENT CENTER "are

servicers" of a federally related mortgage loan which is within the meaning of the Real Estate

Settlement Procedures Act (RESPA) 12 U.S.C 2605.

•        In Paragraph 55 of the complaint states "Plaintiffs written requests identified the Plaintiffs as

borrowers and a validation of the owner and accurate accounting and correction of  Defendant

OCWEN numerous accounting errors. Plaintiffs "qualified written requests is within the meaning of

RESPA.

•        In Paragraph 56 of the complaint states "OCWEN LOAN and CHASE FULFILLMENT

CENTER deliberately failed to respond in a proper and timely way to Plaintiffs "qualified written

requests" for information about and corrections to their mortgage account and OCWEN LOAN and

CHASE FULFILLMENT CENTER has still not complied to date which is a violation of 12 U.S.C

2605(e).

•        Plaintiffs RESPA violations are not time barred Plaintiffs sent out 2 timely qualified written

requests on or about June 15, 2012  it was an honest typographical error typed on the qualified

written request and it was discovered  after Plaintiffs mailed it out and on or about August 1, 2012.

See Exhibit A (Plaintiffs affidavit)

•        Section 2605(e) requires a mortgage loan servicer, upon receipt of a QWR from a

borrower, to: (a) acknowledge the QWR within a certain number of days, and (b) make

appropriate corrections or respond with a written explanation of clarification that includes

[Type text]

specific certain information. 12 U.S.C. §§ 2605(e)(1)(A) & (e)(2). A QWR is defined in the statute as "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that,"

- (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and

- (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

- *Id.* § 2605(e)(1)(B). Failure to adhere to these requirements may subject the servicer to liability. *Id.* § 2605(f).

**D.  Plaintiffs Failure to State a cause of action under FDCPA : Rebutted**

**Plaintiffs response:**

Defendant OCWEN argues that the Plaintiffs could not state a valid claim against OCWEN under the Fair Debt Collection Practice Act because loan servicers are not considered "debt collectors" under the law. In  Shugart v. Ocwen Loan Servicing, LLC , 747 F. Supp. 2d 938, 942-43 (S.D. Ohio 2010) states the court held that Ocwen could be a debt collector under the FDCPA since OCWEN acquires debts in default for the purposes of attempting to collect on those debts.  OCWEN purchased the servicing rights of the alleged mortgage debt obligation thats being disputed which was in default since  June 2008. At some undetermined time CHASE FULFILLMENT CENTER a servicing arm of JP MORGAN CHASE BANK allegedly sold, assigned or transferred the alleged mortgage to OCWEN. Defendant OCWEN LOAN SERVICING which acted as a servicing arm for US BANK. Therefore, OCWEN LOAN was "the servicer" for the defaulted debt mortgage agreement. See U.S.C 1692a(6) "states anyone acting on behalf of any creditor in the process of collecting his own debt uses any name other than its own"  is in violation of that statute.

[Type text]

-8-

OCWEN AND US BANK brought, received or was assigned the alleged mortgage debt obligation that was in default which makes them a debt collector according to the FDCPA and neither defendants US BANK and OCWEN are registered to do business in State of Florida according to **sunbiz.org.**

Plaintiffs FDCPA claim by Defendants are not time-barred as alleged by OCWEN. On or about June 15, 2012 and August 1, 2012  sent OCWEN LOAN SERVICING Qualified Written Requests by certified mail identifying the Plaintiffs and the loan number was requesting validation and accounting of the alleged obligation pursuant to the Fair Debt Collection Practices Act. See (DE 139 and Exhibit C QWR and C2 certified mailing). Plaintiffs Qualified Written Request meets the requirements under the FDCPA.

The first time any communication occurred between Plaintiffs and OCWEN was after Plaintiff mailed the aforementioned validation letter; which means that *Plaintiff* was the first to initiate communication and 15 U.S.C. 1692 (g) clearly states "within 5 days after the initial communication with a consumer…a debt collector shall send the consumer a written notice containing----

On line 59(b) of Plaintiffs Verified Second Amended Complaint, Plaintiffs states the Defendant OCWEN **never** complied with Plaintiffs demands for validation of the alleged debt they were attempting to collect on and instead pursued their collection activities.

**A debt collector verifies a debt by providing information that is responsive to the consumer's request** See H.R. Rep. No 31, 95th Cong., 1st Sess. 5 1977. At **NO** time did OCWEN  begin to attempt to properly validate the alleged debt obligation as demanded by Plaintiffs.

Validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account.  See *Pacific Concrete F.C.U. v. Kauanoe*, 62 Haw. 334, 614 P. 936 (1980), *GE Capital Hawaii, Inc. v.  Yonenaka*      25 P. 3d 807, 96, Hawaii 32, (Hawaii App 2001), *Fooks v. Norwich Housing  Authority* 28 Conn. L. Rptr. 371, (Conn. Super. 2000), *Town of Brookfield v.   Candlewood Shores Estates,*

[Type text]

*Inc.* 513 A. 2d 1218, 201 Conn. I (1986), and *Solon V. Godbole*, 163 III. App. 3d 845, 114 I11. Dec. 890, 516 N.E. 2d 1045 (3Dist. 1987).

OCWEN'S actions and negligent/and willful acts damaged the Plaintiffs as a result of OCWEN'S action Plaintiffs home was sold auction. The FDCPA, 15 U.S.C. § 1692, et seq., is a strict liability statute, *Taylor v. Perrin, Landry deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997): see also *Irwin v. Mascott*, 112 F. Supp. 2d 937 (N.D. Cal. 2000): Pittman v. J.J. *Mac Intyre Co. of Nevada, Inc.*, 969 F. Supp. 609 (D. Nev. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F. 3d 30, 33-34 (2nd Cir. 1996). The FDCPA must be liberally construed in favor of consumer debtors. The FDCPA is a remedial statute. *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F. 3d 385, 392 (5th Cir. 2002). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162, 1176 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. § 1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107, 1117 (20th Cir. 2002).

E. **PLAINTIFFS FAIL TO PLEAD A CAUSE OF ACTION UNDER THE FCCPA: Rebutted**

**Plaintiffs response:** Plaintiffs FCCPA claim prevails because OCWEN tried to collect on a consumer debt that was in default allegedly owed to a third party and attempted to collect interest, escrow, title search, title exam, late fees, attorney fees and costs to be collected by OCWEN a "loan servicer" on behalf of US BANK which makes them a debt collector under the Fair Debt Collection Practices Act 1692.

OCWEN alleges Plaintiffs FCCPA FLA.STAT §559.72(6); FLA.STAT. § 559.72(9) violations are time-barred. However OCWEN omitted to mention FLA.STAT §559.72. OCWEN also alleges that

[Type text]

— 10 —

Plaintiffs does not refer to no other dates outside the August 19, 2009 foreclosure action which is erroneous and without merit. Plaintiffs mailed out timely Qualified Written Request on June 15, 2012 and August 1, 2012 thus Plaintiffs are within the statutes of limitations and thus their claim is not time barred. see Fl. Stat. 559.77(4) *An action brought under this section must be commenced within 2 years after the date on which the alleged violation occurred.*

Defendant OCWEN  has not demonstrated  the assignment of the alleged obligation giving it permissible purpose to obtain, collect and report information about Plaintiffs.

OCWEN violated Florida Statutes 559.715, it failed to send Plaintiffs notice that it was assigned this alleged debt, which are condition precedents and applies to those entities receiving assignments of consumer debts and having failed to comply by providing notice to Plaintiffs within 30 days after assignment.

The debt in question was for personal, family or household purposes.

Defendant OCWEN is a debt collector within the meaning of  FCCPA 559.55(6) as debt collection is part of its ordinary business practice and OCWEN regularly collects debts on behalf of others.

**F.   Plaintiffs claims have been adjudicated at the state court level, which has a preclusive effect on this court, pursuant to the full faith and credit statute:  Rebutted**

**Plaintiffs response:** While OCWEN claims that the Plaintiffs allegations arise from and relates directly to a state foreclosure action they in fact do not. Because this action is not about the debt as OCWEN would have this court to believe, it's about the *method* in which this debt collector used in attempt to collect on a unsubstantiated debt.

The allegations arise from OCWEN violating Federal laws put in place to limit such debt collector's behavior and protect the rights of the consumer. These violations were never claimed at the state level and Plaintiffs file a timely action pursuant to federal statue. It is perfectly clear that OCWEN is in fact disavowing the Plaintiffs demand by attempting to mislead the Court by claiming to have a

[Type text]

—11—

right under some alleged agreement that OCWEN it is obviously not a party to. In other words, their claims are contrived and nothing more.

### G. PLAINTIFFS FAIL TO ALLEGE ANY BASIS FOR DECLARATORY AND INJUNCTIVE RELIEF: Rebutted

**Plaintiffs response:** Plaintiffs made their request for relief in their complaint and their wherefore statement after each count. This is frivolous and meritless. Also  "It was held that a pro se complaint requires a less stringent reading than one drafted by a lawyer per Justice Black" Conley v. Gibson.  Pucket v. Cox, 456 2nd 233, (1972).

### H. PLAINTIFFS JURY TRIAL DEMAND SHOULD BE STRICKEN: Rebutted

**Plaintiffs response:** It is perfectly clear that OCWEN the 'servicing agent' is in fact disavowing the Plaintiffs demand  for jury trial by attempting to mislead the Court by claiming to have a right under some alleged agreement that OCWEN the "servicing agent" is obviously not a party to. In other words, their claims are contrived and nothing more. While  OCWEN seems to not know if it is related to a foreclosure action or security interest activity, if they are servicer. It is irrelevant to  OCWEN motion  as OCWEN has offered  no evidence that OCWEN is any of the above and OCWEN motion should be denied for its misleading basis. The jury trial waiver does not apply to OCWEN.

1.      Defendant OCWEN Motion to Strike Plaintiffs Demand for Jury Trial might be applicable if the Plaintiffs had a mortgage with OCWEN which they did not, and besides OCWEN is a "servicing agent". Since the Plaintiffs denies the fact that they have any obligation to OCWEN and OCWEN

[Type text]

- 12 -

has not offered the Plaintiffs any evidence on the record or off the record that Plaintiffs in fact, has any contractual or other obligation to OCWEN a "servicing agent" it is obvious on its face the motion is warrant less.

2.       The attached exhibits OCWEN presented to substantiate their motion makes it clear that the alleged mortgage obligation, if any, would be with BNC Mortgage, INC not OCWEN. See (DE 142 Exhibit A) In other words OCWEN a "servicing agent" cannot claim a defense using an agreement OCWEN is not a party to.

OCWEN will have to produce the original copies of this alleged mortgage obligation pursuant to *Fed.R 1002. **Requirement of the Original*** -An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise. This court must also take judicial notice of *Fed.R 1003. **Admissibility of Duplicates***-A duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate. Defendant would have to have the Plaintiff signature on a written agreement to show a business relationship exists and there is an obligation of performance under this agreement between both parties. "No person shall be…deprived of life, liberty, or property, without due process of law…" under Article V of the Bill of Rights. Under Article I section X of the U.S. Constitution states that "No state shall…pass any…law impairing the obligation of contracts." And "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation…" under Article IV of the Bill of Rights. "Documentary evidence introduced in federal courts must be authenticated under the provisions of Rules 901 or 902 of the Federal Rules of Evidence." Amoco Production Co. v. United States, 619 F.2d 1383, 1391 (10th Cir. 1980) (emphasis added). See also First National Bank v. M/V Lightning Power, 851 F.2d 1543, 1548 (5th Cir. 1987) (document was "neither self-authenticating nor authenticated by the testimony"); United States v. Rue, 819 F.2d 1488, 1494 (8th Cir. 1987) (although document is not self-authenticating, it is admissible under other

[Type text]

procedures for authentication); In re Bobby Boggs, Inc., 819 F.2d 574, 580 (5th Cir. 1987); Ogden

Environmental Services v. City of San Diego, 687 F.Supp. 1436, 1437 n.1 (S.D. Cal. 1988).

"Computer printouts, like business records, are admissible if the custodian or other qualified

witness is available to testify as to manner of preparation, reliability and trustworthiness of

the product." Cofield v. State, 474 So. 2d 849, 851 (Fla. 1st DCA 1985) (adopting rule as

stated in Pickrell v. State, 301 So. 2d 473, 474 (Fla. 2d DCA 1974)); see De Sue v. State,

908 So. 2d 1116 (Fla. 1st DCA 2005). In appropriate circumstances, a printout may also be

admissible as a properly certified copy of an official public record. See§90.902(4), Fla. Stat.

(2003); Charles W. Ehrhardt, Florida Evidence§902.5, at 945 (2004 ed.) (Explaining that to

be self-authenticating under section 90.902(4), "the custodian of the document, or other

person authorized by statute to make a certification, must certify that the copy is correct and

that the person has custody of the original . . . . The custodian's signature must follow the

statement"). CompareKing v. State, 590 So. 2d 1032, 1033 (Fla. 1st DCA 1991).

3.     Plaintiffs assert that OCWEN who is **a servicing agent** cannot provide **any** original

instrument to state a claim upon which relief can be granted ("Mortgage" and "Mortgage Note")

pursuant to Fed. R. Evd. 901 and 1002 and if they can provide original instruments they will show

that the allege mortgage in question does not properly recite the terms of repayment because (1) it

provides a nominee instead of the real name of the creditor/lender and (2) it does include all the

terms and parties to the deal in the PSA. If MERS was used, you have a nominee for title, a nominee

for creditor, and therefore no real party on the side of the lender, in terms of on-record activity. This

results in the lien being imperfect or never perfected. This makes "line 25" a Jury Trial Waiver of the

contract void. The servicing agent does not have standing, for only a person who is the holder of the

note has standing to enforce the note. See e.g., In re Hwang 2008 WL 4899273 at 8.

[Type text]

Certificate of Service

I certify that a true copy hereof has been furnished to all parties listed below by the method

indicated for each party on this _____ of _September_ 2014

JOHNNIE M. HAYES
480 w 35th st
Riviera Beach, Fl 33404
Email ijhayes.hayes13@gmail.com

PRISCILLA DAVIS
480 w 35th st
Riviera Beach, Fl 33404
priscilla3574@gmail.com

BLANK ROME
1200 N. FEDERAL HWY
BOCA RATON, FL  33432

RIVERO MESTRE, P.L
2525 PONCE DE LEON STE#1000
CORAL GABLES, FL 33134

COLE, SCOTT & KISSANE
1645 PALM BEACH LAKES BLVD
2ND FLOOR
WEST PALM BEACH, FL 33401

[Type text]

-17-

## CONCLUSION

Defendant OCWEN Motion falls short of any merits to allow for a dismissal, Plaintiffs has pleaded facts sufficient to allow a court drawing on "judicial experience and common sense" to infer "more than the mere possibility of misconduct" which easily satisfies its burden of pleading under the RESPA, FDCPA and FCCPA at this stage. See Ashcroft v. Iqbal, 129 S. Ct. at 1950. Therefore, Plaintiffs claims should survive dismissal.

**WHEREFORE,** Plaintiffs prayerfully requests that this Court enter an order denying OCWEN Motion to Dismiss Plaintiffs Verified Second Amended Complaint and Strike Jury Trial Demand. In the alternative, if the Court determines Plaintiffs has failed to state a claim, Plaintiffs asks the Court to grant leave to amend their Complaint.

## CERTIFICATE OF VERIFICATION

Plaintiffs swear and verify under the Penalty of Perjury under the laws of the United States of America and the State of Florida that they have read the above statements which are not misleading and are true and correct to the best of his/her knowledge they are of good faith arguments well grounded in facts warranted by existing law and statements are not unnecessary delays or to harass or needlessly increase the cost of litigation.

Executed on September 2, 2014.

Johnnie M. Hayes

Priscilla Davis

[Type text]

- 16 -