UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH COUNTY DIVISION

JOHNNIE M. HAYES;
PRISCILLA DAVIS (sui juris)

    Plaintiffs.

Case No.13-80610-CIV-KAM

-v-

U.S BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR STRUCTURED ASSET
INVESTMENT LOAN TRUST
MORTGAGE PASS-THROUGH CERTIFICATES
SERIES 2006-2; BNC MORTGAGE, INC;
JP MORGAN CHASE BANK N.A;
OCWEN LOAN SERVICING, LLC;
CHASE FULFILLMENT CENTER
ROBERTSON, ANSCHUTZ, & SCHNEID, P.L.;
JAMIE EPSTEIN; JONATHAN MEISELS; MICHELLE BONDER

    Defendants.

## **PLAINTIFFS RESPONSE TO DEFENDANT ROBERTSON, ANSCHUTZ & SCHNEID, P.L JAMIE EPSTEIN, MICHELLE BONDER, & JON MEISELS MOTION TO DISMISS PLAINTIFFS VERIFIED SECOND AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

    COMES NOW the Plaintiffs Johnnie M. Hayes and Priscilla Davis, who hereby submits their Response to Defendants' Motion to Dismiss Plaintiffs Verified Second Amended Complaint and states as follows:

### I. STATEMENT OF FACTS

1. This action was brought because of defendant violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 and Florida Consumer Collection Practices Act (FCCPA) FLA. STAT. § 559(Part VI).

2. This action involves a "debt" as the action involves an alleged obligation of a consumer to pay money arising out of a transaction in which the property that is the subject of the transaction was for primarily for personal, family and/or household purposes U.S.C §1692 a (5).

3. Defendant never **sent,** and Plaintiffs are not in **receipt of,** proper notices pursuant to FDCPA and FCCPA in relations to an alleged debt obligation by the client the defendants ROBERTSON, ANSCHUTZ & SCHNEID, P.L., JAMIE EPSTEIN, MICHELLE BONDER & JON MEISELS represents. Once the Plaintiffs realized these third party debt collector attorneys attempting to collect on an uncollectable and invalid debt on the behalf of U.S BANK, Plaintiffs sent these defendants a validation notice in accordance with the FDCPA and FCCPA. ROBERTSON, ANSCHUTZ & SCHNEID, P.L., JAMIE EPSTEIN, MICHELLE BONDER & JON MEISELS all failed to respond timely and refused to validate this alleged obligation and continued to attempt on the alleged debt until the Plaintiffs joined them to this action.

4. ROBERTSON, ANSCHUTZ & SCHNEID, P.L., JAMIE EPSTEIN, MICHELLE BONDER & JON MEISELS attempted on behalf of U.S BANK a third party to collect on a consumer debt that was in default allegedly owed and thereby attempting to collect interest, escrow, title search, taxes, title exam, late fees, attorney fees and costs on behalf of U.S BANK. Anyone who collects on behalf of the original creditor or agent or third party makes them a debt collector under the Fair Debt Collection Practices Act 1692a(6).

5. As such, notices were sent to defendants whom had an obligation to validate and investigate the claim before they took them on as a client, ROBERTSON, ANSCHUTZ & SCHNEID, P.L., JAMIE EPSTEIN, MICHELLE BONDER & JON MEISELS

intentionally/negligently violated the FDCPA & FCCPA by failing to validate the alleged debt as demanded by Plaintiffs after being sent on or about April 12, 2013 validation letters by registered mail #RE 915311278US and consistently pursued to take Plaintiffs property and caused it to be taken by writ of possession violating 15 U.S.C § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

6. Defendant ROBERTSON, ANSHUTZ & SCHNEID; JAMIE EPSTEIN, MICHELLLE BONDER & JON MEISELS has not produced any contractual agreement between neither Plaintiffs and U.S BANK nor Plaintiffs and ROBERTSON, ANSHUTZ & SCHNEID; JAMIE EPSTEIN, MICHELLLE BONDER & JON MEISELS nor US BANK and ROBERTSON, ANSHUTZ & SCHNEID; JAMIE EPSTEIN, MICHELLLE BONDER & JON MEISELS .

7. Defendant ROBERTSON, ANSHUTZ & SCHNEID; JAMIE EPSTEIN, MICHELLLE BONDER & JON MEISELS has failed to provide any evidence that a creditor/real party of interest relationship exists between U.S BANK and ROBERTSON, ANSHUTZ & SCHNEID; JAMIE EPSTEIN, MICHELLLE BONDER & JON MEISELS and the Plaintiffs. And continued its unlawful acts in failing to validate and verify these alleged accounts. There is no evidence on the record or off the record to show otherwise that a legitimate business relationship exist between the parties and it cannot be assumed without creating an unfair prejudice against the Plaintiffs.

8. A statue cannot supersede the Constitution when it comes to due process.

## PLAINTIFFS LEGAL ANALYSIS ARGUMENT

## MEMORANDUM OF LAW

Plaintiffs Rebut defendant ROBERTSON, ANSHUTZ & SCHNEID; JAMIE EPSTEIN, MICHELLLE BONDER & JON MEISELS allegations in the background of its motion. Plaintiffs brought this action against defendants for their unlawful methods of attempting to collect on a defaulted alleged debt and violating the FDCPA and FCCPA statutes. Maty v. Grasselli Chemical Co., 303 U.S. 197 (1938)... "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment." Haines v. Kerner, 404 U.S. 519 (1972)... "Allegations such as those asserted by petitioner, however in artfully pleaded, are sufficient"..."which we hold to less stringent standards than formal pleadings drafted by lawyers."Jenkins v. McKeithen, 395 U.S. 411, 421 (1959); Picking v. Pennsylvannia R. Co., 151 Fed. 2nd 240; Pucket v. Cox, 456 2nd 233.... "Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers." Pucket v. Cox, 456 2nd 233, (1972) (6th Cir. USCA)... It was held that a pro se complaint requires a less stringent reading than one drafted by a lawyer per Justice Black in Conley v. Gibson. "Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings." Platsky v. CIA, 953 F. 2d 25, 26, (2nd cir. 1991)

### Standard of Review

Under the Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ...claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

"[A] complaint attached by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Id. At 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. At 570.

The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests". Friends of Lake View School District v. Beebe, 578 F.3d 753, 762 (8th Cir.2009). While "mere labels and conclusions" will not satisfy a plaintiff's burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented. Id. A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct". Ashcroft v. Iqbql, 129 W.Ct. 1937, 1950 (2009). Well-pleaded allegations of fact and every inference fairly deductible therefore are accepted as true for purposes of a motion to dismiss. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that recovery is very remote and unlikely." Twombly, 550 U.S. at 556.

**I. Plaintiffs Complaint was filed in violation of this Court's order and thus should be dismissed with prejudice: Rebutted**

**Plaintiffs response:** ROBERTSON, ANSHUTZ & SCHNEID; JAMIE EPSTEIN, MICHELLLE BONDER & JON MEISELS claim fails for reason of the Order was entered June 30, 2014 (See DE 131) which means that Plaintiffs had twenty (20) days from that date to re-file their Second Amended Complaint. Defendants failed to include the three days for mailing and also the court was closed in observation of a National Holiday the Fourth of July. So, Plaintiffs *did* properly file their Verified Second Amended Complaint in the time allotted which was July 24, 2014. See Exhibit A (Date stamped Envelope from the court).

**II. Plaintiffs Complaint is in Violation of F.R.C.P 8(a)(2): Rebutted**

**Plaintiffs response:** The Plaintiffs Verified Second Amended Complaint clearly states its factual allegations and aver to its claims and causes of action. Again, Rule 8 does **not** require "detailed factual allegations". It appears Defendants ROBERTSON, ANSHUTZ & SCHNEID; JAMIE EPSTEIN, MICHELLLE BONDER & JON MEISELS want the Plaintiffs to layout detailed facts of what was written in the "QWR" when the cause of actions was clearly stated in the complaint pursuant to Federal Rule of Civil Procedure 8(a)(2) which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Id.* At 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* At 570.

The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests". *Friends of Lake View School District v. Beebe*, 578 F.3d 753, 762 (8th Cir. 2009). While "mere labels and conclusions" will not satisfy a plaintiff's burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented. *Id.* A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct". *Ashcroft v. Iqbql*, 129 W.Ct. 1937, 1950 (2009).

"Well-pleaded allegations of fact and every inference fairly deducible therefrom are accepted as true for purposes of a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that recovery is very remote and unlikely." *Twombly*,

550 U.S. at 556.

"When considering Defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to the plaintiff." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Sir. 1996): *Jones v. General Elec. Co.*, 87 F.3d 209, 211(7th Cir. 1996). "Only if no possible construction of the alleged facts will entitle plaintiff to relief should the court grant defendant's motion." *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). If the factual allegations in plaintiff's complaint support any legal theory that entitles plaintiff to some relief, the court should overrule defendant's motion to dismiss.

### III.  Count II of Plaintiffs Verified Second Amended Complaint is brought outside of the applicable Statute of Limitations and must be dismissed as to these Defendants with prejudice: Rebutted

**Plaintiffs response:** Plaintiffs' claims of FDCPA and FCCPA violations that were committed by the Defendants are not time-barred as alleged by ROBERTSON, ANSHUTZ & SCHNEID; JAMIE EPSTEIN, MICHELLLE BONDER & JON MEISELS. On or about April 12, 2013 Plaintiffs sent defendants a Qualified Written Requests by registered mail# RE 915311278US, identifying the Plaintiffs and requesting validation and accounting of the alleged obligation. ROBERTSON, ANSHUTZ & SCHNEID; JAMIE EPSTEIN, MICHELLLE BONDER & JON MEISELS are debt collectors and are not protect by litigation privileges. "The term "debt collectors" and the Fair Debt Collection Practice Act 15 U.S.C 1692-1692o applied to a lawyer who regularly, through litigation, tried to collect consumer debt..." Heintz v. Jenkins, 514 U-S 291. "[B]ecause the FDCPA is qualified by the discovery rule, the FDCPA's one year statute of limitations does not begin to run until the aggrieved party learns or should have learned of the FDCPA violation. As such, the Ninth Circuit held a lawsuit commenced within one year of the

date on which the aggrieved party learns of the violation is timely even though it is more than one year from the date of the violation." See Magnum v. Action Collection Service, 575 F.3d 935 (9th Cir. 2009).

**IV.    These Defendants actions are protected by the litigation privilege and thus the Plaintiffs cause of action based on the FCCPA must be dismissed, with prejudice, as to these Defendants: Rebutted**

**Plaintiffs response:** The FCCPA are statues established to mirror and coincide with the Federal Statues. Defendants are not protected by the litigation privilege and are indeed debt collectors.

"The term "debt collectors" and the Fair Debt Collection Practice Act 15 U.S.C 1692-1692o applied to a lawyer who regularly, through litigation, tried to collect consumer debt..." Heintz v. Jenkins, 514 U-S 291.

Plaintiffs were never in a contract owing any obligation to neither ROBERTSON, ANSCHUTZ & SCHNEID, P.L., JAMIE EPSTEIN, MICHELLE BONDER & JON MEISELS nor US BANK, and were never sent nor received notice of this alleged obligation from any of the defendants in accordance with the FCCPA. ROBERTSON, ANSHUTZ & SCHNEID; JAMIE EPSTEIN, MICHELLLE BONDER & JON MEISELS alleges Plaintiffs' FCCPA FLA.STAT §559.72(6); FLA.STAT. § 559.72(9) violations are time-barred which is erroneous and without merit. Plaintiffs mailed out timely Qualified Written Request on April 12, 2013 by registered mail #RE 915311278US to defendants ROBERTSON, ANSHUTZ & SCHNEID; JAMIE EPSTEIN, MICHELLLE BONDER & JON MEISELS thus Plaintiffs claims against both US BANK and ROBERTSON, ANSHUTZ & SCHNEID; JAMIE EPSTEIN, MICHELLLE BONDER & JON MEISELS and the requests are within the 2 year statutes of limitations allowed by the FCCPA. Thus Plaintiffs' claim is not time barred.

V. **Plaintiffs fail to plead the necessary requirements of an FDCPA violation: Rebutted**

**Plaintiffs response:** ROBERTSON, ANSCHUTZ & SCHNEID, P.L., JAMIE EPSTEIN, MICHELLE BONDER & JON MEISELS was attempting to collect on an fraudulent and uncollectable debt and failed to validate the alleged obligation when Plaintiffs sent a Qualified Written Request in accordance with the FDCPA. Plaintiffs were never sent nor received notice by these defendants.

Plaintiffs prevail on the FDCPA claims because this action is not about the debt as ROBERTSON, ANSHUTZ & SCHNEID; JAMIE EPSTEIN, MICHELLLE BONDER & JON MEISELS would have this court to believe, it's about the *method* in which these Debt Collector Attorneys used in attempt to collect on an unsubstantiated debt. ROBERTSON, ANSHUTZ & SCHNEID; JAMIE EPSTEIN, MICHELLLE BONDER & JON MEISELS attempted to collect on a consumer debt that was in default allegedly owed to a third party and attempted to collect interest, escrow, title search, title exam, late fees, attorney fees and costs on behalf of US BANK. This highlights Plaintiffs claim under the Fair Debt Collection Practices Act 1692a(6) of Defendants being third party Debt Collector Attorneys which they clearly advertised on their website rasflaw.com that they **"specializes in collections and handling of defaulted loan legal services and a high volume of Florida REO transaction portfolios"**.

VI. **The very allegations in the Plaintiffs Verified Second Amended Complaint against these Defendants do not support a cause of action under FDCPA: Rebutted**

**Plaintiffs response:** Plaintiffs were never sent or received notices by defendants ROBERTSON, ANSCHUTZ & SCHNEID, P.L., JAMIE EPSTEIN, MICHELLE BONDER & JON MEISELS in accordance with the FDCPA.

Plaintiffs prevail on the FDCPA claims because this action is not about the debt as ROBERTSON, ANSHUTZ & SCHNEID; JAMIE EPSTEIN, MICHELLLE BONDER & JON MEISELS would have this court to believe, it's about the *method* in which these Debt Collector Attorneys used in attempt to collect on a unsubstantiated debt. ROBERTSON, ANSHUTZ & SCHNEID; JAMIE EPSTEIN, MICHELLLE BONDER & JON MEISELS attempted to collect on a consumer debt that was in default allegedly owed to a third party and attempted to collect interest, escrow, title search, title exam, late fees, attorney fees and costs be collected by ROBERTSON, ANSHUTZ & SCHNEID; JAMIE EPSTEIN, MICHELLLE BONDER & JON MEISELS on behalf of US BANK which makes them a Debt Collector Attorney which is clearly advertised on their website rasflaw.com that they" **specializes in collections and handling of defauled loan legal services and a high volume of Florida REO transaction portfolios**" under the Fair Debt Collection Practices Act 1692a(6).

**VII.   Plaintiffs fail to plead the necessary requirements of an FCCPA violation: Rebutted**

**Plaintiffs response:** This clearly demonstrates that the law firm of Robertson, Anschutz and Schneid, PL, JAMIE EPSTEIN, MICHELLE BONDER & JON MEISELS which are third party Debt Collector Attorneys acting on behalf of U.S BANK. Thus, defendants' allegations are meritless and they are trying to evade the facts of their violations of the FCCPA statues.

**VIII.   The very allegations in the Plaintiffs Verified Second Amended Complaint against these Defendants do not support a cause of action under FCCPA:  Rebutted**

1. **Plaintiffs response:** Defendants actions was that the Plaintiffs would rely on their false and coercive statements and just "pay up" rather than exercise their rights as dictated by the FDCPA and not bring suit against the Defendants for their violations of the FDCPA and

state law as well.

**IX.   The Plaintiffs are unable to attach individual liability to the attorneys working for Defendant, ROBERTSON, ANSCHUTZ & SCHNEID, P.L and the Verified Second Amended Complaint should be dismissed as to those individuals, with prejudice:  Rebutted**

**Plaintiffs response:** Defendants allegations are meritless they are indeed  "Debt collectors" and are trying to evade the facts of their violation of the FDCPA and FCCPA statues. See Heintz v. Jenkins, 514 U-S 291.

**X.    Plaintiffs Verified Second Amended Complaint is in violation of FRCP 10(B) and thus should be dismissed:  Rebutted**

**Plaintiffs response:** Plaintiffs reasserts that this is frivolous and Plaintiffs submitted a well pleaded Verified Second Amended Complaint in compliance with both Rule 8 and Rule 10(B) that a lay person can understand what Plaintiffs claims are and the relief they are asking.

## CONCLUSION

Defendants ROBERTSON, ANSCHUTZ & SCHNEID, P.L., JAMIE EPSTEIN, MICHELLE BONDER & JON MEISELS motion falls short of any merits to allow for a dismissal. Plaintiffs have pleaded facts sufficient to allow a court drawing on "judicial experience and common sense" to infer "more than the mere possibility of misconduct" which easily satisfies its burden of pleading under the FDCPA and FCCPA at this stage. See Ashcroft v. Iqbal, 129 S. Ct. at 1950. Therefore, Plaintiffs claims should survive dismissal.

**WHEREFORE,** Plaintiffs prayerfully requests that this Court enter an order denying ROBERTSON, ANSCHUTZ & SCHNEID, P.L., JAMIE EPSTEIN, MICHELLE BONDER & JON MEISELS Motion to Dismiss Plaintiffs Verified Second Amended Complaint. In the alternative, if the Court determines Plaintiffs has failed to state a claim, Plaintiffs asks the Court to grant leave to amend their Complaint.

### CERTIFICATE OF VERIFICATION

Plaintiffs swear and verify under the Penalty of Perjury under the laws of the United States of America and the State of Florida that they have read the above statements which are not misleading and are true and correct to the best of his/her knowledge they are of good faith arguments well grounded in facts warranted by existing law and statements are not unnecessary delays or to harass or needlessly increase the cost of litigation.

Executed on September 12, 2014.

_____                _____
Johnnie M. Hayes                                Priscilla Davis


### Certificate of Service

I certify that a true copy hereof has been furnished to all parties listed below by the method indicated for each party on this 12th of September 2014.

_____                _____
JOHNNIE M. HAYES                                PRISCILLA DAVIS
480 w 35th st                                   480 w 35th st
Riviera Beach, Fl 33404                         Riviera Beach, Fl 33404
Email ijhayes.hayes13@gmail.com                 priscilla3574@gmail.com

BLANK ROME
1200 N. FEDERAL HWY
BOCA RATON, FL  33432

RIVERO MESTRE, P.L
2525 PONCE DE LEON STE#1000
CORAL GABLES, FL 33134

COLE, SCOTT & KISSANE
1645 PALM BEACH LAKES BLVD
2ND FLOOR
WEST PALM BEACH, FL 33401