UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH COUNTY DIVISION



FILED by _____ D.C.

SEP 1 2 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

JOHNNIE M. HAYES;
PRISCILLA DAVIS (sui juris)

Plaintiffs.

Case No.13-80610-CIV-KAM

-v-

U.S BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR STRUCTURED ASSET
INVESTMENT LOAN TRUST
MORTGAGE PASS-THROUGH CERTIFICATES
SERIES 2006-2; BNC MORTGAGE, INC;
JP MORGAN CHASE BANK N.A.;
OCWEN LOAN SERVICING, LLC;
CHASE FULFILLMENT CENTER
ROBERTSON, ANSCHUTZ, & SCHNEID, P.L.;
JAMIE EPSTEIN; JONATHAN MEISELS; MICHELLE BONDER

Defendants.

## PLAINTIFFS RESPONSE TO (D.E 143) DEFENDANT JP MORGAN CHASE BANK N.A. AND CHASE FULFILLMENT CENTER MOTION TO DISMISS PLAINTIFFS VERIFIED SECOND AMENDED COMPLAINT AND STRIKE JURY TRIAL DEMAND

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW the Plaintiffs Johnnie M. Hayes and Priscilla Davis, who hereby submit their

Response to Defendants' Motion to Dismiss Plaintiffs Verified Second Amended Complaint

and Strike Jury Trial Demand and states as follows:

## I. STATEMENT OF FACTS

1.      This action was brought because of defendant's violations of Real Estate Settlement

Procedures Act (RESPA) 12 U.S.C. § 2605; Fair Debt Collection Practices Act (FDCPA) 15

U.S.C. §1692 and Florida Consumer Collection Practices Act (FCCPA) FLA. STAT. § 559(Part VI).

2.      This action involves a "debt" as the action involves an alleged obligation of a consumer to pay money arising out of a transaction in which the property that is the subject of the transaction was for primarily for personal, family and/or household purposes U.S.C §1692 a (5).

3.      As a condition under (RESPA) 12 U.S.C. JP MORGAN CHASE BANK N.A. and CHASE FULFILLMENT CENTER never sent the Plaintiffs a notice of assignment under RESPA guideline and pursuant to the alleged mortgage line 20and was subsequent damage by Defendant inactions.

4.      On or about February 2006 when BNC MORTGAGE, INC the alleged Original Creditor assigned, sold or transferred Plaintiffs **mortgage and note** to JP MORGAN CHASE BANK, N.A and CHASE FULFILLMENT CENTER it was not in default at the time.

5.      On or about June 2008 Plaintiffs stopped making payments and the mortgage went into default. Shortly thereafter, Plaintiffs entered into two trial loan modifications periods, both times Plaintiffs made timely payments and sent in all the required documents. CHASE FULFILLMENT CENTER **denied** both loan modifications reason stated "missing documents"

6.      CHASE FULFILLMENT CENTER a "loan servicer" was collecting on a defaulted mortgage for nearly 2 years from Plaintiffs which classifies CHASE FULFILLMENT CENTER as a debt collector under the FDCPA.  CHASE FULFILLMENT CENTER attempted to collect interest, escrow, late fees and costs on behalf of JP MORGAN CHASE BANK N.A. which makes both of them a debt collector under the Fair Debt Collection Practices Act 1692.

7.      Plaintiffs mailed out timely Qualified Written Request to Chase Fulfillment Center the alleged servicer on November 7, 2011 and January 10, 2012 to validate this alleged obligation

pursuant to the Fair Debt Collection Practices Act 15 U.S.C 1692. Chase Fulfillment Center never verified the debt, instead it sold, assigned, or transferred the alleged debt while it was in default to OCWEN Loan Servicing.

8.      As such, JP MORGAN CHASE BANK N.A. and CHASE FULFILLMENT CENTER intentionally/negligently violated the FDCPA and the FCCPA by selling, assigning, or transferring without validating the alleged mortgage debt which resulted in writ of possession and subsequent  sale of the Plaintiffs property. Defendants action violated 15 U.S.C § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

9.      JP MORGAN CHASE BANK N.A. under the "Doctrine of Respondent Superior" is liable for the wrongful acts of its subsidiary CHASE FULFILLMENT CENTER.

10.      JP MORGAN CHASE BANK N.A. and /or CHASE FULFILLMENT CENTER failed to show a valid assignment of debt and there are no averments  as to the nature of the purported assignment or evidence of valuable consideration. There is no evidence that JP MORGAN CHASE BANK N.A. is the Assignor or Assignee of any alleged mortgage obligation  and failed to produce **any original or authenticated copy** of any contractual agreement between them and Plaintiffs. See (DE 143 Exhibit B Pooling and  Servicing Agreement)

11.      JP MORGAN CHASE BANK N.A. has not produced any **original or authenticated copy** of any contractual agreement between Plaintiffs and alleged original creditor BNC MORTGAGE, INC who allegedly sold, assigned, or transferred the alleged mortgage obligation owed by the Plaintiffs to JP MORGAN CHASE BANK N.A. Further, JP MORGAN CHASE BANK N.A. failed to produce any **original or authenticated copy** of any contractual agreement between them and the Plaintiffs.

12.      CHASE FULFILLMENT CENTER cannot produced any **original or authenticated**

**copy** of any contractual agreement between Plaintiffs and alleged original creditor BNC

MORTGAGE, INC who allegedly sold, assigned, or transferred the alleged obligation owed by

the Plaintiffs to CHASE FULFILLMENT CENTER and CHASE FULFILLMENT CENTER

cannot produce any **original or authenticated copy** of any contractual agreement between them

and the Plaintiffs.

13.     JP MORGAN CHASE BANK N.A. and/or CHASE FULFILLMENT CENTER failed to

respond within the time specified by these Federal statues and still has not provided the

requested validation.

14.     Defendant CHASE FULFILLMENT CENTER and/or JP MORGAN CHASE BANK

N.A. cannot demonstrate it had an assignment of the alleged obligation giving it a legitimate

business need and permissible purpose to obtain and report false, inaccurate and derogatory

information about Plaintiff JOHNNIE M. HAYES on his credit report.

15.     CHASE FULFILLMENT CENTER and/or JP MORGAN CHASE BANK N.A. violated

Florida Statutes 559.715, as it failed to send Plaintiffs notice that it was assigned this alleged

debt, which are condition precedents and applies to those entities receiving assignments of

consumer debts and having failed to comply by providing notice to Plaintiffs within 30 days after

assignment.

<u>Plaintiffs Legal Analysis Argument</u>

**MEMORANDUM OF LAW**

Plaintiffs Rebuts defendant JP MORGAN CHASE BANK N.A.'s allegations in the

background of its motion. Plaintiffs brought this action against defendants for their unlawful

actions in attempting to collect on a defaulted alleged debt and violating the FDCPA and FCCPA

statutes while doing so. Maty v. Grasselli Chemical Co., 303 U.S. 197 (1938)... "Pleadings are

intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment." Haines v. Kerner, 404 U.S. 519 (1972)… "Allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient"…"which we hold to less stringent standards than formal pleadings drafted by lawyers."Jenkins v. McKeithen, 395 U.S. 411, 421 (1959); Picking v. Pennsylvannia R. Co., 151 Fed. 2nd 240; Pucket v. Cox, 456 2nd 233…. "Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers." Pucket v. Cox, 456 2nd 233, (1972) (6th Cir. USCA)… It was held that a pro se complaint requires a less stringent reading than one drafted by a lawyer per Justice Black in Conley v. Gibson.  "Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings." Platsky v. CIA, 953 F. 2d 25, 26, (2nd cir. 1991)

## Standard of Review

Under the Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the …claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). "[A] Complaint attached by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Id. At 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. At 570.

The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests". Friends of Lake View School District v. Beebe, 578 F.3d 753, 762 (8th

Cir.2009). While "mere labels and conclusions" will not satisfy a plaintiff's burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented. Id. A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct". Ashcroft v. Iqbql, 129 W.Ct. 1937, 1950 (2009). Well-pleaded allegations of fact and every inference fairly deductible therefore are accepted as true for purposes of a motion to dismiss. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that recovery is very remote and unlikely." Twombly, 550 U.S. at 556.

**A.      PLAINTIFFS Complaint should be dismissed with prejudice because it was filed in violation of this Court's Order:  Rebutted**

**Plaintiffs response:** JP MORGAN CHASE BANK N.A. claim fails for reason of the Order was entered June 30, 2014 (See DE 131) which means that Plaintiffs had twenty (20) days from that date to re-file their Second Amended Complaint. Defendants failed to include the three days for mailing and also the court was closed in observation of a National Holiday for the Fourth of July. So, Plaintiffs *did* properly file their Verified Second Amended Complaint in the time allotted which was July 24, 2014. See Exhibit A (Date stamped Envelope from the court).


**B.      PLAINTIFFS again fail to allege any factual acts whatsoever by Chase, and thus again fail to state a claim against Chase:  Rebutted**


16. **Plaintiffs response:** JP MORGAN CHASE BANK N.A. and CHASE FULFILLMENT CENTER was collecting on a defaulted mortgage for nearly 2 years from Plaintiffs which classifies CHASE FULFILLMENT CENTER as a debt collector under the FDCPA. CHASE FULFILLMENT CENTER attempted to collect interest, escrow,  late fees  and costs on behalf of JP MORGAN CHASE BANK N.A. which makes both of them a debt

collector under the  Fair Debt Collection Practices Act 1692.

Under Federal law, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests. "Bell Atl.Corp. v. Twombly, 550 U.S.544, 555, 127 S. Ct.1955, 167 L. Ed.2d 929 (2007).

JP MORGAN CHASE BANK N.A. under the "Doctrine of Respondent Superior" is liable for the wrongful acts of its subsidiary CHASE FULFILLMENT CENTER. Plaintiffs prevails on the FDCPA claims because this action is not about the debt as JP MORGAN CHASE BANK N.A. would have this court to believe, it's about the *method* in which this debt collector used in attempt to collect on a unsubstantiated debt.

"[B]ecause the FDCPA is qualified by the discovery rule, the FDCPA's one year statute of limitations does not begin to run until the aggrieved party learns or should have learned of the FDCPA violation. As such, the Ninth Circuit held a lawsuit commenced within one year of the date on which the aggrieved party learns of the violation is timely even though it is more than one year from the date of the violation." *See* Magnum v. Action Collection Service, 575 F.3d 935 (9th Cir. 2009).

Plaintiffs sent CHASE FULFILLMENT CENTER /JP MORGAN CHASE BANK N.A. qualified written request letters dated November 7, 2011 and January 10, 2012.  Defendants failed/refused to respond timely pursuant to 15 U.S.C. 1692g and failed to produce the documents requested that would validate a bonafide obligation and give Defendants permissible purpose to seek to collect a debt and obtain Plaintiff Johnnie M Hayes credit report.

JP MORGAN CHASE BANK N.A. BANK N.A. N.A. fails to show a valid assignment of debt and there are no averments  as to the nature of the purported assignment or evidence of valuable consideration. There is no evidence that JP MORGAN CHASE BANK N.A. is the

Assignor of any alleged obligation as  JP MORGAN CHASE BANK N.A. claims it is a servicer, and submitted a generic computer generated servicing agreement. And it failed to submit an assignment or bill of sale showing any interest. See D.E 143 Exhibit B Pooling and Servicing Agreement **and Exhibits attached to it: Exhibit A Mortgage Loan Schedules (No  loan account number or Plaintiffs personal identifiers) pg 67-68; Exhibit B Custodian Account Letter Agreement( No loan number or Plaintiffs personal identifiers) pg 69-70; Exhibit C Escrow Account Letter Agreement( None of Plaintiffs personal identifiers or any amounts) pg 71-72; Exhibits D-1, D-2, D-3 ( None of Plaintiffs personal identifiers nor any amounts) pg 73-84; Exhibit E Form of annual certification(None of Plaintiffs personal identifiers or signatures) pg 85-86; Exhibit F Trust Agreement pg 87 (Is a Blank Document); Exhibit H Form of Power of Attorney ( None of Plaintiffs signatures nor notarized) pg 90-92; Exhibit I Servicing Criteria (None of Plaintiffs personal identifiers or loan number) pg 93-95; Exhibit J Transaction Parties (None of Plaintiffs personal identifiers or loan number)pg 96; Exhibit K Form Annual Officers Certification( None of Plaintiffs personal identifiers, Plaintiffs signatures or certified) pg 97.** "An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." *Fed.R 1002. Requirement of the Original.*. This court must also take judicial notice of *Fed.R 1003. Admissibility of Duplicates*-A duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate. Defendant would have to have the Plaintiff signature on a written agreement to show a business relationship exists and their obligation under this agreement between both parties. "No person shall be… be deprived of life, liberty, or property, without due process of law…" under Article V of the Bill of Rights. Under Article I section X of the U.S.

Constitution states that "No state shall…pass any…law impairing the obligation of contracts."

And  "[t]he right of the people to be secure in their persons, houses, papers, and effects, against

unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon

probable cause, supported by Oath or affirmation…" as stated under Article IV of the Bill of

Rights.  "Documentary evidence introduced in federal courts must be authenticated under the

provisions of Rules 901 or 902 of the Federal Rules of Evidence." Amoco Production Co. v.

United States, 619 F.2d 1383, 1391 (10th Cir. 1980) (emphasis added). See also First National

Bank v. M/V Lightning Power, 851 F.2d 1543, 1548 (5th Cir. 1987) (document was "neither

self-authenticating nor authenticated by the testimony"); United States v. Rue, 819 F.2d 1488,

1494 (8th Cir. 1987) (although document is not self-authenticating, it is admissible under other

procedures for authentication); In re Bobby Boggs, Inc., 819 F.2d 574, 580 (5th Cir. 1987);

Ogden Environmental Services v. City of San Diego, 687 F.Supp. 1436, 1437 n.1 (S.D. Cal.

1988). "Computer printouts, like business records, are admissible if the custodian or other

qualified witness is available to testify as to manner of preparation, reliability and

trustworthiness of the product." Cofield v. State, 474 So. 2d 849, 851 (Fla. 1st DCA

1985)(adopting rule as stated in Pickrell v. State, 301 So. 2d 473, 474 (Fla. 2d DCA 1974));

seeDeSue v. State, 908 So. 2d 1116 (Fla. 1st DCA 2005). In appropriate circumstances, a

printout may also be admissible as a properly certified copy of an official public record.

See§90.902(4), Fla. Stat. (2003); Charles W. Ehrhardt, Florida Evidence§902.5, at 945 (2004

ed.) (explaining that to be self-authenticating under section 90.902(4), "the custodian of the

document, or other person authorized by statute to make a certification, must certify that the

copy is correct and that the person has custody of the original . . . . The custodian's signature

must follow the statement"). CompareKing v. State, 590 So. 2d 1032, 1033 (Fla. 1st DCA 1991).

Plaintiffs prevails on their FCCPA claims as JP MORGAN CHASE BANK N.A. violated Florida Statutes 559.715 by  failing to send Plaintiffs notice that it was assigning this alleged debt, to CHASE FULFILLMENT CENTER and OCWEN LOAN SERVICING which are condition precedents and applies to those entities receiving assignments of consumer debts and having failed to comply by providing notice to Plaintiffs within 30 days after assignment. There is no evidence that Defendant **sent** these notices and Plaintiffs are not in receipt of such notices. Plaintiffs did not receive any notices from Defendant regarding this alleged debt at any time prior to the initiation of this action.

The first time any communication occurred between Plaintiffs and CHASE FULFILLMENT CENTER was after Plaintiffs mailed the aforementioned validation letters which means that *Plaintiffs* were the first to initiate communication.

Plaintiffs prevails on their FCCPA claims CHASE FULFILLMENT CENTER violated Florida Statutes 559.715, it failed to send Plaintiffs notice that it was assigned this alleged debt, to OCWEN LOAN SERVICING which are condition precedents and applies to those entities receiving assignments of consumer debts and having failed to comply by providing notice to Plaintiffs within 30 days after assignment. According FCCPA at Fl. Stat.§ 559.715 Assignment of consumer debts.--This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment within 30 days after the assignment. The assignee is a real party in interest and may bring an action in a court of competent jurisdiction to collect a debt that has been assigned to such assignee and is in default. JP MORGAN CHASE BANK N.A. and CHASE FULFILLMENT CENTER never gave a notice as set forth in this statue.

**C.    PLAINTIFFS jury trial demand should be stricken:  Rebutted**

**Plaintiffs response:** Defendant JP MORGAN CHASE BANK N.A. Motion to Strike Plaintiffs Demand for Jury Trial would be applicable if the Plaintiffs had a mortgage with JP MORGAN CHASE. It is perfectly clear that JP MORGAN CHASE BANK is in fact disavowing the Plaintiffs demand for a jury trial by attempting to mislead the Court by claiming to have a right under some alleged agreement that JP MORGAN CHASE BANK is obviously is not a party to. In other words their claims are contrived and nothing more.

While JP MORGAN CHASE BANK, N.A seems to not know if it is related to a foreclosure action or security interest activity, if they are servicer or assignee. It is irrelevant JP MORGAN CHASE BANK, N.A has offered no evidence that JP MORGAN CHASE BANK, N.A is any of the above and JP MORGAN CHASE BANK, N.A motion should be denied for its misleading basis.

Since the Plaintiffs denies the fact that they have any previous obligation to JP MORGAN CHASE BANK and JP MORGAN CHASE BANK N.A. has not offered the Plaintiffs any evidence on or off the record that Plaintiffs in fact, have any contractual or other obligation at any time to JP MORGAN CHASE BANK N.A. it is obvious the motion is warrantless. The attached exhibits JP MORGAN CHASE BANK N.A. presented to substantiate their motion makes it clear that the alleged contractual obligation, if any, **would be with BNC Mortgage, INC not JP MORGAN CHASE BANK N.A.** See (DE 143 Exhibit A). In other words JP

MORGAN CHASE BANK N.A. cannot claim a defense using an agreement JP MORGAN CHASE BANK N.A. is not a party to.

Despite the fact that the Plaintiffs has no obligation to JP MORGAN CHASE BANK N.A. defendant's defense is meritless and the fact remains that JP MORGAN CHASE BANK N.A. is in violation of several Federal Acts that have little or no defenses. The jury trial waiver does not apply JP MORGAN CHASE BANK N.A. BANK.

Plaintiffs assert that JP MORGAN CHASE BANK N.A. who is not the **Alleged original creditor** cannot provide **any** original instrument to state a claim upon which relief can be granted ("Mortgage" and "Mortgage Note") pursuant to Fed. R. Evd. 901 and 1002 and if they can provide original instruments they will show that the allege mortgage in question does not properly recite the terms of repayment because (1) it provides a nominee instead of the real name of the creditor/lender and (2) it does include all the terms and parties to the deal in the PSA. If MERS was used, there will be a nominee for title, a nominee for creditor, and therefore no real party on the side of the lender, in terms of on-record activity. This results in the lien being imperfect or never perfected. This makes "line 25" a (Jury Trial Waiver ) of the contract void. The servicing agent does not have standing, for only a person who is the holder of the note has standing to enforce the note. See e.g., In re Hwang 2008 WL 4899273 at 8. CHASE FULFILLMENT CENTER the "servicing agent" "may have standing if acting as an agent for the holder, assuming that the agent can both show agency status and that the principle is the holder." See e.g., In re Vargas 396 B.R. 511 (Bandr. C.D. Cal.2008) at 520.

Certificate of Service

I certify that a true copy hereof has been furnished to all parties listed below by the method

indicated for each party on this 12th of September 2014.

JOHNNIE M. HAYES
480 w 35th st
Riviera Beach, Fl 33404
Email ijhayes.hayes13@gmail.com

PRISCILLA DAVIS
480 w 35th st
Riviera Beach, Fl 33404
priscilla3574@gmail.com

BLANK ROME
1200 N. FEDERAL HWY
BOCA RATON, FL 33432

RIVERO MESTRE, P.L
2525 PONCE DE LEON STE#1000
CORAL GABLES, FL 33134

COLE, SCOTT & KISSANE
1645 PALM BEACH LAKES BLVD
2ND FLOOR
WEST PALM BEACH, FL 33401

## **CONCLUSION**

Defendant JP MORGAN CHASE BANK N.A. motion falls short of any merits to allow for a dismissal, Plaintiffs has pleaded facts sufficient to allow a court drawing on "judicial experience and common sense" to infer "more than the mere possibility of misconduct" which easily satisfies its burden of pleading under the FDCPA and FCCPA at this stage. See Ashcroft v. Iqbal, 129 S. Ct. at 1950. Therefore, Plaintiffs claims should survive dismissal.

**WHEREFORE,** Plaintiffs prayerfully requests that this Court enter an order denying JP MORGAN CHASE BANK N.A.'s and CHASE FULFILLMENT CENTE Motion to Dismiss Plaintiffs Verified Second Amended Complaint and Strike Jury Trial Demand. In the alternative, if the Court determines Plaintiffs has failed to state a claim, Plaintiffs asks the Court to grant leave to amend their Complaint.

## CERTIFICATE OF VERIFICATION

Plaintiffs swear and verify under the Penalty of Perjury under the laws of the United States of America and the State of Florida that they have read the above statements which are not misleading and are true and correct to the best of his/her knowledge they are of good faith arguments well grounded in facts warranted by existing law and statements are not unnecessary delays or to harass or needlessly increase the cost of litigation.

Executed on September 12, 2014.

Johnnie M. Hayes

Priscilla Davis