

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH COUNTY DIVISION

JOHNNIE M. HAYES;
PRISCILLA DAVIS (sui juris)

    Plaintiffs.

                             Case No.13-80610-CIV-KAM

-v-
U.S BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR STRUCTURED ASSET
INVESTMENT LOAN TRUST
MORTGAGE PASS-THROUGH CERTIFICATES
SERIES 2006-2; BNC MORTGAGE, INC;
JP MORGAN CHASE BANK N.A;
OCWEN LOAN SERVICING, LLC;
CHASE FULFILLMENT CENTER
ROBERTSON, ANSCHUTZ, & SCHNEID, P.L.;
JAMIE EPSTEIN; JONATHAN MEISELS; MICHELLE BONDER
BLANK ROME, LLP and THOMAS P. CIALINO
    Defendants.

**VERIFIED**
**THIRD AMENDED COMPLAINT**

Plaintiffs' JOHNNIE M. HAYES and PRISCILLA DAVIS, hereby jointly sues

Defendants, U.S BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED

ASSET INVESTMENT LOAN TRUST,  MORTGAGE PASS-THROUGH CERTIFICATES,

SERIES 2006-2; BNC MORTGAGE INC; OCWEN LOAN SERVICING, LLC; JP MORGAN

CHASE  BANK N.A; CHASE FULFILLMENT CENTER; ROBERTSON, ANSCHUTZ, &

SCHNEID, P.L.; JAMIE EPSTEIN; JONATHAN MEISELS; MICHELLE BONDER; BLANK

ROME, LLP and THOMAS P. CIALINO.

---

1 U.S BANK  means U.S BANK NATIONAL ASSOCIATION
2 BNC means BNC MORTGAGE INC.
3 OCWEN means OCWEN LOAN SERVICING, LLC
4 JP MORGAN means JP MORGAN CHASE BANK N.A
5 CHASE means CHASE FULFILLMENT CENTER

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages brought by Plaintiffs Johnnie M. Hayes and Priscilla Davis, an individual consumers, against above named Defendants for violations of the Real Estate Settlement Practices Act (RESPA) 12 U.S.C. §2605 et seq. for damages of violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq.(hereinafter "FDCPA) and the Florida Consumer Collection Practices Act (FCCPA), FLA.STAT. 559(Part VI) which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION

2. The jurisdiction of this Court is conferred by 12 U.S.C. §2614; 15 U.S.C. §1692; and 28 U.S.C. §1331.

3. All conditions precedent to the bringing of this action have been performed.

## VENUE

4. Venue is proper in this District pursuant to 28 U.S.C. §1391b.

5. The occurrences which give rise to this action occurred in Palm Beach County, Florida and Plaintiffs resides in Palm Beach County.

6. This is an action for damages which exceeds $75,000.00.

## PARTIES

7. The Plaintiffs, PRISCILLA DAVIS and JOHNNIE M. HAYES, are natural persons who resides in Palm Beach County, Florida.

8. Plaintiffs are consumers as defined by the FDCPA pursuant to 15 U.S.C. §1692a (3) and Title 31 FLA. STAT. §559.55(2)

9. Plaintiffs alleged obligation was for money and services for primarily personal, family or household purposes pursuant to 15 U.S.C. §1692a (5).

10. Defendant, U.S BANK, is a debt collector pursuant to 15 U.S.C. §1692a(6)  a foreign OHIO Corporation, not authorized to do business in Florida who at all relevant times was engaged, by the use of the mail, in the business of attempting to collect an alleged "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

11. Defendant, BNC MORTGAGE, INC, is a CALIFORNIA Corporation that is no longer in business and not authorized to do business in Florida.

12. OCWEN LOAN SERVICING, LLC is a debt collector under 15 U.S.C. §1692a (6) not authorized to do business in Florida who at all relevant times was engaged, by the use of the mail, in the business of attempting to collect an alleged "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

13. CHASE FULFILLMENT CENTER is a debt collector under 15 U.S.C. §1692a (6) and is not authorized to do business in Florida who at all relevant times was engaged, by the use of the mail, in the business of attempting to collect an alleged "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

14. JP MORGAN CHASE BANK, N.A, is a debt collector under 15 U.S.C. §1692a (6) is not authorized to do business in Florida who at all relevant times was engaged, by the use of the mail, in the business of attempting to collect an alleged "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

15. ROBERTSON, ANSCHUTZ, & SCHNEID, P.L. is a debt collector law firm under 15 U.S.C. §1692a(6)  and authorized to do business in Florida.

16. JAMIE EPSTEIN ("Epstein") is a debt collector Attorney for ROBERTSON, ANSCHUTZ, & SCHNEID, P.L pursuant to 15 U.S.C. §1692a(6).

17. JONATHAN MEISELS ("Meisels"), is a debt collector Attorney for ROBERTSON, ANSCHUTZ, & SCHNEID, P.L pursuant to 15 U.S.C. §1692a(6)

18. MICHELLE BONDER ("Bonder"), is a debt collector Attorney for ROBERTSON, ANSCHUTZ, & SCHNEID, P.L pursuant to 15 U.S.C. §1692a(6).

19. BLANK ROME LLP is a debt collector law firm under 15 U.S.C. §1692a(6)  and authorized to do business in Pennsylvania.

20. THOMAS CIALINO ("Cialino") is a debt collector Attorney for BLANK ROME, LLP pursuant to 15 U.S.C. §1692a(6).

21. Defendants BNC MORTGAGE, INC and LAURA JACKSON (attorney for ROBERTSON, ANSCHUTZ & SCHNEID, P.L summons were properly served and was returned unexecuted. See Exhibit H

22. The above named Defendants are in the business of collecting consumer debt using the mail and regularly attempts to collect on consumer debts owed, or alleged to be owed to another person or entity.

23. All conditions precedent to the bringing of this action have been performed, waived or excused.

24. Plaintiffs contend that they were subject to collection activity arising from a consumer debt. Defendant U. S BANK N.A and its agents have entered false and misleading documents into the lower court.

25. Plaintiffs contend the Defendants U.S BANK N.A, J.P MORGAN CHASE, CHASE FULFILLMENT CENTER, OCWEN LOAN SEVICING, ROBERTSON, ANSCHUTZ & SCHNEID, P.L and its attorneys JAMIE EPSTEIN; JONATHAN

MEISELS & MICHELLE BONDER; BLANK ROME LLP and its attorney

THOMAS CIALINO has participated in an act or omission prohibited by the

FDCPA, RESPA, FCCPA and TILA.

## FACTUAL ALLEGATIONS

26. On or about January 30, 2006 JOHNNIE M. HAYES executed and delivered a

Promissory note and JOHNNIE MAE HAYES and PRISCILLA DAVIS executed

and delivered a mortgage as a family and/or household obligation to BNC

MORTGAGE, INC.

27. On or about February 2006 BNC MORTGAGE, INC the alleged Original Creditor

assigned, sold or transferred Plaintiff's **mortgage and note.** The mortgage was

assigned, sold or transferred to JP MORGAN CHASE BANK, N.A and the note

was assigned, sold or transferred to U.S BANK N.A AS TRUSTEE FOR

STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-

THROUGH CERTIFICATES, SERIES 2006-2 and its investors, which is a breach

of contract in line 20 of the mortgage. The mortgage and note was **not in default at**

**that time**.

28. BNC MORTGAGE, INC as the Original Creditor failed to send Plaintiffs the

notice of assignment or transfer of the **mortgage** to JP MORGAN CHASE BANK,

N.A and a breach of contract in line 20 of the mortgage.

29. BNC MORTGAGE, INC as the Original Creditor failed to send Plaintiffs the

notice of assignment or transfer of the **note** to U.S BANK N.A AS TRUSTEE FOR

STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-

THROUGH CERTIFICATES, SERIES 2006-2 and its investors and a breach of contract in line 20 of the mortgage.

30. JP MORGAN CHASE BANK, N.A has assumed the role as the "alleged" Original Creditor  and transferred or assigned the mortgage to its subsidiary CHASE FULFILLMENT CENTER. At this time the mortgage was **not** in default. CHASE FULFILMENT CENTER acted as a servicer on behalf of JP MORGAN CHASE BANK, N.A. The date of the transfer or assignment is unknown to Plaintiffs. JP MORGAN CHASE BANK, N.A  failed to send a notice of sell, assignment or transfer notifying the Plaintiffs of transfer or assignment to CHASE FULFILLMENT CENTER and a breach of contract in line 20 of the mortgage.

31. As servicer, CHASE FULFILLMENT CENTER failed to send Plaintiffs notice of the sell, transfer, or assignment of the mortgage for which it would be servicing.

32. On or about June 2008 Plaintiffs stopped making payments and the mortgage went into default. Shortly thereafter, Plaintiffs entered into an agreement to do a loan modification. There were two (2) trial modifications periods that lasted for nearly two (2) years, both times Plaintiffs made timely payments and sent in the "required documents" as part of the trial period. Defendant CHASE FULFILLMENT CENTER **denied** both loan modifications and the reason stated was because of "missing documents". CHASE FULFILLMENT CENTER was collecting and accepting payments on a defaulted mortgage and continued to attempt to collect on the debt that was in default for nearly 2 years from Plaintiffs, which classifies CHASE FULFILLMENT CENTER as a debt collector under the FDCPA.

33. CHASE FULFILLMENT CENTER has transitioned into a debt collector because it was collecting and accepting payments on a defaulted debt. CHASE FULFILLMENT CENTER failed to give proper notice of its collection of the defaulted debt and sent multiple billing statements without the mini-miranda which is a violation of the FDCPA. CHASE FULFILLMENT CENTER directly injured Plaintiffs because of its failure to give Plaintiffs proper notices of the opportunity to cure under section 22 of the mortgage, and as a result Plaintiffs home was foreclosed on.

34. On or about August 19, 2009 U.S BANK, N.A an unknown entity to Plaintiffs, filed a foreclosure action on the Plaintiffs **note** for $199,295.78, foreclosing as a debt collector under 15 U.S.C§ 1692a (6), because the mortgage and note was in default. Plaintiffs had no knowledge of the foreclosure proceeding and as a debt collector trustee U.S. BANK did not have the right to foreclose on the Plaintiffs property, the mortgage and note had been split. U.S. BANK was not a **real party of interest** and lacked capacity and standing to foreclose. Violating the Plaintiffs constitution rights under Article I section 10 under the United States Constitution... "impairing the obligation of contract."

35. U.S. BANK also failed to give proper notice under 15 U.S.C §1692g and attempted to collect on a debt it had no interest in. Defendant was collecting on a debt and is in the business of soliciting consumer debts for collection while not registered to do business in Florida violating FLA STAT. §559.553(1); § 559.553(6)   See (Exhibit A) both certified copies of complaint and assignment

36. On or about February 4, 2010 almost six months after filing its complaint, U.S. BANK entered a false and misleading assignment into the Palm Beach County Clerk of Records by MARSHALL C. WATSON, P.A, (the attorney of record at that time). The assignment was signed by one of the law firm's attorneys CARYN A. GRAHAM. Acting as secretary for MERS, Ms. Graham assigned Plaintiffs' mortgage issued by BNC MORTGAGE, INC to U.S BANK. The document was prepared and recorded by MARSHALL C. WATSON P.A., a clear conflict of interest. Plaintiffs never received a notice of this false and misleading assignment pursuant to FL. Stat. 559.72 and Violating the Plaintiffs due process and other constitutional rights under Article I section 10 under the United States Constitution "impairing the obligation of contract."

37. A recent internet search on BNC MORTGAGE, INC clearly states on or about August 22, 2007 Lehman Brothers shuts down its subprime mortgage lending unit "BNC MORTGAGE" and filed for bankruptcy on or about January 9, 2009 which would be impossible for US BANK to have received an assignment from BNC MORTGAGE on February 4, 2010 as alleged by US BANK the transfer would have had to happen on or before January 9, 2009. See (Exhibit E internet print-out on BNC Mortgage).

38. Plaintiffs discovered that CARYN A. GRAHAM was posing in positions that she did not have capacity to operate in. She has signed as Vice President *and* Secretary of MERS. A query to the MERS confirmed that Ms. Graham is not an employee of MERS. But according to MERS' spokesperson Karmela Lejarde , Caryn A.

Graham is not an "authorized officer[s] of Mortgage Electronic Registration

Systems, Inc."

39. An examination of the Securities and Exchange Commission's website reveals that

U.S. BANK is acting as Trustee for STRUCTURED ASSET INVESTMENT

LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES

2006-2 and its investors (whom are the real parties in interest).  The Pooling and

service agreement states that all mortgages, in which the Plaintiffs' mortgage was

securitized had a closing date of March 1, 2006.This means the actual assignment of

mortgage had to take place prior to the day of the closing as required by the Trustee

and the insurance carrier or the Trust would have been in violation of Regulation

AB, Item 1122(d)(4)(ii). And  CARYN A. GRAHAM  could not have possibly

been able to assign the note to US BANK.

40. U.S BANK, AS TRUSTEE is prohibited from acting ultra vires to transfer the

subject mortgage loan into the trust after closing date. Defendant failed to prosecute

from August 19, 2009 through February 8, 2013. The actual Servicing and Pooling

agreement can be found at the following website:

http://www.secinfo.com/d13f21.vEg.htm#1stPage.

41.  On or about November 14, 2011 and January 10, 2012 Plaintiffs sent CHASE

FULFILLMENT CENTER the alleged servicer a Qualified Written Request by

certified mail return receipt identifying the Plaintiff and requesting to validate the

accounting of the alleged obligation, pursuant to the Fair Debt Collection Practices

Act and RESPA. See (Exhibit B) (Qualified Written Request and B1 mailing

receipt.

42. From May 2008 to or round about April 2012 CHASE FULFILLMENT CENTER continued to attempt to collect on the defaulted mortgage and simultaneously was reporting derogatory information on Plaintiffs credit report which negatively affected the Plaintiffs' credit score and failed to notify the consumer reporting agency that the debt was in dispute. Plaintiffs also disputed this debt with the 3 major credit bureaus. See (Exhibit F Dispute and Exhibit G credit reports Experian and Transunion).

43. CHASE FULFILLMENT CENTER never verified the debt and sold, assigned or transferred the mortgage obligation while the mortgage was in default on or about April of 2012 to OCWEN LOAN SERVICING, LLC.

44. On or about May 17, 2012 Plaintiffs received a billing statement requesting $48,960.19 with a principle balance of 142,356.85 from OCWEN LOAN SERVICING. OCWEN LOAN SERVICING failed to comply with 15 U.S.C § 1692g because after the billing statement was sent, it failed to send the written notice within five days containing the amount of the debt, to whom the debt is owed, and a statement unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

45. On or about June 15, 2012 and August 1, 2012 Plaintiffs sent OCWEN LOAN SERVICING Qualified Written Requests by certified mail, identifying the Plaintiffs and requesting validation and accounting of the alleged obligation pursuant to the Fair Debt Collection Practices Act. (See Exhibit C OCWEN QWR and C1 mailing receipt).

46. OCWEN LOAN SERVICING continue to attempt to collect on the debt without validating it, by sending 10 billing statements to collect on a debt that it did not have the capacity to collect on. OCWEN LOAN SERVING continued reporting derogatory information on the Plaintiffs consumer credit report in violation of 15 U.S.C §1692 and failed to notify the credit reporting agency that the debt was being disputed. See (Exhibit G credit reports Experian and Transunion)

47. Plaintiff has been injured by OCWENS actions and omissions, Plaintiff credit score was affect by it derogatory reporting and was denied of a loan to purchase another home and because of its failure to give proper notices which limited Plaintiffs alternative to seek remedy under section 20 of the mortgage, and as a result of OCWEN actions Plaintiffs home was foreclosed on. OCWEN actions caused Plaintiffs emotional stress, embarrassment and humiliation.

48. Plaintiffs were not obligated to pay JP MORGAN CHASE, CHASE FULFILLMENT CENTER, US BANK or OCWEN at any point in time. The mortgage contract had been breached by the original creditor BNC MORTGAGE for failure to send notice of assignment pursuant to the original mortgage agreement. This breach caused the mortgage to be defective and void of its obligation to pay all subsequent owners and their agents; JP MORGAN CHASE BANK; CHASE FULFILLMENT CENTER; U.S BANK or OCWEN.

49. On or about February 8, 2013 a NOTICE AND ORDER OF DISMISSAL FOR LACK OF PROSECUTION was issued by JUDGE DIANA LEWIS for lack of prosecution on the behalf of U.S BANK. On or about February 21, 2013

ROBERTSON, ANSCHUTZ, & SCHNEID, P.L filed a NOTICE OF
APPEARANCE AS LEAD COUNSEL for Defendants U.S BANK.

50. On or about April 15, 2013, Plaintiffs sent a letter in compliance with RESPA by
certified mail to Defendants U.S BANK and its agents; ROBERTSON, ANSCHUTZ,
& SCHNEID, P.L and OCWEN. The letter contained the Plaintiffs name and
requested certain documents of the accounting (the Original documents will be sent
to the Judge's Chambers for an in camera review, the documents cannot be place in
the public record because of the damage it may cause to the Plaintiffs interest and
the Public interest).

51. The Plaintiffs sent a validation letter to ROBERTSON who is a natural person and
a Partner at ROBERTSON, ANSCHUTZ, & SCHNEID, P.L., who has responsibility
for the actions of the firm, and has been notified of its illegal and unethical
activities in the FDCPA case against Plaintiffs. He has **overseen the violations of
FDCPA** and chosen to ignore his responsibilities in rectifying these problems.

52. The Plaintiffs sent a validation letter to ANSCHUTZ who is a natural person and a
Partner at ROBERTSON, ANSCHUTZ, & SCHNEID, P.L, who has responsibility for
the actions of the firm, and has been notified of its illegal and unethical activities in
the FDCPA case against Plaintiffs. He has chosen to ignore his responsibilities in
rectifying these problems.

53. The Plaintiffs sent a validation letter to SCHNEID who is a natural person and a
Partner at ROBERTSON, ANSCHUTZ, & SCHNEID, P.L, who has responsibility for
the actions of the firm, and has been notified of its illegal and unethical activities in

the FDCPA case against Plaintiffs. He has chosen to ignore his responsibilities in rectifying these problems.

54. The Plaintiffs sent a validation letter to JAMIE EPSTEIN who is a natural person and an attorney at ROBERTSON, ANSCHUTZ, & SCHNEID, P.L, who has been active in the FDCPA case against Plaintiffs, and has been notified of its illegal and unethical activities against Plaintiffs. He has chosen to ignore his responsibilities in rectifying these problems.

55. The Plaintiffs sent a validation letter to JONATHAN MEISELS who is a natural person and an attorney at ROBERTSON, ANSCHUTZ, & SCHNEID, P.L, who has been active in the FDCPA case against Plaintiffs, and has been notified of its illegal and unethical activities against Plaintiffs. He has chosen to ignore his responsibilities in rectifying these problems.

56. The Plaintiffs sent a validation letter to MICHELLE BONDER who is a natural person and an attorney at ROBERTSON, ANSCHUTZ, & SCHNEID, P.L, who has been active in the FDCPA case against Plaintiffs, and has been notified of its illegal and unethical activities against Plaintiffs. She has chosen to ignore her responsibilities in rectifying these problems.

57. Defendants U.S BANK; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L and OCWEN  has failed to respond appropriately to the RESPA letter. After Plaintiffs sent a QWR defendants continued to attempt to collect on the defaulted debt. FDCPA states that any disputed debts must cease from collection attempts until the debt is validated. Defendants continued to attempt to collect from Plaintiffs the

alleged debt and as a result Plaintiffs home was foreclosed on because of the illegal collection activities.

58. Defendants CHASE FULFILLMENT CENTER and OCWEN LOAN SERVICING are a debt collectors who made persistent efforts to collect on a defaulted debt by use of the U.S postal service to send mail as well as instrumentality of interstate commerce.

59. Defendants U.S BANK; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L and OCWEN on or about May 24, 2013 filed a final summary judgment in the Palm Beach County Circuit Court which resulted in a writ of execution and Plaintiffs was evicted from their property.

60. Defendant JP MORGAN CHASE BANK under the "Doctrine of Respondent Superior" is liable for the wrongful acts of its subsidiary CHASE FULFILLMENT CENTER.

61. The Plaintiffs may not have made a "clear differentiation" between JP MORGAN CHASE BANK N.A (Respondent Superior) and CHASE FULFILLMENT CENTER (CFC) is a subsidiary of JP MORGAN CHASE BANK. Plaintiffs were made to believe and assumed that they are one in the same because of the similarity in name, being that both having 'CHASE' within their name. Also JP MORGAN CHASE BANK is trying to **confuse** the court and the Plaintiffs by using the name "JP CHASE & CO" in its motions.

62. On or about May 15, 2014 Plaintiffs sent Blank Rome, LLP a debt validation letter to validate the alleged obligation it was attempting to collect on the behalf of its

Principles OCWEN LOAN SERVICING and US BANK. See (Exhibit D Demand

Notice for Debt Validation and certified mail return receipt).

63. On July 17, 2014 OCWEN sent Plaintiffs through mail service a Demand for

Payment letter in an attempt to collect an alleged defaulted debt as evidenced by the

language in the letter. **"This company OCWEN is a debt collector attempting to

collect the debt. Any information obtained will be used for that purpose"** which

is a violation of 15 U.S.C §1692g(b) and using false representation or deceptive

means to collect a debt or obtain information about consumer is a violation of

U.S.C §1692e(10) See Exhibit D  (OCWEN DEMAND FOR PAYMENT)

64. Defendant BLAKE ROME, LLP and THOMAS CIALINO responded to Plaintiffs

validation letter with their own letter dated July 17, 2014 by UPS Express mail. The letter

failed to provide any general accounting ledger, balance statements with Plaintiffs"

personal identifiers" and loan number nor did the letter properly validate  the "alleged" debt

claimed to be owed and it also failed to include the mini-Miranda pursuant to the FAIR

DEBT COLLECTION PRACTICE ACT (FDCPA) which is a violation of 15 U.S.C

§1692g (a),(1),(2),(3),(4),(5) and (b) and using false representation or deceptive

means to collect a debt or obtain information about consumer is a violation of

U.S.C §1692e(10) BLANK ROME, LLP response to Plaintiffs demand letter for

validation. See Exhibit D

**COUNT I**
**VIOLATION OF REAL ESTATE SETTLEMENT**
**PROCEDURES ACT (RESPA), 12 U.S.C. §2605**
**BY DEFENDANT CHASE FULFILLMENT CENTER AND OCWEN**

65. Defendants OCWEN and CHASE FULFILLMENT CENTER "are servicers" of a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2605.

66. Plaintiffs' qualified written requests identified the Plaintiffs as borrowers and a validation of the owner and accurate general accounting ledger, balance statements and correction of Defendants' numerous errors. Plaintiffs ''qualified written requests'' is within the meaning of RESPA.

67. OCWEN LOAN and CHASE FULFILLMENT CENTER deliberately failed to respond in a proper and timely way to Plaintiffs' ''qualified written requests'' for information about, and corrections to, their mortgage account, in violation of 12 U.S.C. §2605(e).

WHEREFORE, Plaintiffs demands judgment against OCWEN LOAN, CHASE FULFILLMENT CENTER for a proper accounting and application of their mortgage payments, jointly and severally for their actual damages, statutory damages, treble and/or punitive damages, and attorney's fees and costs, along with any other and further relief as the court deems just and proper, pursuant to 12 U.S.C. §2605

## COUNT II

### VIOLATION OF FAIR DEBT COLLECTION
### PRACTICES ACT (FDCPA), 15 U.S.C. §1692
**BY DEFENDANTS U.S BANK; CHASE FULFILLMENT CENTER; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L; JAMIE EPSTEIN; JONATHAN MEISELS; MICHELLE BONDER;** BLAKE ROME, LLP and THOMAS CIALINO

68. Plaintiffs is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a (3).

69. Plaintiffs alleged obligation was for money and services for primarily personal, family or household purposes pursuant to 15 U.S.C. §1692a (5).

70. Defendants US BANK; CHASE FULFILLMENT CENTER; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; JAMIE EPSTEIN; JONATHAN MEISELS ; MICHELLE BONDER; BLAKE ROME, LLP and THOMAS CIALINO  are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

71. Defendants  US BANK; CHASE FULFILLMENT CENTER; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; JAMIE EPSTEIN; JONATHAN MEISELS ; MICHELLE BONDER; BLAKE ROME, LLP and THOMAS CIALINO   violated the FAIR (FDCPA). Defendants' violations include, but are not limited to, the following:

(a) Defendant JP MORGAN CHASE BANK  used its agent CHASE FULFILLMENT CENTER to service the mortgage agreement. CHASE FULFILLMENT acted as a debt collector for any creditor in the process of collecting his own debt uses any name other than its own violated 15 U.S.C §1692a (6)(B).

(b) Defendants US BANK; CHASE FULFILLMENT CENTER; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L; JAMIE EPSTEIN; JONATHAN MEISELS; AND MICHELLE BONDER   all failed to validate this debt as demanded by Plaintiffs after being sent multiple validation letters and consistently pursued to take the Plaintiffs property and causing it to be

taken by writ of possession violating 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

(c) Defendants US BANK; CHASE FULFILLMENT CENTER; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; JAMIE EPSTEIN; JONATHAN MEISELS ; MICHELLE BONDER; BLAKE ROME, LLP and THOMAS CIALINO   and its agents listed above falsely characterized the debt when it filed a judgment foreclosure action on August 19, 2009 against the Plaintiffs for $199,295.78 violating 15 U.S.C. §1692e (2) by falsely representing the character, amount, or legal status of any debt.

(d) Defendant OCWEN  LOAN SERVICING LLC falsely characterized a debt when it attempted to collect on May 17, 2012 an amount of $142,356.85 and on July 18, 2014 an amount of $187, 433.40 from Plaintiffs, violating 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt. See Exhibit D

(e) Defendant US BANK; OCWEN , LLC; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; JAMIE EPSTEIN; JONATHAN MEISELS AND MICHELLE BONDER  and its agents listed above falsely characterized the debt when it filed a judgment foreclosure action on August 19, 2009 against the Plaintiffs for $199,295.78. They failed to comply with line 20 of the mortgage and causing the consumer (Plaintiffs) to lose their interest in the property. This is a violation of 15 U.S.C. §1692e (6) of sale or transfer of any interest in the debt which will cause the consumer to lose any claim or defense to payment of the debt.

(f) Defendant CHASE FULFILLMENT CENTER failed to send Plaintiffs validation of the mortgage and subsequently sold the mortgage to OCWEN causing Plaintiffs to lose their interest in Plaintiffs home. This is a violation of 15 U.S.C. §1692e (6) of sale or transfer of any interest in the debt which will cause the consumer to lose any claim or defense to payment of the debt.

(g) Defendants CHASE FULFILLMENT CENTER and OCWEN obtained Plaintiffs credit report and were reporting inaccurate and derogatory information to the credit bureaus and they knew the information was inaccurate  violating 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a debt is disputed.

(h) Defendant US BANK; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L; JAMIE EPSTEIN; JONATHAN MEISELS AND MICHELLE BONDER commenced a foreclosure action against the Plaintiffs when they knew they could not take this action and used it as a deceptive means to obtain the Plaintiffs property from them violating 15 U.S.C. §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(i) Defendants  US BANK;  ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; JAMIE EPSTEIN; JONATHAN MEISELS AND MICHELLE BONDER foreclosed on the Plaintiffs property for $199,295.78 a misrepresentation of the character amount of a debt violating 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, late fee charges, title search fees, attorney

fees or any expenses incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(j) Plaintiffs sent a timely debt validation letter by certified mail return receipt on or about May 15, 2014 disputing the alleged debt claimed to be owed. See Exhibit D (Debt Validation Letter and mailings). Defendant OCWEN ignored Plaintiffs letter for demanding validation of the alleged debt and failed to provide any accounting or proper validation of the alleged debt instead sent a demand letter on July 18, 2014 for payment in the amount of $187,433.40 which is clearly a misrepresentation of the character amount of the alleged debt violating 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, late fee charges, title search, attorney fees or any expenses incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(k) Defendant US BANK; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L; JAMIE EPSTEIN; JONATHAN MEISELS AND MICHELLE BONDER; BLAKE ROME, LLP and THOMAS CIALINO caused a foreclosure action against the Plaintiffs and knowing they were not able to do this because they were not a person of capacity or interest to bring a foreclosure action against the Plaintiffs violating 15 U.S.C. §1692f (6) taken or threatened to unlawfully repossess or disable the consumer's property.

(l) Defendant US BANK; CHASE FULFILLMENT CENTER; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L ; JAMIE EPSTEIN; JONATHAN MEISELS AND MICHELLE BONDER: failed/refused to send

any initial notices of their Debt Collector status and failed to notify the Plaintiffs

of their  rights and remedies they available to them thus violating 15 U.S.C.

§1692g(a),(1),(2), (3), (4), (5) Within five days after the initial communication

with a consumer in connection with the collection of any debt, a debt collector

shall, unless the following information is contained in the initial communication

or the consumer has paid the debt, send the consumer a written notice

containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of

the notice, disputes the validity of the debt, or any portion thereof,

the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing

within the thirty-day period that the debt, or any portion thereof, is

disputed, the debt collector will obtain verification of the debt or a

copy of a judgment against the consumer and a copy of such

verification or judgment will be mailed to the consumer by the debt

collector; and

(5) a statement that, upon the consumer's written request within the thirty-

day period, the debt collector will provide the consumer with the

name and address of the original creditor, if different from the

current creditor.

**(b) Disputed debts**

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(l) Defendant BLANK ROME, LLP and THOMAS CIALINO sent a letter dated July 17, 2014 which failed to state the mini-Miranda thus violating 15 U.S.C. §1692e (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

(m)     Defendant BLANK ROME, LLP and THOMAS CIALINO failed to send any initial

notices of their Debt Collector status and failed to notify the Plaintiffs of their rights and

remedies they may have had available to them thus violating 15 U.S.C. §1692g(a),(1),(2),

(3), (4), (5) Within five days after the initial communication with a consumer in connection

with the collection of any debt, a debt collector shall, unless the following information is

contained in the initial communication or the consumer has paid the debt, send the

consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice,

disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid

by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-

day period that the debt, or any portion thereof, is disputed, the debt collector will obtain

verification of the debt or a copy of a judgment against the consumer and a copy of such

verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the

debt collector will provide the consumer with the name and address of the original creditor,

if different from the current creditor.

(b) **Disputed debts**

If the consumer notifies the debt collector in writing within the thirty-day period described

in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the

consumer requests the name and address of the original creditor, the debt collector shall

cease collection of the debt, or any disputed portion thereof, until the debt collector obtains

verification of the debt or a copy of a judgment, or the name and address of the original

creditor, and a copy of such verification or judgment, or name and address of the original

creditor, is mailed to the consumer by the debt collector. Collection activities and

communications that do not otherwise violate this subchapter may continue during the 30-

day period referred to in subsection (a) unless the consumer has notified the debt collector

in writing that the debt, or any portion of the debt, is disputed or that the consumer requests

the name and address of the original creditor. Any collection activities and communication

during the 30-day period may not overshadow or be inconsistent with the disclosure of the

consumer's right to dispute the debt or request the name and address of the original

creditor.

WHEREFORE, Plaintiffs demands judgment against US BANK; CHASE FULFILLMENT

CENTER; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L; JAMIE EPSTEIN;

JONATHAN MEISELS; MICHELLE BONDER; BLANK ROME LLP and THOMAS

CIALINO jointly and severally for their actual or statutory damages, and punitive damages,

attorney's fees and costs.

### COUNT III
**VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT
(FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANTS US BANK; CHASE
FULFILLMENT CENTER; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID,
P.L; JAMIE EPSTEIN; JONATHAN MEISELS;  MICHELLE BONDER;** BLAKE
ROME, LLP and THOMAS CIALINO

72. Plaintiffs is a consumer within the meaning of the FLA STAT. §559.55(2)

73. Defendants  US BANK; CHASE FULFILLMENT CENTER; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L; JAMIE EPSTEIN; JONATHAN MEISELS AND MICHELLE BONDER; BLANK ROME and THOMAS CIALINO are debt collectors within the meaning of FLA STAT. §559.55(6); §559.55(7);

74. Defendant US BANK; CHASE FULFILLMENT CENTER AND OCWEN; are not authorized to do business in Florida within the meaning of FLA STAT. §559.55(1); § 559.553(4); §559.553(6); §559.553(7); §559.553(8).

75. Defendants US BANK; CHASE FULFILLMENT CENTER AND OCWEN was collecting on a defaulted debt and is in the business of soliciting consumer debts for collection while not registered to do business in Florida violating FLA STAT. §559.553(1); § 559.553(6)

(a) Defendants  BNC MORTGAGE INC.; US BANK; JP MORGAN CHASE BANK; CHASE FULFILLMENT CENTER; AND OCWEN failed to provide notice of assignment in that is in the mortgage and as a result the Plaintiffs property was foreclosed on taken all violating FLA STAT. §559.715. Assignment of consumer debts.--This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment within 30 days after the assignment. The assignee is a real party in interest and may bring an action in a court of competent jurisdiction to collect a debt that has been assigned to such assignee and is in default.

(b) Defendants US BANK; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID, P.L; JAMIE EPSTEIN; JONATHAN MEISELS AND MICHELLE BONDER; participated

in foreclosing on the Plaintiffs property in August of 2009 when they know they were not parties who had capacity or standing to collect on the alleged obligation violating FLA STAT. §559.72(9) claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

(c) On or about February 4, 2010 almost six months after filing its complaint, U.S. BANK entered false and misleading assignment upon the Palm Beach County Clerk of Records by MARSHALL C. WATSON, P.A, (the attorney of record at that time). Plaintiffs never received a notice of this fraudulent assignment pursuant to FL. Stat. 559.72.

(d) Defendant OCWEN sent a letter on June 24, 2013  attempting collecting on a debt  violating FLA STAT. §559.72(9) claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

(e) Defendant BLAKE ROME, LLP; THOMAS CIALINO sent a letter on dated July 17, 2014  attempting collecting on a debt  violating FLA STAT. §559.72(9) claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

(f) Defendant OCWEN sent a letter on June 17, 2014  attempting collecting on a debt  violating FLA STAT. §559.72(9) claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist

WHEREFORE, Plaintiffs demands judgment against BNC MORTGAGE INC.; U.S

BANK; CHASE FULFILLMENT; OCWEN; ROBERTSON, ANSCHUTZ, & SCHNEID,

P.L ; JAMIE EPSTEIN; JONATHAN MEISELS AND MICHELLE BONDER) jointly and

severally for their actual and statutory damages, plus costs and reasonable attorney's fees.

DEMAND FOR JURY TRIAL

Plaintiff's hereby demands a trial by jury of all issues so triable as a matter of law.

VERIFIED CERTIFICATION

We Priscilla Davis and Johnnie M. Hayes have read the forgoing statement and everything

within above are true, and correct to the best of my acknowledge under the circumstance it is not

being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly

increase the cost of litigation; the claims, defenses, and other legal contentions are warranted by

existing law or by a nonfrivolous argument.

Certificate of Service

I certify that to the best of the my knowledge, information, and belief, formed after an inquiry

reasonable under the circumstance it is not being presented for any improper purpose, such as to

harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims, defenses,

and other legal contentions are warranted by existing law or by a nonfrivolous argument for

extending, modifying, or reversing existing law or for establishing new law the factual contentions

have evidentiary support or, if specifically so identified, will likely have evidentiary support after a

reasonable opportunity for further investigation or discovery and the denials of factual contentions

are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a

lack of information and that a true copy hereof has been furnished to all parties listed below by the

method indicated for each party.


JOHNNIE M. HAYES
480 w 35th st
Riviera Beach, Fl 33404

PRISCILLA DAVIS
480 w 35th st
Riviera Beach, Fl 33404


Cc:

COLE, SCOTT & KISSANE
1645 PBL BLVD 2ND FL
WEST PALM BEACH, FL  33401

RIVERO MESTRE LLP
2525 PONCE DE LEON STE#1000
CORAL GABLES, FL  33134

BLANK ROME, LLP
1200 N. FEDERAL HWY STE#312
BOCA RATON, FL  33432