UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:13-CV-80610-KAM

JOHNNIE M. HAYES, PRISCILLA Y.
DAVIS,

       Plaintiffs,

vs.

U.S. BANK NATIONAL ASSOCIATION,
as Trustee for Structured Asset Investment
Loan Trust Mortgage Pass-Through
Certificates Series 2006-2, et al.,

       Defendants,

_____/

## ORDER CLOSING CASE FOR LACK OF JURISDICTION

       This cause is before the Court on several motions.  On June 30, 2014, this Court granted a slate of motions to dismiss filed by several Defendants.  (DE 131 at 9) (granting DEs 69, 73, 74, and 92).  The Court dismissed pro se Plaintiffs' Verified First Amended Complaint altogether; however, the Court gave Plaintiffs "leave to amend their Complaint consistent with this Opinion and Order within **20 days** from the date of this Order."  (DE 131 at 9) (emphasis in original).  An amended complaint was therefore due by July 21, considering that July 20 was a Sunday. See Fed. R. Civ. P. 6(a)(1)(C).  Plaintiffs, without seeking an extension of time, filed their Verified Second Amended Complaint in the Clerk's Office on July 24, 2014.  (DE 137).

       Currently pending is another slate of motions to dismiss.  (DEs 140, 141, 142, 143, 144). Each Defendant argues that dismissal of the Verified Second Amended Complaint is appropriate because Plaintiff filed it outside the 20-day period granted by the Court in its June 30, 2014

Order.  (See, e.g., DE 140 at 4-5).  To this argument, Plaintiffs respond only that they "did properly file" their second amended complaint because the 20-day period was automatically extended for "three days for mailing" and the intermediate July Fourth holiday.  (See, e.g., 157 at 4-5).

On October 15, 2014, Plaintiffs filed a Verified Third Amended Complaint.  (DE 168).  Plaintiffs had neither Defendants' written consent nor this Court's leave to file a third amended complaint.  See Fed. R. Civ. P. 15(a)(2).  Also currently pending is the Plaintiffs' Motion for Leave to Accept the Verified Third Amended Complaint (DE 171), and Defendants' motions to strike the same (DEs 173, 174, 175, 176, 177).

Considering the foregoing circumstances, this Court concludes that, pursuant to Herz Corporation v. Alamo Rent-A-Car, Inc., 16 F.3d 1126 (11th Cir. 1994), this Court's June 30, 2014 Opinion and Order (DE 131) became a final, appealable order on July 21, 2014, and this Court surrendered its jurisdiction over this dispute on that date.

The law of the Eleventh "Circuit is clear that a dismissal with leave to amend becomes final for purposes of appeal at the expiration of the window to amend."  Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc., 572 F. App'x 796, 799 (11th Cir. 2014) (unpublished) (holding that "district court's dismissal of Plaintiff's complaint became final when the fourteen-day window to amend expired").  "In dismissing the complaint, the district court may . . . provide for a stated period within which the plaintiff may amend the complaint."  Schuurman v. Motor Vessel Betty KV, 798 F.2d 442, 445 (11th Cir. 1986).  "[O]nce the court has identified the date upon which the leave to amend expires, that expiration date becomes the date of the final order unless the court grants an extension of time upon consideration of a motion

2

filed before the expiration date has passed." Hertz Corp., 16 F.3d at 1132.  Without an extension

or amendment before the expiration, "the dismissal order becomes a final, appealable order," and

the district court "is powerless to continue to assert jurisdiction over th[e] matter."  Wilson v.

Ariz. Classic Auto, No. 09-80344-CIV, 2010 WL 1655811, at *1 (S.D. Fla. Apr. 23, 2010).

  Hertz involved circumstances similar to the instant case.  There, the district court

dismissed the plaintiff's "case without prejudice and granted [the plaintiff] leave to file an

amended complaint on the condition that it be filed within twenty days."  Hertz Corp., 16 F.3d at

1127 (emphasis added).  On January 2, 1991, the end of the 20-day period, the plaintiff sought

leave to extend the amendment period to January 16, 1991.  Id. at 1132.  Leave was granted;

however, the plaintiff never filed an amended complaint.  Id. at 1128.  Thereafter, the district

court considered several other motions, including a defendant's untimely Rule 59(e) motion to

convert the dismissal to one with prejudice.  Id.

  The Eleventh Circuit reversed the district court's grant of the Rule 59(e) motion,

concluding that the district court lacked jurisdiction because the motion fell outside the time limit

for motions to alter final judgments.  Id. at 1133.  The court reasoned:

> On January 2, 1991, the very day upon which the initial leave to
> amend period would expire, [the plaintiff] sought leave to extend
> its period to amend until January 16.  Absent leave of the court, the
> order of dismissal would have become final on January 2, 1991.
> However, on January 9, the district judge signed an order granting
> [the plaintiff's] motion and extending the time period for filing an
> amended complaint until January 16.  On January 16—no request
> for extension and no amendment having been filed—the dismissal
> order became final, as well as appealable, and the court lost all its
> prejudgment powers to grant any more extensions.

Id. at 1132-33.  Accordingly, the "dismissal without prejudice was therefore entered on January

16"—the date the amendment period expired—and the "trial court surrendered jurisdiction over the dispute" on that date. Id. at 1133.

Based on these principles, this Court is powerless to continue to assert jurisdiction over this matter. On June 30, 2014, this Court granted Plaintiffs leave to amend "within a specific time period." See id. at 1132. Either an amended complaint or motion to extend the amendment period was due on July 21, 2014. Neither being filed, July 21, 2014, became the date of the final, appealable order dismissing Plaintiffs' case. Id. This Court surrendered its jurisdiction on that date. Id. at 1133.

Plaintiffs' argument that their Verified Second Amended Complaint was timely filed in compliance with this Court's order is unavailing. (DE 157 at 4-5). Neither the Court's Order nor Federal Rule of Civil Procedure 6 provides that time periods are automatically extended to provide "days for mailing."[1] Also, Rule 6 is clear that "intermediate . . . legal holidays" are not excluded from computations of time. Fed. R. Civ. P. 6(a)(1)(B).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that this case is **CLOSED** based on a lack of jurisdiction. All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of April, 2015.

_____
KENNETH A. MARRA
United States District Court

---

[1] The provision of the Local Rules that includes a provision for mailing days applies only to memorandums of law filed in response or reply to motions. S.D. Fla. Local R. 7.1(c)(1). It does not serve to tack on addition days to court-ordered deadlines within which to file an amended complaint.